## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LUIS A. LASTRA CALDERÓN** and **YANIRA ROSARIO HUERTAS** | **CIVIL NO**. |
| Plaintiffs | **RE**: Unjustified dismissal, age discrimination, retaliation damages |
| v. | |
| **PRIMEFLIGHT AVIATION SERVICES INC.; FRONTIER AIRLINES, INC.; RODRIGO CALAPAQUI; PAOLA TORES; ASEGURADORAS ABC and XYZ** | |
| Defendants | |

## NOTICE OF REMOVAL

**TO THE HONORABLE COURT**:

      **COMES NOW** Frontier Airlines, Inc. ("Frontier" or the "Company") and Paola Torres ("Torres") (collectively, the "Defendants"), through its undersigned counsel, hereby gives notice of removal of this action from the Puerto Rico Court of First Instance, San Juan Superior Part, where it is pending, to the United States District Court for the District of Puerto Rico.  In support of this Notice of Removal, Defendants state, allege, and pray as follows:

## I.      INTRODUCTION

      Luis A. Lastra Calderón ("Lastra") and Yanira Rosario Huertas ("Rosario") (collectively, "Plaintiffs") filed a Complaint at the Puerto Rico's Court of First Instance, San Juan Superior Part ("CFI"), that is, to put it bluntly, nothing more than an impermissible attempt at forum shopping or, more precisely, "procedural shopping".[1] The Complaint was filed under Law No. 2 of October

---

[1] See, e.g., Rivera-Avilés v. T&D Trading, Inc., No. 15-3021 (JAG), 2016 U.S. Dist. LEXIS 106929, at *11 (D.P.R. Aug. 10, 2016) (referencing forum shopping and its analogous version of "rule-of-evidence shopping" as discussed in

17, 1961, P.R. Laws Ann. tit. 32, §§ 3118, *et. seq.* ("Law No. 2"), Puerto Rico's "Law of Summary Proceedings for Labor Claims". As the name aptly suggests, Law No. 2 provides a procedural mechanism intended to expedite and summarily dispose of certain wage and labor matters, including, under most circumstances, discrimination claims. Notably, and particularly relevant here, said statute mandates for a non-discretionary entry of default judgment if defendant fails to answer the complaint within a severely shortened time, specifically, either ten (10) or fifteen (15) days. See P.R. Laws Ann. tit. 32, § 3120.

Despite Law No. 2's exclusive use within the context of an employer-employee relationship and bootstrapping off conclusory allegations echoing a vague joint-employer theory, the Complaint includes four (4) named defendants. *But only one (1) of them is the actual employer*, two (2) defendants are private persons sued in their individual capacity, and only one (1) of the defendants magically defeats jurisdiction based on diversity of citizenship although they are not an employee of Plaintiff's employer. See 28 U.S.C. §§ 1332, 1441(b). Luckily, however, Congress statutorily provided the legal mechanism to address these forum-shopping tendencies within our federal system—removal of civil actions from State Court to the U.S. District Court. See 28 U.S.C. § 1441. Subsequently, performing its constitutional duty of expounding the law, the Supreme Court developed the doctrine of *fraudulent joinder* to avoid the surreptitious practice of including immaterial parties merely to defeat federal jurisdiction and avoid removal. See Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U.S. 146 (1914).

For over one hundred (100) years, our federal legal system has provided the tools to redress Plaintiffs' sleight of hand. Instead of turning irrelevant or antiquated, the passage of time has more than validated and strengthened the need for these mechanisms to ensure the fairness of our legal

Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co., 843 F.2d 1253, 1259 (9th Cir. 1988) and Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 915 F.2d 7, 14 (1st Cir. 1990)).

system. Therefore, and as further explained below, Defendants is entitled to remove the cause of action filed before the Puerto Rico Court of First Instance, San Juan Superior Part, to the United States District Court for the District of Puerto Rico, pursuant to 28 U.S.C. §§1332 & 1441.

