# COMMONWEALTH OF PUERTO RICO
# COURT OF FIRST INSTANCE
# SAN JUAN JUDICIAL CENTER
# SUPERIOR PART

| | |
|---|---|
| LUIS A. LASTRA CALDERÓN and YANIRA ROSARIO HUERTAS<br><br>Plaintiffs<br><br>v.<br><br>PRIMEFLIGHT AVIATION SERVICES, INC.; FRONTIER AIRLINES, INC.; RODRIGO CALAPAQUI; PAOLA TORRES; INSURANCE COMPANIES ABC and XYZ<br><br>Defendants | Civil No. *SJ2022CV09136*<br><br>*908*<br><br>Matter: Unjustified termination, age discrimination, retaliation, damages<br><br>(Summary Procedure – Law No. 2) |

## SUMMONS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | | RECEIVED CLERK'S OFFICE |
| THE PRESIDENT OF THE UNITED STATES ) SS. | | SAN JUAN J.C. |
| THE COMMONWEALTH OF PUERTO RICO ) | | 2022 OCT 25 [ *time illegible* ] |

To: PRIMEFLIGHT AVIATION SERVICES, INC.
c/o Resident Agent – Cogency Global, Inc.
Agustin Stahl, Road 174 A-10
Bayamón, P.R. 00956

That is, the party mentioned above:

You are hereby notified, with copy of the complaint, of the claim filed against you under Law 2 of October 17, 1961, as amended, warning you that you must file your responsive pleading through the Unified Case Management and Administration System (SUMAC), to which you can access using the following email address https://unired.ramajudicial.pr, unless you are appearing pro se, in which case you must file your responsive pleading at the Court Clerk's office; with proof of having served a copy of the same to Plaintiff's attorney, Jessica A. Figueroa Arce, 300 La Sierra Ave. #135, San Juan, P.R. 00926; jessica@figueroalc.com; 787-630-9687; within ten (10) days after this notice, if the same was made in the judicial district where the action was filed or within fifteen (15) days in the other cases. You are also warned that, if you do not do so, judgment against you will be issued granting the requested remedy, without further summoning you or hearing from you.

ISSUED UNDER MY SIGNATURE and the Court's stamp, today Oct. 19, 2022.

Griselda Rodríguez Collazo
Regional Clerk
SECRETARY

Awilda Calderón Rodríguez
Auxiliary Clerk
[*illegible initials*]

Stamp of the Commonwealth of Puerto Rico
General Courts of Justice
Court of First Instance
San Juan Superior Part

[*illegible initials*]
K089                                                                   BY:

SUB-SECRETARY

---

I, Andrés C. Gorbea-Del Valle, authorized by Rule 5(c)(2) of the Local Rules of the United States District Court for the District of Puerto Rico, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

*[signature: Andrés C. Gorbea del Valle]*

**SERVICE BY PARTICULAR PERSON**

I, Carlos J. [ *illegible* ] Rivera, previously sworn, DECLARE:

    That my name is as previously stated, I am of legal age, I know how to read and write, I am not an attorney in this matter nor a party in this action, and I also have no interest in it.

    That I received this summons on October 21, 2022, serving it personally on Prime Flight Aviation Services, Inc. c/o its Account Manager Gustavo García, that is, the party mentioned in said Summons, on October 21, 2022 at 3:41 in the afternoon, at Terminal B of LMM Airport in Carolina, Puerto Rico personally delivering a copy of the Complaint and the Summons, on the back of which I stated, below my signature, the date and place of its service and notice.

                                        [ *illegible signature* ]
                                        PROCESS SERVER

Affidavit No. _____

    Sworn and issued before me by Carlos J. [ *illegible* ] Rivera, of legal age, property owner, married/single, and resident of Carolina, Puerto Rico, whom I have identified via his driver's license number <u>lic. 1218112</u> issued by the Commonwealth of Puerto Rico.

    In San Juan, Puerto Rico, today 25 of October, 2022.

