# COMMONWEALTH OF PUERTO RICO
# COURT OF FIRST INSTANCE
# SAN JUAN JUDICIAL CENTER
# SUPERIOR PART

| | |
|---|---|
| LUIS A. LASTRA CALDERÓN and YANIRA ROSARIO HUERTAS<br><br>Plaintiffs<br><br>v.<br><br>PRIMEFLIGHT AVIATION SERVICES, INC.; FRONTIER AIRLINES, INC.; RODRIGO CALAPAQUI; PAOLA TORRES; INSURANCE COMPANIES ABC and XYZ<br><br>Defendants | Civil No. SJ2022CV09136 (908)<br><br>MATTERS: Unjustified termination, age discrimination, retaliation, damages<br><br>(Summary Procedure – Law No. 2) |

## MOTION TO CLARIFY REGARDING DEFAULT ENTRY

TO THE HONORABLE COURT:

COME NOW, PrimeFlight Aviation Services, Inc. ("PrimeFlight"), and Mr. Rodrigo Calapaqui ("Mr. Calapaqui"), through the undersigned legal counsel, and respectfully, state, allege, and pray:

1. On November 10, 2022, plaintiff filed a request for entry of default and for issuance of default judgment against co-defendants Frontier Airlines, Inc. ("Frontier") and Paola Torres ("Mrs. Torres"). See SUMAC No. 9.

2. On November 11, 2022, the appearing co-defendants filed the "*Motion for the Case to Proceed under the Ordinary Procedure and Opposition to Entry of Default*", ("Motion for Conversion and Opposition to Entry of Default"). SUMAC No. 10.

3. In essence, there, the appearing parties demonstrated that Law 2' Summary Procedure for employment claims was inapplicable to the case of caption considering that the case's caption and the Complaint reveals the existence of plaintiffs who are not employees, defendants who are not employers, and claims that are not labor ones. In view of the fact that the Ordinary Procedure was to govern the proceedings, it became evident that the entry of default against Frontier and Mrs. Torres does not proceed since (a) they have until November 24, 2022 to timely submit their respective responsive pleadings, and (b) ruling the contrary would affect the appearing parties' right to due process of law. The arguments raised in the Motion for Conversion Motion and Opposition to Entry of Default are incorporated by reference to this document. See SUMAC No. 10 at pp. 5-6.

I, Andrés C. Gorbea-Del Valle, authorized by Rule 5(c)(2) of the Local Rules of the United States District Court for the District of Puerto Rico, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

*Andrés C. Gorbea del Valle*

4.      On November 15, 2022, the Honorable Court ordered plaintiff to reply to the aforementioned Motion for Conversion and Opposition to Entry of Default filed by the appearing co-defendants. See SUMAC No. 11.

5.      However, that same day the Honorable Court issued another order where it entered default against Frontier and Mrs. Torres. See SUMAC No. 12. This, despite the fact that the opposition to said entry filed by the appearing co-defendants is still pending to be resolved, and that a time period was granted to plaintiffs to reply to said opposition. Furthermore, as the aforementioned motion filed by the appearing co-defendants is further scrutinized, it is noted that Frontier nor Ms. Torres are not and were not plaintiffs' employers, therefore, the entry of default is not warranted.

**WHEREFORE**, PrimeFlight and Mr. Calapaqui very respectfully request this Honorable Court to take notice of the above stated, and vacate the entry of default issued in SUMAC No. 12.

**I CERTIFY**: That on this date this Answer was filed through the Unified Case Management and Administration System ("SUMAC" in Spanish) which will automatically notify a copy of this document to Plaintiff's legal counsel.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, today November 16, 2022.

**JACKSON LEWIS LLC**
American International Plaza, Suite 404
250 Muñoz Rivera Ave.
San Juan, P.R. 00918
Tel. 787-522-7305
Fax. 787-522-7306

s/ Juan Felipe Santos
**Juan Felipe Santos**
RUA No. 14846
juan.santos@jacksonlewis.com

s/ José L. Maymí-González
**José L. Maymí-González**
RUA No. 22257
jose.maymi-gonzalez@jacksonlewis.com

2

I, Andrés C. Gorbea-Del Valle, authorized by Rule 5(c)(2) of the Local Rules of the United States District Court for the District of Puerto Rico, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

*Andrés C. Gorbea del Valle*