## II.    DISCUSSION

### A.  Procedural Background and Allegations of Complaint

On October 18, 2022, Plaintiffs filed a civil action before the Puerto Rico Court of First Instance, San Juan Superior Part, Civil Number SJ2022CV09136, captioned "Luis A. Lastra et al. v. Primeflight Aviation Services et al.". Therein, Plaintiffs include causes of action under Puerto Rico statutes exclusively, alleging unjust dismissal, age discrimination, retaliation, and general tort damages.[2] The Complaint was filed under the summary proceeding of Law No. 2, a statute providing for a special procedural mechanism to address and resolve certain wage and labor matters. In addition to the shortened time to answer the Complaint and default judgment for failure to answer, mentioned above, the statute also severely limits the ability of defendant in obtaining *any* extension of time to file an answer to the complaint. See 32 L.P.R.A § 3120. Additional restrictions include an extremely limited discovery, substantive constraints on appellate review, and shorter windows of time to file for review. See id.[3]

Although filed under the summary proceedings of Law No. 2, specifically enacted to provide an expedited procedure *for employment claims*, the Complaint includes *defendants that are extraneous to the employment relationship between Lastra and co-defendant Primeflight*. Among them, Torres, the only defendant who resides in Puerto Rico and, pursuant to statutory language, would, in theory, defeat diversity for removal purposes. See 28 U.S.C. §§ 1332; 1441(b).

---

[2] Pursuant to 28 U.S.C. § 1446(a), **Exhibit A** is a certified translation of the Complaint and services of process on all four (4) defendants.
[3] see, also, Arends v. Eurobank & Tr. Co., 146 F.R.D. 42, 45 n.8 (D.P.R. 1993); Medina Nazario v. Healthcare LLC, 194 D.P.R. 723 (2016).

The Complaint levies two causes of action against Torres, one from Lastra under Puerto Rico's general anti-discrimination statute,[4] and co-plaintiff Rosario's contingent claim, as Lastras' alleged wife, under Puerto Rico's general tort statute.[5] See **Exhibit A**. However, as will be further explained below, Puerto Rico's general anti-discrimination statute, Law No. 100, does *not* provide for individual liability under the allegations contained in the Complaint. Accordingly, as a matter of law, Lastra's claim against Torres fails; since Rosario's claim is contingent upon Lastra's claim, then both should be dismissed for failure to state a claim upon which relief can be granted. Thus, both claims raised against Torres are not only insubstantial but, also, legally unfounded. As if that were not enough, we submit that the entire Complaint fails to state a claim upon which relief can be granted against Defendants.

Unfortunately for Frontier and Torres, Plaintiffs' carefully orchestrated strategy bore substantial fruits. After purportedly being served with process on October 25, 2022, Frontier and Torres were unable to file a timely answer to the Complaint by November 9, 2022, and on November 10, 2022, Plaintiffs sought an entry of default judgment against them, and the Court entered said judgment on November 15, 2022. See **Exhibit B**. It is extremely important to note that Law No. 2 does not apply to individual plaintiffs, that is, persons sued in their individual capacity, and Defendants' position is that the CFI committed a clear error entering default judgment against entities *that are not Plaintiffs' employers*. Moreover, co-defendants Primeflight and Calapaqui have affirmatively alleged that the *Defendants appearing here are not Plaintiffs' employer*, and that the use of Law No. 2's summary proceedings and the entry of default judgment against non-employers is wholly inapposite. See **Exhibit C**.

---

[4] Law No. 100 of June 30, 2959, as amended, P.R. Laws Ann. tit. 29, §§ 149 *et seq.* ("Law No. 100").
[5] Law No. 55 of June 1, 2020, as amended, known as Puerto Rico's New Civil Code of 2020. ("Civil Code") P.R. Laws Ann. tit. 31, § 10801.