Stamp of the Commonwealth of Puerto Rico
   General Courts of Justice
    Court of First Instance
    San Juan Superior Part
        [*illegible initials*]
        K157

GRISELDA RODRIGUEZ [ *illegible* ]

[ *illegible* ] López – Auxiliary Clerk
   s/ [ *illegible* ] López

25 OCT 2022

2

I, Andrés C. Gorbea-Del Valle, authorized by Rule 5(c)(2) of the Local Rules of the United States District Court for the District of Puerto Rico, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

*Andrés C. Gorbea del Valle*

# COMMONWEALTH OF PUERTO RICO
# COURT OF FIRST INSTANCE
# SAN JUAN JUDICIAL CENTER
# SUPERIOR PART

| | |
|---|---|
| LUIS A. LASTRA CALDERÓN and YANIRA ROSARIO HUERTAS | Civil No. *SJ2022CV09136* |
| Plaintiffs | *908* |
| v. | |
| PRIMEFLIGHT AVIATION SERVICES, INC.; FRONTIER AIRLINES, INC.; RODRIGO CALAPAQUI; PAOLA TORRES; INSURANCE COMPANIES ABC and XYZ | Matter: Unjustified termination, age discrimination, retaliation, damages (Summary Procedure – Law No. 2) |
| Defendants | |

## SUMMONS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | RECEIVED CLERK'S OFFICE |
| THE PRESIDENT OF THE UNITED STATES | ) SS. | SAN JUAN J.C. |
| THE COMMONWEALTH OF PUERTO RICO | ) | 2022 OCT 25 [ *time illegible* ] |

To: RODRIGO CALAPAQUI
      Regional VP Primeflight
      New York, USA

That is, the party mentioned above:

You are hereby notified, with copy of the complaint, of the claim filed against you under Law 2 of October 17, 1961, as amended, warning you that you must file your responsive pleading through the Unified Case Management and Administration System (SUMAC), to which you can access using the following email address https://unired.ramajudicial.pr, unless you are appearing pro se, in which case you must file your responsive pleading at the Court Clerk's office; with proof of having served a copy of the same to Plaintiff's attorney, Jessica A. Figueroa Arce, 300 La Sierra Ave. #135, San Juan, P.R. 00926; jessica@figueroalc.com; 787-630-9687; within ten (10) days after this notice, if the same was made in the judicial district where the action was filed or within fifteen (15) days in the other cases. You are also warned that, if you do not do so, judgment against you will be issued granting the requested remedy, without further summoning you or hearing from you.

    ISSUED UNDER MY SIGNATURE and the Court's stamp, today Oct. 19, 2022.

                                                      Griselda Rodríguez Collazo
                                                             Regional Clerk
                                          SECRETARY

Stamp of the Commonwealth of Puerto Rico                     Awilda Calderón Rodríguez
    General Courts of Justice                                                   Auxiliary Clerk
     Court of First Instance                                                     [*illegible initials*]
    San Juan Superior Part
                     [*illegible initials*]
                     K089                                             BY:

                                                                               SUB-SECRETARY

I, Andrés C. Gorbea-Del Valle, authorized by Rule 5(c)(2) of the Local Rules of the United States District Court for the District of Puerto Rico, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

*[signature: Andrés C. Gorbea del Valle]*

## SERVICE BY PARTICULAR PERSON

I, Carlos J. [ *illegible* ] Rivera, previously sworn, DECLARE:

    That my name is as previously stated, I am of legal age, I know how to read and write, I am not an attorney in this matter nor a party in this action, and I also have no interest in it.

    That I received this summons on October 21, 2022, serving it personally on Mr. Rodrigo Calapaqui c/o its Manager [ *illegible* ], that is, the party mentioned in said Summons, on October 21, 2022 at 3:05 in the afternoon, at Terminal B of LMM Airport in Carolina, Puerto Rico personally delivering a copy of the Complaint and the Summons, on the back of which I stated, below my signature, the date and place of its service and notice.

                                           [ *illegible signature* ]
                                             PROCESS SERVER

Affidavit No. _____

    Sworn and issued before me by Carlos J. [ *illegible* ] Rivera, of legal age, property owner, married/single, and resident of Carolina, Puerto Rico, whom I have identified via his driver's license number <u>lic. 1218112</u> issued by the Commonwealth of Puerto Rico.