Therefore, pursuant to First Circuit case law, the doctrine of "*fraudulent joinder*" applies and is binding. See Universal Truck & Equip. Co. v. Southworth-Milton, Inc., 765 F.3d 103, 107-10 (1st Cir. 2014); Dickey v. United States Bank Tr., N.A., No. 20-1866, 2021 U.S. App. LEXIS 39778, at *1-3 (1st Cir. Nov. 1, 2021); Sea World, LLC v. Seafarers, Inc., 191 F. Supp. 3d 167, 170-73 (D.P.R. 2016). Torres' inclusion as a named defendant constitutes nothing more than a *fraudulent joinder* used to defeat diversity of citizenship to avoid federal courts from exercising jurisdiction over the above-captioned case. As such, this Honorable Court should not condone Plaintiffs' sly maneuvering and must exercise jurisdiction over this matter.

**B.  Removal based on Diversity of Citizenship Jurisdiction.**

Federal courts have original jurisdiction under 28 U.S.C. §1332(a)(1), and this case may be removed pursuant to 28 U.S.C. §1441(a) because it is a civil action in which the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and is between "citizens of different States." See Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 877 (1st Cir. 1983) (finding that a party fraudulently joined is disregarded in determining diversity of citizenship). As set forth below, this case meets all of Section 1441's requirements for removal, pursuant to the doctrine of *fraudulent joinder*, and is timely and properly removed by the mere filing of Notice.

Under 28 U.S.C. §1446(b), the notice of removal of a civil action must be filed within thirty (30) days after service of process. See 28 U.S.C. §1446(b); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint). In this case, the summons and complaint in the State court case were served on Defendants, on October 25, 2022. See **Exhibit A** at 5-8. Therefore, this removal is timely.

To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Domicile is "the place where [one] has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Rodríguez-Díaz v. Sierra-Martínez, 853 F.2d 1027, 1029 (1st Cir. 1988) (internal quotation marks omitted). See also Hearts With Haiti, Inc. v. Kendrick, 856 F.3d 1, 2 (1st Cir. 2017). In the Complaint, Plaintiffs allege that they reside in San Juan, Puerto Rico. See **Exhibit A**, *Complaint* at ¶¶ 1&3. Accordingly, based on their allegations, Plaintiffs are residents of Puerto Rico.

In determining diversity jurisdiction, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1). A corporation is deemed a citizen of its state of incorporation and the state or foreign state where it has its principal place of business. See id. A corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.*, its "nerve center," which "will typically be found at a corporation's headquarters." Hertz Corp. v. Friend, 559 U.S. 77, 80-81 (2010). A corporation's "nerve center" or "principal place of business" is a single place, regardless of how many places the corporation conducts business in. Id. Frontier Airlines Inc., as the Complaint correctly alleges, is incorporated in the State of Colorado with its principal place of business in Denver, Colorado. See **Exhibit D**, *Certificate of Authorization to do Business of a Foreign Corporation*. Accordingly, its place of residence is Colorado, not Puerto Rico. See 28 USC §1332(c)(1). Similarly, co-defendant Primeflight is alleged to be incorporated in Delaware, see **Exhibit A**, *Complaint* at ¶ 4, and, based on available records, said company is domiciled in Texas, see **Exhibit E** *Certificate of Authorization to do Business of a Foreign Corporation*, while co-defendant Calapaqui is alleged

to reside in New York. See **Exhibit A**, *Complaint* at ¶ 4. Consequently, the only Puerto Rico residents are Plaintiffs and co-defendant Torres, see **Exhibit A**, *Complaint* at ¶ 9, whose naming as a defendant would then, pursuant to statutory language, likely defeat diversity jurisdiction for removal purposes. See 28 U.S.C. § 1441(b).

Turning to the amount in question requirement of diversity jurisdiction, when the monetary demand by the plaintiff is stated in the complaint, the defendant can rely upon that assertion to meet the monetary jurisdictional requirement. See 28 U.S.C. § 1446(c)(2).  Accordingly, and notwithstanding Defendants' defenses, they can remove based upon the dollar amount in the Complaint. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938). Here, Plaintiff Lastra's claims amount to one million dollars ($1,000,000) in damages, while his wife's contingent claims are conveniently estimated at "no less than $75,000." See **Exhibit A**, *Complaint* at ¶¶ 36, 40 and 51.  Since "'[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal,'" Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. at 288-89), and the pleadings allege the jurisdictional amount, then, the jurisdictional amount requirement is also fulfilled.