    In San Juan, Puerto Rico, today 25 of October, 2022.

| | |
|---|---|
| Stamp of the Commonwealth of Puerto Rico<br>   General Courts of Justice<br>    Court of First Instance<br>     San Juan Superior Part<br>        [*illegible initials*]<br>         K157 | GRISELDA RODRIGUEZ [ *illegible* ]<br><br>[ *illegible* ] López – Auxiliary Clerk<br>   s/ [ *illegible* ] López<br><br>        25 OCT 2022 |

2

I, Andrés C. Gorbea-Del Valle, authorized by Rule 5(c)(2) of the Local Rules of the United States District Court for the District of Puerto Rico, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

*Andrés C. Gorbea del Valle*

Case 3:22-cv-01559-GMM   Document 1-1   Filed 11/23/22   Page 5 of 17
SJ2022CV09136 26/10/2022 06:19:53 pm Entry No. 6 Page 5 of 8
SJ2022CV09136 18/10/2022 07:19:24 pm Entry No. 1 Page 1 of 2

**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**SAN JUAN JUDICIAL CENTER**
**SUPERIOR PART**

| | |
|---|---|
| LUIS A. LASTRA CALDERÓN and YANIRA ROSARIO HUERTAS<br><br>Plaintiffs<br><br>v.<br><br>PRIMEFLIGHT AVIATION SERVICES, INC.; FRONTIER AIRLINES, INC.; RODRIGO CALAPAQUI; PAOLA TORRES; INSURANCE COMPANIES ABC and XYZ<br><br>Defendants | Civil No. *SJ2022CV09136*<br><br>*908*<br><br>Matter: Unjustified termination, age discrimination, retaliation, damages<br><br>(Summary Procedure – Law No. 2) |

**SUMMONS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | RECEIVED CLERK'S OFFICE |
| THE PRESIDENT OF THE UNITED STATES | ) SS. | SAN JUAN J.C. |
| THE COMMONWEALTH OF PUERTO RICO | ) | 2022 OCT 25 [ *time illegible* ] |

To:   FRONTIER AIRLINES, INC.
c/o Resident Agent – Corporation Service Company Puerto Rico, Inc.
A-4 Reparto Mendoza
Humacao, PR 00971

That is, the party mentioned above:

You are hereby notified, with copy of the complaint, of the claim filed against you under Law 2 of October 17, 1961, as amended, warning you that you must file your responsive pleading through the Unified Case Management and Administration System (SUMAC), to which you can access using the following email address https://unired.ramajudicial.pr, unless you are appearing pro se, in which case you must file your responsive pleading at the Court Clerk's office; with proof of having served a copy of the same to Plaintiff's attorney, Jessica A. Figueroa Arce, 300 La Sierra Ave. #135, San Juan, P.R. 00926; jessica@figueroalc.com; 787-630-9687; within ten (10) days after this notice, if the same was made in the judicial district where the action was filed or within fifteen (15) days in the other cases. You are also warned that, if you do not do so, judgment against you will be issued granting the requested remedy, without further summoning you or hearing from you.

ISSUED UNDER MY SIGNATURE and the Court's stamp, today Oct. 19, 2022.

*Griselda Rodríguez Collazo*
Regional Clerk
SECRETARY

Stamp of the Commonwealth of Puerto Rico
General Courts of Justice
Court of First Instance
San Juan Superior Part

[*illegible initials*]
K089

*Awilda Calderón Rodríguez*
Auxiliary Clerk
[*illegible initials*]

BY:

SUB-SECRETARY

I, Andrés C. Gorbea-Del Valle, authorized by Rule 5(c)(2) of the Local Rules of the United States District Court for the District of Puerto Rico, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

*Andrés C. Gorbea del Valle*

## SERVICE BY PARTICULAR PERSON

I, Carlos J. [ *illegible* ] Rivera, previously sworn, DECLARE:

That my name is as previously stated, I am of legal age, I know how to read and write, I am not an attorney in this matter nor a party in this action, and I also have no interest in it.

That I received this summons on October 21, 2022, serving it personally on Frontier Airlines, Inc. c/o its General Manager Mrs. Paola Torres, that is, the party mentioned in said Summons, on October 25, 2022 at 9:05 in the morning, at LMM Airport in front of Frontier Airlines counter, Carolina, Puerto Rico personally delivering a copy of the Complaint and the Summons, on the back of which I stated, below my signature, the date and place of its service and notice.

_____[ *illegible signature* ]_____
PROCESS SERVER

Affidavit No. _____

Sworn and issued before me by Carlos J. [ *illegible* ] Rivera, of legal age, property owner, married/single, and resident of Carolina, Puerto Rico, whom I have identified via his driver's license number <u>lic. 1218112</u> issued by the Commonwealth of Puerto Rico.