Lastly, co-defendants Primeflight and Calapaqui have consented to the removal of this civil action. Therefore, with the exception of Torres' citizenship, all jurisdictional requirements are met for this Honorable Court to exercise diversity jurisdiction. Despite the apparent jurisdictional bar as to Torres, Defendants submit that the exercise of jurisdiction is proper under the doctrine of "fraudulent joinder". See Chesapeake & O. R. Co. v. Cockrell, 232 U.S. 146, 152, 34 S. Ct. 278, 58 L. Ed. 544 (1914).

**C. Fraudulent Joinder and the Requisite Analysis under 12(b)(6).**

As explained above, the only barrier to federal jurisdiction is the fact that Torres is a named

defendant. However, more than one hundred (100) years ago, the Supreme Court explicitly stated:

> "A civil case, at law or in equity, presenting a controversy between citizens
> of different states, and involving the requisite jurisdictional amount, is one which
> may be removed by the defendant, if not a resident of the state in which the case is
> brought; and this right of removal cannot be defeated by a fraudulent joinder of a
> resident defendant having no real connection with the controversy."

Chesapeake & O. R. Co. v. Cockrell, 232 U.S. 146, 152, 34 S. Ct. 278, 58 L. Ed. 544 (1914). This

is known as the doctrine of "fraudulent joinder". Universal Truck & Equip. Co. v. Southworth-

Milton, Inc., 765 F.3d 103, 108 (1st Cir. 2014).

The Court of Appeals for the First Circuit has explained that

> it is generally recognized that, under the doctrine of fraudulent joinder,
> removal is not defeated by the joinder of a non-diverse defendant where there is no
> reasonable possibility that the state's highest court would find that the complaint
> states a cause of action upon which relief may be granted against the non-diverse
> defendant.

Universal Truck & Equip. Co. v. Southworth-Milton, Inc., 765 F.3d 103, 110 (1st Cir. 2014)

(citing Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir.1992). "When assessing a plaintiff's

ability to establish a cause of action against the non-diverse party in state court," sister courts

within this district and within this circuit "'typically conduct[] a [Rule] 12(b)(6)-type analysis,

looking initially at the allegations of the complaint to determine whether, under state law, the

complaint states a claim against the in-state defendant.'" Sea World, LLC v. Seafarers, Inc., 191

F. Supp. 3d 167, 172 (D.P.R. 2016) (quoting Geva Eng'g Grp., Corp. v. Furmanite Am., Inc., 844

F. Supp. 2d 225, 229 (D.P.R. 2012); see, also, Dickey v. United States Bank Tr., N.A., No. 20-

1866, 2021 U.S. App. LEXIS 39778, at *1-3 (1st Cir. Nov. 1, 2021). Accordingly, federal courts

must determine whether the non-diverse party has stated a claim upon which relief can be granted which, in turn, requires federal courts to decide questions of state law.

More specifically, "[w]hen reviewing a fraudulent joinder claim, however, 'the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. . . . [but] in its review of a fraudulent-joinder claim, the court has no responsibility to definitively settle the ambiguous question of state law." Air-Con, Inc. v. Daikin Applied Latin Am. LLC, No. 15-2683 (GAG), 2016 U.S. Dist. LEXIS 128863, at *5-8 (D.P.R. Sep. 19, 2016) (quoting Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 809 (8th Cir. 2003)). That is, there is no need for there to be 'legal certainty', as is required regarding the jurisdictional amount, for example, but only a "reasonable basis" for predicting state law without a need to definitively settle any possibly ambiguous state law matter. See id.