In San Juan, Puerto Rico, today 25 of October, 2022.

| | |
|---|---|
| Stamp of the Commonwealth of Puerto Rico<br>General Courts of Justice<br>Court of First Instance<br>San Juan Superior Part<br>[*illegible initials*]<br>K157 | <u>GRISELDA RODRIGUEZ</u> [ *illegible* ]<br>[ *illegible* ] López – Auxiliary Clerk<br>s/ [ *illegible* ] López<br><br>25 OCT 2022 |

2

I, Andrés C. Gorbea-Del Valle, authorized by Rule 5(c)(2) of the Local Rules of the United States District Court for the District of Puerto Rico, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

*Andrés C. Gorbea del Valle*

SJ2022CV09136  18/10/2022  07:19:24 pm  Entry No. 1  Page 1 of 2

# COMMONWEALTH OF PUERTO RICO
# COURT OF FIRST INSTANCE
# SAN JUAN JUDICIAL CENTER
# SUPERIOR PART

| | |
|---|---|
| LUIS A. LASTRA CALDERÓN and YANIRA ROSARIO HUERTAS<br><br>Plaintiffs<br><br>v.<br><br>PRIMEFLIGHT AVIATION SERVICES, INC.; FRONTIER AIRLINES, INC.; RODRIGO CALAPAQUI; PAOLA TORRES; INSURANCE COMPANIES ABC and XYZ<br><br>Defendants | Civil No. *SJ2022CV09136*<br><br>*908*<br><br>Matter: Unjustified termination, age discrimination, retaliation, damages<br><br>(Summary Procedure – Law No. 2) |

### SUMMONS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | RECEIVED CLERK'S OFFICE |
| THE PRESIDENT OF THE UNITED STATES | ) SS. | SAN JUAN J.C. |
| THE COMMONWEALTH OF PUERTO RICO | ) | 2022 OCT 25 [ *time illegible* ] |

To:   PAOLA TORRES
        Frontier General Manager
        Luis Muñoz Marín Airport
        San Juan, Puerto Rico

That is, the party mentioned above:

You are hereby notified, with copy of the complaint, of the claim filed against you under Law 2 of October 17, 1961, as amended, warning you that you must file your responsive pleading through the Unified Case Management and Administration System (SUMAC), to which you can access using the following email address https://unired.ramajudicial.pr, unless you are appearing pro se, in which case you must file your responsive pleading at the Court Clerk's office; with proof of having served a copy of the same to Plaintiff's attorney, Jessica A. Figueroa Arce, 300 La Sierra Ave. #135, San Juan, P.R. 00926; jessica@figueroalc.com; 787-630-9687; within ten (10) days after this notice, if the same was made in the judicial district where the action was filed or within fifteen (15) days in the other cases. You are also warned that, if you do not do so, judgment against you will be issued granting the requested remedy, without further summoning you or hearing from you.

ISSUED UNDER MY SIGNATURE and the Court's stamp, today Oct. 19, 2022.

|  |  |
|---|---|
|  | Griselda Rodríguez Collazo |
|  | Regional Clerk |
|  | SECRETARY |
| Stamp of the Commonwealth of Puerto Rico | Awilda Calderón Rodríguez |
| General Courts of Justice | Auxiliary Clerk |
| Court of First Instance | [*illegible initials*] |
| San Juan Superior Part |  |
| [*illegible initials*] |  |
| K089 | BY: |
|  |  |
|  | SUB-SECRETARY |

I, Andrés C. Gorbea-Del Valle, authorized by Rule 5(c)(2) of the Local Rules of the United States District Court for the District of Puerto Rico, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

*Andrés C. Gorbea del Valle*

Case 3:22-cv-01559-GMM   Document 1-1   Filed 11/23/22   Page 8 of 17
SJ2022CV09136  26/10/2022  06:19:53 pm  Entry No. 6  Page 8 of 8

SJ2022CV09136  18/10/2022  07:19:24 pm  Entry No. 1  Page 2 of 2

## SERVICE BY PARTICULAR PERSON

I, Carlos J. [ *illegible* ] Rivera, previously sworn, DECLARE:

    That my name is as previously stated, I am of legal age, I know how to read and write, I am not an attorney in this matter nor a party in this action, and I also have no interest in it.