Under the circumstances present here, as well as when federal courts *must* definitively resolve matters of state law, the task requires federal courts to look at decisions from the State's highest court and/or the lower state courts if they may provide insight into how the highest court would decide. Specifically, in Commissioner of Internal Revenue v. Bosch, the Supreme Court held that a "State's highest court is the best authority on its own law," but when there are no decisions available, federal courts should consider lower state courts decisions and should apply them if they believe the highest court would affirm the lower court. See 387 U.S. 456, 465 (1967) (quoted in ERWIN CHEMERINSKY, FEDERAL JURISDICTION 364 (2016)). Accordingly, this Honorable Court should look at state court decisions, not to definitively resolve the matter, but only to establish a reasonable basis to predict the possibility of imposing liability or not upon the defendant fraudulently joined. Based on the judicial interpretation of the relevant

statutes like Law No. 100 made by Puerto Rico's highest court, Defendants here submit, and sister courts in this district have held, that the allegations raised against Torres do not establish the possibility of imposing liability upon her. See González-Santiago v. Baxter Healthcare S.A., No. 16-2929 (PAD), 2021 U.S. Dist. LEXIS 61512, at *94-98 (D.P.R. Mar. 29, 2021); Villamía v. MVP Auto Corp., 433 F. Supp. 3d 261, 269-272 (D.P.R. 2020). Therefore, said claim is insubstantial and legally unfounded.

### 1. Applicable standard under Iqbal and Twombly[6]

In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court "analyzes the complaint in a two-step process under the current context-based 'plausibility' standard established by the Supreme Court." See Rivera v. Marriott International, Inc., Civil No. 19-1894 (GAG), 2020 WL 1933968, at *2 (D.P.R. April 22, 2020) (citing Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir.2012) (internal citations omitted). At the first step, the Court must "'isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements.'" Id. (quoting Schatz, 669 F.3d at 55). Although a complaint need not necessarily provide detailed factual allegations, "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009)). Indeed, "[t]he [plausibility standard] is intended to screen out claims in which the factual allegations of the complaint are too scanty or too vague to render the claims plausible." Ríos-Campbell v. U.S. Department of Commerce, 927 F.3d 21, 25 (1st Cir. 2019) (citing Atieh v. Riordan, 727 F.3d 73, 76 (1st Cir. 2013)). At the second step, the court must "'take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable

---

[6] See Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

inferences in the pleader's favor, and see if they plausibly narrate a claim for relief.'" <u>Id.</u> (quoting <u>Schatz</u>, 669 F.3d at 55). The plausibility standard requires more than the mere possibility of an occurrence, and "gauging a pleaded situation's plausibility is a context-specific job that compels the court to draw on its judicial experience and common sense." <u>Id.</u> (citing <u>Schatz</u>, 669 F.3d at 55). It "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" <u>Id.</u> (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007)).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" <u>Id.</u> (quoting <u>Iqbal</u>, 556 U.S. at 679) (quoting Fed. R. Civ. P. 8(a)(2)). To establish the facial plausibility of a claim, the well-pled factual content must "'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" <u>Id.</u> (quoting <u>Ocasio-Hernández v. Fortuño-Burset</u>, 640 F.3d 1, 12 (1st Cir. 2011) (quoting <u>Iqbal</u>, 556 U.S. at 678)). "'A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action.'" <u>Velázquez–Ortiz v. Negrón–Fernández</u>, 174 F. Supp. 3d 653, 660 (D.P.R. 2016) (quoting <u>Ocasio–Hernandez v. Fortuño–Burset</u>, 640 F.3d 1, 12 (1st Cir.2011)).

Plaintiff must not only aver sufficient well-pled facts to satisfy the plausibility standard, but the well-pled facts must not represent an insurmountable bar or insuperable barrier to recovery. <u>See</u> Brian S. Clarke, *Grossly Restricted Pleading: Twombly/Iqbal, Gross, and Cannibalistic Facts in Compound Employment Discrimination Claims*, 2010 Utah L. Rev. 1101 (2010) (citations omitted). Specifically, several sister circuits have held that complaints may be self-defeating, and require dismissal, when the facts alleged show that plaintiffs have no valid claim. <u>Id.</u> (citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1357, 2d ed. 1990,

at p. 351).[7] This position is in line with First Circuit precedent which recognizes that "[t]he critical question is whether the claim, viewed holistically, is made plausible by 'the cumulative effect of the factual allegations' contained in the complaint." <u>A.G. ex rel. Maddox v. Elsevier, Inc.</u>, 732 F.3d 77, 82 (1st Cir. 2013) (quoting <u>Ocasio–Hernández v. Fortuño–Burset</u>, 640 F.3d 1, 14 (1st Cir. 2011)).