    That I received this summons on October 21, 2022, serving it personally on Mrs. Paola Torres, Frontier's General Manager, that is, the party mentioned in said Summons, on October 25, 2022 at 9:00 in the morning, at LMM Airport in front of Frontier Airlines counter, Carolina, Puerto Rico personally delivering a copy of the Complaint and the Summons, on the back of which I stated, below my signature, the date and place of its service and notice.

                                                                         [ *illegible signature* ]
                                                                         PROCESS SERVER

Affidavit No. _____

    Sworn and issued before me by Carlos J. [ *illegible* ] Rivera, of legal age, property owner, married/single, and resident of Carolina, Puerto Rico, whom I have identified via his driver's license number <u>lic. 1218112</u> issued by the Commonwealth of Puerto Rico.

    In San Juan, Puerto Rico, today 25 of October, 2022.

| | |
|---|---|
| Stamp of the Commonwealth of Puerto Rico<br>General Courts of Justice<br>Court of First Instance<br>San Juan Superior Part<br>[*illegible initials*]<br>K157 | GRISELDA RODRIGUEZ [ *illegible* ]<br><br>[ *illegible* ] López – Auxiliary Clerk<br>s/ [ *illegible* ] López<br><br>25 OCT 2022 |

2

I, Andrés C. Gorbea-Del Valle, authorized by Rule 5(c)(2) of the Local Rules of the United States District Court for the District of Puerto Rico, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

*Andrés C. Gorbea del Valle*

**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**SAN JUAN JUDICIAL CENTER**
**SUPERIOR PART**

| | |
|---|---|
| LUIS A. LASTRA CALDERÓN and YANIRA ROSARIO HUERTAS | Civil No. *SJ2022CV09136* |
| Plaintiffs | *908* |
| v. | |
| PRIMEFLIGHT AVIATION SERVICES, INC.; FRONTIER AIRLINES, INC.; RODRIGO CALAPAQUI; PAOLA TORRES; INSURANCE COMPANIES ABC and XYZ | Matter: Unjustified termination, age discrimination, retaliation, damages **(Summary Procedure – Law No. 2)** |
| Defendants | |

**COMPLAINT**

TO THE HONORABLE COURT:

COME NOW, the plaintiffs, through the undersigned legal counsel and, very respectfully, state and pray:

**I. The parties**

1. Mr. Luis A. Lastra Calderón ("Mr. Lastra" or "the Plaintiff"), is a natural person, of legal age, married to co-plaintiff Yanira Rosario Huertas, with physical and mailing address at 266 Howard Street, Urb. University Gardens, San Juan, Puerto Rico 00927-4109. His phone number is 787-550-5433.

2. Mr. Lastra was born on September 19, 1965 and at the time of his termination was 56 years old.

3. Ms. Yanira Rosario Huertas ("Ms. Rosario"), is a natural person, of legal age, married to Mr. Lastra, with physical and mailing address at 266 Howard Street, Urb. University Gardens, San Juan, Puerto Rico 00927-4109. Her telephone number is 787-508-5433.

4. Co-defendant, Primeflight Aviation Services Inc. ("Primeflight"), according to the current information on the registry of corporations portal of the Department of State of Puerto Rico is a Delaware for-profit corporation duly authorized to do business in Puerto Rico. As it arises from said portal its designated resident agent is Cogency Global Inc. and its designated mailing address is: Agustin Stahl, Road 174 A-10, Bayamón PR 00956.

I, Andrés C. Gorbea-Del Valle, authorized by Rule 5(c)(2) of the Local Rules of the United States District Court for the District of Puerto Rico, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

*Andrés C. Gorbea del Valle*

5. Co-defendant, Rodrigo Calapaqui ("Mr. Calapaqui"), is a natural person, substantially younger than Mr. Lastra, who, by information and belief, resides in New York, USA. Mr. Calapaqui's physical and mailing address is unknown at this time; his phone number is 347-480-6737.

6. Mr. Calapaqui is Primeflight's Regional Vice President for Puerto Rico and was Mr. Lastra's direct supervisor.

7. Mr. Calapaqui responds to Plaintiffs in his personal capacity under Article 1802 (now Article 1536 of the new Civil Code of Puerto Rico) and Law No. 100 of June 30, 1959, as amended, and its interpretative case-law, for his discriminatory acts and for colluding with co-defendant Mrs. Torres to demote and subsequently terminate Mr. Lastra by reason of his age and replace him with another employee - the sister of co-defendant Mrs. Torres, Nicole Torres who is approximately 25 years old and has zero experience in the tasks carried out by Mr. Lastra.