    2.   *There is no individual liability under Law No. 100.*

Plaintiff Lastra alleges he was discriminated because of his age, which is a protected category under Law No. 100. Specifically, the Complaint includes allegation of a demotion and, later, termination.[8] <u>See</u> **Exhibit A**, *Complaint* at ¶¶ 26, 29, 20, 35. "Puerto Rico Law 100, like the ADEA, provides a cause of action in favor of those persons who suffer discrimination in their

---

[7] The Seventh Circuit has the most established case law on this matter, though it is not alone:

> **Error! Main Document Only.**The Second, Sixth, Eighth, Ninth, and D.C. Circuits have followed the Seventh Circuit's lead on this issue and held, even pre-Twombly, that the facts pleaded by a plaintiff can defeat his claims. See <u>Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP</u>, 322 F.3d 147, 167 (2d Cir. 2003) (holding that the facts pleaded by the plaintiff necessarily defeated the claim); <u>Hensley Mfg. v. ProPride, Inc.</u>, 579 F.3d 603, 613 (6th Cir. 2009) (holding that the facts pleaded in the plaintiff's complaint defeated its claim as a matter of law and that plaintiff's speculation to the contrary was insufficient under Twombly); <u>Romine v. Acxiom Corp.</u>, 296 F.3d 701, 706 (8th Cir. 2002) (noting that a plaintiff who offers specific facts in her complaint can plead herself out of court); <u>Wright v. Or. Metallurgical Corp.</u>, 360 F.3d 1090, 1098 (9th Cir. Or. 2004); <u>Trudeau v. FTC</u>, 456 F.3d 178, 193 (D.C. Cir. 2006) (noting that it "is possible for a plaintiff to plead too much: that is, to plead himself out of court by alleging facts that render success on the merits impossible" (internal quotation marks omitted)); <u>Browning v. Clinton</u>, 292 F.3d 235, 242 (D.C. Cir. 2002) ("Rule 12(b)(6) dismissal is appropriate where the allegations contradict the claim asserted.").

Clarke, *supra*, at 1116 n. 99 (compiling cases).

[8] The Complaint does not include any explicit allegations of hostile work environment, and Defendants position is that no such claim is alleged. However, the Complaint does include some vague allegations that Plaintiff Lastra was supposedly excluded from meetings between his employer and his employer's client, Torres/Frontier, or that the materials/personnel his employer allegedly denied him were part of a conspiratorial scheme "to have him look bad." <u>See</u> **Exhibit A** at ¶ 25. Not only are these vague allegations insufficient to establish the high bar for properly alleging a valid hostile work environment claim, <u>see</u> <u>Rivera-Rivera v. Medina & Medina, Inc.</u>, 898 F.3d 77, 91 (1st Cir. 2018) ("In order to prove a hostile work environment claim, a plaintiff [] must provide sufficient evidence from which a reasonable factfinder could determine that the workplace was 'permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the conditions of . . . [her] employment and create an abusive working environment.'") (quoting <u>Quiles-Quiles v. Henderson</u>, 439 F.3d 1, 7 (1st Cir. 2006)), *the Complaint definitely does not do so as to Torres*.