8. Co-defendant, Frontier Airlines, Inc., ("Frontier") pursuant to the current information on the portal of the registry of corporations of the Department of State of Puerto Rico is a for-profit Colorado corporation duly authorized to do business in Puerto Rico. According to said portal, its designated resident agent is Corporation Service Company Puerto Rico Inc. and its designated mailing address is: A-4 Reparto Mendoza, Humacao PR 00791.

9. Co-defendant Paola Torres ("Mrs. Torres"), is a natural person, approximately 27 years of age, who, by information and belief, resides in San Juan, Puerto Rico. The mailing and physical address of Mrs. Torres is unknown; herr phone number is 321-900-2667. Mrs. Torres works as General Manager of Frontier in Puerto Rico and was an indirect supervisor of Mr. Lastra.

10. Ms. Torres responds to Plaintiffs in her personal capacity under Article 1802 (now Article 1536 of the new Civil Code of Puerto Rico) and Law No. 100 of June 30, 1959, as amended, and its interpretative case-law for her discriminatory acts and for colluding with co-defendant Mr. Calapaqui to demote and subsequently fire Mr. Lastra by reason of his age and replace him with another employee, her sister Nicole Torres who is approximately 25 years old and has zero experience in the tasks carried out by Mr. Lastra..

2

I, Andrés C. Gorbea-Del Valle, authorized by Rule 5(c)(2) of the Local Rules of the United States District Court for the District of Puerto Rico, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

*Andrés C. Gorbea del Valle*

11. At all relevant times, Primeflight and Frontier are a single employer ("joint employer") and are jointly and severally liable to Plaintiffs should they prevail on their claims.

12. Co-defendants Insurance Companies ABC and XYZ are those insurance companies whose names are unknown at this time and who have issued an insurance policy in favor of defendant to cover the claims that are included in this Complaint.

## II. Material Facts

13. Allegations 1 to 12 previously stated in this Complaint are incorporated by reference, and made part of this material facts.

14. Mr. Lastra has an impeccable track record of over 34 years working at the Luis Muñoz Marín Airport in Carolina, Puerto Rico.

15. Much of those 34 years – from 1987 to 2013 – he worked in American Airlines where he successfully developed himself working in different areas, such as Service Clerk, Ramp Instructor, Supervisor, Controller US Virgin Island/British Island, up to the position of Manager and Director of International Operations.

16. Beginning in May 2013, Mr. Lastra served as Primeflight's Manager providing services to Frontier since its incorporation in the summer of 2017 until he was unjustly terminated, due to age discrimination and in retaliation on July 7, 2022. However, Mr. Lastra's performance was excellent at all times, without any remarks.

17. At all relevant times, Primeflight and Frontier are a single employer ("joint employer"). In essence, Primeflight supplies personnel (staffing/manpower) to Frontier at Luis Muñoz Marín International Airport in San Juan, Puerto Rico ("SJU") and other airports nationwide.

I, Andrés C. Gorbea-Del Valle, authorized by Rule 5(c)(2) of the Local Rules of the United States District Court for the District of Puerto Rico, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

*Andrés C. Gorbea del Valle*

18. The unique employer or single employer doctrine, recognized by our Supreme Court, was developed jurisprudentially by the federal courts and the National Labor Relations Board to protect the rights of the workers. *Rodriguez Roman v. Government Development Bank*, 151 DPR 383 (2000). This doctrine is generally relevant when dealing with companies that coexist. The aforementioned doctrine applies when two or more employers meet the following criteria: (1) interrelated operations; (2) centralized control of the labor relations; (3) common management, and (4) common property. *Junta v. Asoc. Playa Azul I*, 117 DPR 20 (1986). Although none of these four criteria is by itself only determinant, it is not necessary that all of them concur.

19. The analysis of whether both employers, or only one, will respond for a particular employment claim depends on several factors. *Ocasio*, 163 DPR at p. 678; see also *Medina v. Adecco*, 561 F. Supp. 2d 162 (2008). For example, it is pertinent to consider the degree of control exercised by each entity over the employee in the execution of his/her work. Depending on the particular circumstances of each case, it may happen that more than one company responds as employer simultaneously.