employment because of their age." Villamía v. MVP Auto Corp., 433 F. Supp. 3d 261, 269-270 (D.P.R. 2020) (quoting Alvarez-Fonseca v. Pepsi Cola of P.R. Bottling Co., 152 F.3d 17, 27 (1st Cir. 1998)). Pursuant to Law No. 100, "[a]ny employer who . . . discriminates against an employee regarding his/her . . . terms, rank, conditions or privileges of his/her job, . . . or who limits or classifies his/her employees in any way which tends to deprive a person of employment opportunities, or that affects his/her employee status because of his/her age." P.R. Laws Ann. tit. 29, § 146 (quoted in Villamía v. MVP Auto Corp., 433 F. Supp. 3d 261, 270 (D.P.R. 2020)). Further, Law No. 100 defines the term "employer" as "any natural or juridical person employing laborers, workers or employees, and the chief, official, manager, officer, managing partner, administrator, superintendent, foreman, overseer, agent or representative of such natural or juridical person." Id. § 151(2) 146 (quoted in Villamía v. MVP Auto Corp., 433 F. Supp. 3d 261, 270 (D.P.R. 2020)). However, through judicial interpretation, the Supreme Court of Puerto Rico has developed a more nuanced application of individual liability depending on the type of alleged conduct. Specifically, in Caballer-Rivera v. Adriel Toyota, 200 D.P.R. 120 (2018), Puerto Rico's highest Court distinguished previous case law pertaining to sexual harassment from other types of conduct more in line with "prohibitions 'refer[ring] to duties that correspond to the employer or to acts that can only be committed by him.'" Villamía, at 272 (D.P.R. 2020) (citing to official translation of Caballer-Rivera at Docket No. 31, Ex. 3 at p. 5 of Villamía). That is, although Law No. 100 may provide for individual liability under certain circumstances, *such as when the individual defendant was, in fact, the harasser*, which is not the case for other adverse employment actions such as a demotion or a dismissal, which are acts that only the *employer* can perform. See id.

Very recently, another sister Court within this district also adopted the same analysis. See González-Santiago v. Baxter Healthcare S.A., No. 16-2929 (PAD), 2021 U.S. Dist. LEXIS 61512 (D.P.R. Mar. 29, 2021). After again reviewing Puerto Rico's jurisprudence on the subject, and after referencing Villamía's analysis, the Court concluded that, "in general, except for acts of harassment, liability under Law 100 only attaches to the employing entity itself, which in turn must respond for the acts and omissions of its agents and supervisors." Id. at *97-98. Accordingly, there is *more* than a reasonable basis to hold that there is no individual liability under Law No. 100 if the alleged adverse employment actions are those exclusively reserved for employers, such as demotions or dismissals, as opposed to when the proscribed conduct is alleged harassment. These highly persuasive district court opinions carefully assessed the judicial development at Puerto Rico's highest court, and correctly concluded that individual liability attaches depending, exclusively, on the alleged adverse employment actions. Under Law No. 100, a supervisor, in their individual capacity, may not be liable for terminating or demoting an employee but may, on the other hand, be liable for sexually harassing said employee.

    *3.  Contingent claims must be dismissed.*

As we mentioned above, the Complaint contains only two causes of action against Torres: (1) A direct cause of action for individual liability for purported age discrimination under Law No. 100 for Plaintiff Lastra's demotion and/or termination, and (2) Plaintiff Rosario's damages claim under Puerto Rico's general tort statute. The latter, however, and pursuant to Puerto Rico law as recognized by the Court of Appeals for the First Circuit, is contingent upon Plaintiff Lastra's discrimination claim, her husband. See Gonzalez Figueroa v. J.C. Penney P.R., Inc., 568 F.3d 313 (1st Cir. 2009). That is, when a relative files a derivative action premised on the discriminatory

14

acts experienced by the main Plaintiff, said derivative action depends on the validity of the main

causes of action. The Court of Appeals for the First Circuit explained the above as follows:

> In that configuration, a relative's cause of action is 'contingent' in the sense that, when and if the principal plaintiff's claim fails, so too does the relative's derivative claim. This makes perfect sense; in a joint suit, the failure of the principal plaintiff to prove a discriminatory act necessarily estops the relative from proving the 'wrongful conduct' element of her derivative action. . . . Federal courts in this circuit have charted a similar course, dismissing relatives' simultaneously filed derivative claims as an inevitable concomitant of the merits-based dismissal of the principal plaintiff's discrimination claim.

Gonzalez Figueroa, 568 F.3d at 320. Therefore, if the principal plaintiff's claim fails, as

does Lastra's claim here, so too does co-plaintiff's contingent and derivative claim, just as

Huerta's contingent claim.