20. As a Primeflight customer company, Frontier exercises a degree significant amount of control – both direct and indirect – over daily operations of Primeflight and the performance of the tasks and functions of its employees including Mr. Lastra.

21. So, for example, Frontier's schedule dictates staffing or personnel levels and the shifts assigned to Primeflight employees; Primeflight adjusts the personnel based on Frontier's needs and requirements; Frontier can give day-to-day instructions to Primeflight's employees in the course of the performance of their jobs; even Frontier can have control over employment decisions over Primeflight' [employees]; Frontier interviews and selects employees for Primeflight at its offices; Primeflight conference calls were made from Frontier's office.

4

I, Andrés C. Gorbea-Del Valle, authorized by Rule 5(c)(2) of the Local Rules of the United States District Court for the District of Puerto Rico, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

*Andrés C. Gorbea del Valle*

22. Co-defendant Paola Torres is Frontier's General Manager in Puerto Rico and is substantially younger than plaintiff Mr. Lastra. By information and belief Mrs. Torres is 27 years old.

23. Before becoming Frontier's General Manager in Puerto Rico, Torres worked at Primeflight under the leadership of Mr. Lastra. He trained her and shared his vast experience with Torres.

24. Co-defendant Calapaqui became Primeflight's Regional Vice President for Puerto Rico and Mr. Lastra's supervisor since November 2021.

25. Mr. Lastra began to notice discriminatory treatment against him from Calapaqui and Torres which consisted on leaving him out of the operational discussions that always took place between Frontier and Primeflight; a suspicious interest on the part of Torres to accommodate in Primeflight's and Frontier's operation, her younger sister Nicole Torres, of approximately 25 years old and with zero experience in the industry; collusion so that Mr. Lastra looked bad when, for example, he required additional personnel or operational equipment (known in English as "GSE") from Calapaqui to meet the requests demanded by Torres and Calapqui denied the same, and then he went behind the scenes and approved it directly to Torres.

26. On May 8, 2022, Ms. Torres and Mr. Calapaqui demoted Mr. Lastra by surprisingly removing him from his functions with Frontier so that Torres' younger sister – Nicole Torres who worked under Lastra's leadership, would replace him.

27. With the demotion, Torres and Calapaqui removed Mr. Lastra from his office and placed Nicole Torres.

28. On May 13, 2022, Mr. Lastra submitted an internal complaint to the Primeflight's Vice President of Human Resources - Julie Schifani – expressing his complaint with the hostile and discriminatory work environment he received from Torres and Calapaqui. Said complaint was never addressed.

5

I, Andrés C. Gorbea-Del Valle, authorized by Rule 5(c)(2) of the Local Rules of the United States District Court for the District of Puerto Rico, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

*Andrés C. Gorbea del Valle*

29. On July 7, 2022, Mr. Lastra was terminated from his employment and replaced by Torres' sister – Nicole Torres – who is approximately 25 years old and has zero experience in Mr. Lastra's position.

30. Mr. Lastra's discriminatory termination was due to interference and discriminatory animus of co-defendants Torres and Calapaqui who jointly engineered the discriminatory decision to terminate Mr. Lastra to accommodate Torres' younger sister – Nicole Torres – who replaced him since Lastra was demoted from his duties with Frontier.

## Causes of Action

## First Cause of Action: Age Discrimination

31. The preceding paragraphs and the allegations contained therein are incorporated by reference.

32. This cause of action is against all defendants.

33. Defendants' actions towards Mr. Lastra constitute age discrimination in violation of Law No. 100 of June 30, 1959, as amended, 29 L.P.R.A. §146, et seq. ("Law No. 100").

34. Pursuant to Law No. 100, an employer who discriminates against a employee will incur in civil liability and could commit a misdemeanor.

35. It is alleged that on the date that Mr. Lastra was demoted and later terminated from his employment, he was a protected-age employee of 56 years old under Law No. 100, who was a victim of age discrimination and was replaced by a substantially younger employee and with almost no experience, namely Nicole Torres – sister of co-defendant Torres – and who is approximately 25 years old.

36. Mr. Lastra claims all the unearned salaries and benefits, plus future wages and benefits, and the damages and mental anguish that his discriminatory termination has caused him, plus the double penalty imposed by law. The amount recoverable under this cause of action is estimated at not less than $500,000.00.