**D. Co-defendant Torres was fraudulently joined to defeat diversity and gain an unfair advantage through Puerto Rico's Law No. 2's expedited procedural mechanism.**

Although removal of civil actions under diversity of citizenship jurisdiction requires that

no defendant be "a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2), *a*

*fraudulently joined party's citizenship is disregarded in determining diversity of citizenship*. See

Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 877 (1st Cir. 1983). Defendants submit that

co-defendant Torres was fraudulently joined. More specifically, the Complaint does not establish

a single viable claim against Torres and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, said claims should be dismissed for failure to state a claim upon which relief can be

granted. See Fed. R. Civ. P. 12(b)(6); Dickey v. United States Bank Tr., N.A., No. 20-1866, 2021

U.S. App. LEXIS 39778, at *1-3 (1st Cir. Nov. 1, 2021); Sea World, LLC v. Seafarers, Inc., 191

F. Supp. 3d 167, 172 (D.P.R. 2016). For example, even considering the conclusory allegations that

merely parrot elements of the relevant causes of action, Torres is still not individually liable

because the alleged adverse employment actions, demotion and dismissal, could only be performed

by Lastra's employer. Consequently, Plaintiff Rosario's contingent claim that Torres' alleged discrimination caused Rosario's damages under Puerto Rico's general tort statute fails as a matter of law *because there was no initial/original discriminatory act directed at Lastra from Torres that could cause the damages alleged in the Complaint*. See <u>Gonzalez Figueroa</u>, 568 F.3d at 320.

Based on the foregoing, Defendants are entitled to remove the causes of action filed before the Puerto Rico Court of First Instance, San Juan Superior Part, to the United States District Court for the District of Puerto Rico, pursuant to 28 U.S.C. §§1332, 1441. The filing of this notice is sufficient for this Honorable Court to exercise jurisdiction over this matter.

### III.    CONCLUSION

To recapitulate, the legislative and judicial branches have taken affirmative steps to curb the cunning maneuverings exemplified here in the Complaint. That is, the law affirmatively provides for the mechanisms for out-of-state defendants to ensure a fair and transparent judicial process in the federal courts through the removal process of section 1441, including when diversity of citizenship is the asserted basis for federal jurisdiction. See 28 U.S.C. §§ 1332, 1441, 1446. Moreover, the doctrine of *fraudulent joinder* provides a specifically dedicated tool for defendants to invoke federal jurisdiction when plaintiffs unfairly attempt to avoid it.

Torres had no place in the Complaint. The claims asserted against Torres are not only insubstantial, but completely unfounded in law and fact. Based on the pleadings, the Complaint fails to state a claim upon which relief can be granted against Torres. Accordingly, her citizenship can be disregarded, and this Honorable Court may enforce jurisdiction. Not only does the law provide for removal in cases like these, but our federal system and the equitable fairness that underscores said system requires that this Court exercise jurisdiction.

16

WHEREFORE, pursuant to 28 U.S.C. 1332, 1441, defendants Frontier and Torres hereby give Notice of Removal to the above captioned case to this Honorable Court and requests that the causes of action filed before the Puerto Rico Court of First Instance, San Juan Superior Part, for alleged unjustified dismissal, discrimination, retaliation and damages, under Civil Number SJ2022CV09136, proceed before this Court as an action properly removed.

Respectfully submitted.

In San Juan, Puerto Rico, this 23rd day of November 2022.

WE HEREBY CERTIFY that on, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties through the CM/ECF system. Parties may access this filing through the Court's system.

**SCHUSTER LLC**
Attorneys for Defendants
PO Box 363128
San Juan, Puerto Rico 00936-3128
Telephone: (787) 765-4646
Telefax: (787) 765-4611

s/Anabel Rodríguez-Alonso
Anabel Rodríguez-Alonso
USDC PR No. 212509
arodriguez@salawpr.com


s/Daniel Limés-Rodriguez
Daniel Limés-Rodríguez
USDC PR No. 307505
dlimes@salawpr.com

17