6

I, Andrés C. Gorbea-Del Valle, authorized by Rule 5(c)(2) of the Local Rules of the United States District Court for the District of Puerto Rico, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

*Andrés C. Gorbea del Valle*

## Second Cause of Action: Retaliation

37. The preceding paragraphs and the allegations contained therein are incorporated by reference.

38. This cause of action is against Primeflight and Frontier.

39. Primeflight's and Frontier's actions and Mr. Lastra's termination were in retaliation for him having expressed and complained internally on the 13th of May, 2022, regarding the terms and conditions of his employment and his employer's discriminatory practices; including that Torres and Calapaqui engineered his demotion and then Lastra's termination to replace him with Torres' sister – Nicole Torres –who was a recent employee of Primeflight, with no experience whatsoever and with 25 years of age, in open violation of Law No. 115, as amended by Law No. 169 of September 29, 2014.

40. Due to the retaliation against plaintiff, he has suffered considerable economic and emotional damages which are estimated at an amount not less than $500,000.00, plus the double penalty imposed by law.

## Third Cause of Action: Wrongful Termination

41. The preceding paragraphs and the allegations contained therein are incorporated by reference.

42. This cause of action is against Primeflight and Frontier.

43. Due to the unjustified termination, Mr. Lastra is entitled to the compensation, also known as the severance, provided under Law No. 80 of May 30, 1976, as amended, (29 L.P.R.A. §185a, et seq.).

44. Pursuant to Law No. 80, the severance in this case is estimated in not less than $46,000.00, taking into account Mr. Lastra's nine (9) years of service and the highest salary earned by him in the last three years.

## Fourth Cause of Action: Civil Liability Damages

45. The preceding paragraphs and the allegations contained therein are incorporated by reference.

7

I, Andrés C. Gorbea-Del Valle, authorized by Rule 5(c)(2) of the Local Rules of the United States District Court for the District of Puerto Rico, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

*Andrés C. Gorbea del Valle*

46. This cause of action is against all the defendants.

47. The Supreme Court of Puerto Rico, in the case of <u>Santini Rivera v. Service Air, Inc.</u>, 137 D.P.R. 1 (1994), determined that the relatives of an employee who has been the victim of discriminatory treatment by his employer under Law No. 100, have their own cause of action under Article 1802 (now Article 1536 of the New Civil Code of Puerto Rico, 31 L.P.R.A. sec. 10801), to get compensation for the damages that they themselves have suffered as a result of the aforementioned labor discrimination.

48. It is alleged that co-plaintiff Mrs. Rosario is and was the wife of Mr. Lastra while he was an employee of defendants.

49. It is alleged that Mrs. Rosario has suffered serious emotional damage and mental anguish due to the discriminatory treatment, demotion and termination of Mr. Lastra.

50. It is alleged that co-plaintiff Mrs. Rosario continues to suffer damages as a consequence of the discriminatory termination of her husband, who, being deprived of his income, have had to juggle to meet the economic commitments and medical expenses incurred to overcome the emotional crisis.

51. It is alleged that co-plaintiff Rosario is entitled to compensation for the damages caused by the discriminatory termination of her husband, amount which is estimated in a sum not less than $75,000.00.

52. Defendants respond for the damages suffered by co-defendant Mrs. Rosario for the discriminatory acts against her husband.

53. Plaintiffs avail themselves of the summary procedure for labor claims pursuant to Law No. 2 of October 17, 1961.

**WHEREFORE**, it is respectfully requested from this Honorable Court, prior to the corresponding procedures, to issue judgment in favor of the plaintiffs condemning defendants to compensate them for the amounts claimed, impose upon defendants the payment of the costs and expenses of the litigation, as well as an additional amount for attorney's fees.

8

I, Andrés C. Gorbea-Del Valle, authorized by Rule 5(c)(2) of the Local Rules of the United States District Court for the District of Puerto Rico, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

*Andrés C. Gorbea del Valle*

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on October 18, 2022.

                                      **JESSICA A. FIGUEROA ARCE, ESQ.**
                                      Plaintiff's counsel
                                      300 La Sierra Ave. #135
                                      San Juan, P.R. 00926

                                      s/ Jessica A. Figueroa Arce
                                      Jessica A. Figueroa Arce
                                      S.Ct. No. 15,783
                                      jessica@figueroalc.com

9

I, Andrés C. Gorbea-Del Valle, authorized by Rule 5(c)(2) of the Local Rules of the United States District Court for the District of Puerto Rico, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.