## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LUIS A. LASTRA CALDERÓN** and **YANIRA ROSARIO HUERTAS**<br><br>Plaintiffs<br><br>v.<br><br>**PRIMEFLIGHT AVIATION SERVICES INC.; FRONTIER AIRLINES, INC.; RODRIGO CALAPAQUI; PAOLA TORES; ASEGURADORAS ABC and XYZ**<br><br>Defendants | **CIVIL NO**.<br><br>**RE**: Unjustified dismissal, age discrimination, retaliation damages |

## MOTION TO DISMISS[1]

**TO THE HONORABLE COURT**:

    **COMES NOW** Paola Torres ("Torres" or "Defendant"), by and through the undersigned counsel, without waiving any defenses, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, request the dismissal of Plaintiffs' claims against Torres as follows:

## I.      INTRODUCTION

    On October 18, 2022, plaintiffs Luis A. Lastra Calderón ("Lastra") and Yanira Rosario Huertas ("Huertas") (collectively, "Plaintiffs") filed a civil action before the Puerto Rico Court of First Instance, San Juan Superior Part, Civil Number SJ2022CV09136, captioned "Luis A. Lastra et al. v. Primeflight Aviation Services et al." See Dkt. No. 1, **Exhibit A**. Therein, Plaintiffs include causes of action under Puerto Rico statutes exclusively, alleging unjust dismissal, age

---

[1] Today, co-defendants Frontier Airlines Inc. ("Frontier") and Torres filed a Notice of Removal with this Honorable Court, invoking diversity of citizenship pursuant to the doctrine of *fraudulent joinder*. See Dkt. No. 1. Accordingly, this Court may exercise jurisdiction over the above captioned matter.

discrimination, retaliation, and general tort damages.[2] Although filed under the summary proceedings reserved for employment claims, the Complaint includes *defendants that are extraneous to the employment relationship between Lastra and co-defendant Primeflight*. Among them, co-defendant Torres. The Complaint levies two causes of action against Torres, one from Lastra under Puerto Rico's general anti-discrimination statute,[3] and one from co-plaintiff Huertas, as Lastras' alleged wife, under Puerto Rico's general tort statute.[4] See Dkt. No. _, **Exhibit A**. However, as will be further explained below, Puerto Rico's general anti-discrimination statute, Law No. 100, does *not* provide for individual liability under the allegations contained in the Complaint. Accordingly, as a matter of law, Lastra's claim against Torres fails; since Huertas' claim is contingent upon Lastra's claim, pursuant to Puerto Rico law, then both causes of action should be dismissed for failure to state a claim upon which relief can be granted. Thus, both claims raised against Torres are legally unfounded and should be dismissed with prejudice pursuant to Rule 12(b)(6). See Fed. R. Civ. P. 12(b)(6).

## II.    DISCUSSION

**A.  Failure to State a Claim upon which Relief can be Granted and Applicable Standard.**

In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court "analyzes the complaint in a two-step process under the current context-based 'plausibility' standard established by the Supreme Court." See Rivera v. Marriott International, Inc., Civil No. 19-1894 (GAG), 2020 WL 1933968, at *2 (D.P.R. April 22, 2020) (citing Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir.2012) (internal

---

[2] Pursuant to 28 U.S.C. § 1446(a), **Exhibit A** is a certified translation of the Complaint and services of process on all four (4) defendants.
[3] Law No. 100 of June 30, 2959, as amended, P.R. Laws Ann. tit. 29, §§ 149 et seq. ("Law No. 100").
[4] Law No. 55 of June 1, 2020, as amended, known as Puerto Rico's New Civil Code of 2020. ("Civil Code") P.R. Laws Ann. tit. 31, § 10801.

citations omitted). At the first step, the Court must "'isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements.'" Id. (quoting Schatz, 669 F.3d at 55). Although a complaint need not necessarily provide detailed factual allegations, "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009)). Indeed, "[t]he [plausibility standard] is intended to screen out claims in which the factual allegations of the complaint are too scanty or too vague to render the claims plausible." Ríos-Campbell v. U.S. Department of Commerce, 927 F.3d 21, 25 (1st Cir. 2019) (citing Atieh v. Riordan, 727 F.3d 73, 76 (1st Cir. 2013)).

At the second step, the court must "'take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief.'" Id. (quoting Schatz, 669 F.3d at 55). The plausibility standard requires more than the mere possibility of an occurrence, and "gauging a pleaded situation's plausibility is a context-specific job that compels the court to draw on its judicial experience and common sense." Id. (citing Schatz, 669 F.3d at 55). It "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. (quoting Iqbal, 556 U.S. at 679) (quoting Fed. R. Civ. P. 8(a)(2)). To establish the facial plausibility of a claim, the well-pled factual content must "'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Iqbal, 556 U.S. at

678)). "'A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action.'" Velázquez–Ortiz v. Negrón–Fernández, 174 F. Supp. 3d 653, 660 (D.P.R. 2016) (quoting Ocasio–Hernandez v. Fortuño–Burset, 640 F.3d 1, 12 (1st Cir.2011)).

Plaintiff must not only aver sufficient well-pled facts to satisfy the plausibility standard, but the well-pled facts must not represent an insurmountable bar or insuperable barrier to recovery. See Brian S. Clarke, *Grossly Restricted Pleading: Twombly/Iqbal, Gross, and Cannibalistic Facts in Compound Employment Discrimination Claims*, 2010 Utah L. Rev. 1101 (2010) (citations omitted). Specifically, several sister circuits have held that complaints may be self-defeating, and require dismissal, when the facts alleged show that plaintiffs have no valid claim. Id. (citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1357, 2d ed. 1990, at p. 351).[5] This position is in line with First Circuit precedent which recognizes that "[t]he critical question is whether the claim, viewed holistically, is made plausible by 'the cumulative effect of the factual allegations' contained in the complaint." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 82 (1st Cir. 2013) (quoting Ocasio–Hernández v. Fortuño–Burset, 640 F.3d 1, 14 (1st Cir. 2011)).

---

[5] The Seventh Circuit has the most established case law on this matter, though it is not alone:

**Error! Main Document Only.** The Second, Sixth, Eighth, Ninth, and D.C. Circuits have followed the Seventh Circuit's lead on this issue and held, even pre-Twombly, that the facts pleaded by a plaintiff can defeat his claims. See Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003) (holding that the facts pleaded by the plaintiff necessarily defeated the claim); Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 613 (6th Cir. 2009) (holding that the facts pleaded in the plaintiff's complaint defeated its claim as a matter of law and that plaintiff's speculation to the contrary was insufficient under Twombly); Romine v. Acxiom Corp., 296 F.3d 701, 706 (8th Cir. 2002) (noting that a plaintiff who offers specific facts in her complaint can plead herself out of court); Wright v. Or. Metallurgical Corp., 360 F.3d 1090, 1098 (9th Cir. Or. 2004); Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (noting that it "is possible for a plaintiff to plead too much: that is, to plead himself out of court by alleging facts that render success on the merits impossible" (internal quotation marks omitted)); Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002) ("Rule 12(b)(6) dismissal is appropriate where the allegations contradict the claim asserted.").

Clarke, *supra*, at 1116 n. 99 (compiling cases).

**B.  There is no individual liability under Law No. 100**.

Plaintiff Lastra alleges he was discriminated because of his age, which is a protected category under Law No. 100. Specifically, the Complaint includes allegation of a demotion and, later, termination.[6] See Dkt. No. 1, **Exhibit A**, *Complaint* at ¶¶ 26, 29, 20, 35. "Puerto Rico Law 100, like the ADEA, provides a cause of action in favor of those persons who suffer discrimination in their employment because of their age." Villamia v. MVP Auto Corp., 433 F. Supp. 3d 261, 269-270 (D.P.R. 2020) (quoting Alvarez-Fonseca v. Pepsi Cola of P.R. Bottling Co., 152 F.3d 17, 27 (1st Cir. 1998)). Pursuant to Law No. 100, "[a]ny employer who . . . discriminates against an employee regarding his/her . . . terms, rank, conditions or privileges of his/her job, . . . or who limits or classifies his/her employees in any way which tends to deprive a person of employment opportunities, or that affects his/her employee status because of his/her age." P.R. Laws Ann. tit. 29, § 146 (quoted in Villamia v. MVP Auto Corp., 433 F. Supp. 3d 261, 270 (D.P.R. 2020)). Further, Law No. 100 defines the term "employer" as "any natural or juridical person employing laborers, workers or employees, and the chief, official, manager, officer, managing partner, administrator, superintendent, foreman, overseer, agent or representative of such natural or juridical person." Id. § 151(2) 146 (quoted in Villamia v. MVP Auto Corp., 433 F. Supp. 3d 261, 270 (D.P.R. 2020)). However, through judicial interpretation, the Supreme Court of Puerto Rico has developed a more nuanced application of individual liability depending on the type of

---

[6] The Complaint does not include any explicit allegations of hostile work environment, and Defendants position is that no such claim is alleged. However, the Complaint does include some vague allegations that Plaintiff Lastra was supposedly excluded from meetings between his employer and his employer's client, Torres/Frontier, or that the materials/personnel his employer allegedly denied him were part of a conspiratorial scheme "to have him look bad." See Dkt. No. 1, **Exhibit A** at ¶ 25. Not only are these vague allegations insufficient to establish the high bar for properly alleging a valid hostile work environment claim, see Rivera-Rivera v. Medina & Medina, Inc., 898 F.3d 77, 91 (1st Cir. 2018) ("In order to prove a hostile work environment claim, a plaintiff [] must provide sufficient evidence from which a reasonable factfinder could determine that the workplace was 'permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the conditions of . . . [her] employment and create an abusive working environment.'") (quoting Quiles-Quiles v. Henderson, 439 F.3d 1, 7 (1st Cir. 2006)), *the Complaint definitely does not do so as to Torres*.

alleged conduct. Specifically, in <u>Caballer-Rivera v. Adriel Toyota</u>, 200 D.P.R. 120 (2018), Puerto Rico's highest Court distinguished previous case law pertaining to sexual harassment from other types of conduct more in line with "prohibitions 'refer[ring] to duties that correspond to the employer or to acts that can only be committed by him.'" <u>Villamia</u>, at 272 (D.P.R. 2020) (citing to official translation of <u>Caballer-Rivera</u> at Docket No. 31, Ex. 3 at p. 5 of <u>Villamía</u>). That is, although Law No. 100 may provide for individual liability under certain circumstances, *such as when the individual defendant was, in fact, the harasser*, which is not the case for other adverse employment actions such as a demotion or a dismissal, which are acts that only the *employer* can perform. <u>See</u> <u>id.</u>

Very recently, another sister Court within this district also adopted the same analysis. <u>See</u> <u>González-Santiago v. Baxter Healthcare S.A.</u>, No. 16-2929 (PAD), 2021 U.S. Dist. LEXIS 61512 (D.P.R. Mar. 29, 2021). After again reviewing Puerto Rico's jurisprudence on the subject, and after referencing <u>Villamía</u>'s analysis, the Court concluded that, "in general, except for acts of harassment, liability under Law 100 only attaches to the employing entity itself, which in turn must respond for the acts and omissions of its agents and supervisors." <u>Id.</u> at *97-98. Accordingly, and pursuant to Puerto Rico law, there is no individual liability under Law No. 100 if the alleged adverse employment actions are those exclusively reserved for employers, such as demotions or dismissals, as opposed to when the proscribed conduct is alleged harassment. These highly persuasive district court opinions carefully assessed the judicial development at Puerto Rico's highest court, and correctly concluded that individual liability attaches depending, exclusively, on the alleged adverse employment actions. Under Law No. 100, a supervisor, in their individual capacity, may not be liable for terminating or demoting an employee but may, on the other hand, be liable for sexually harassing said employee.

**C.  Contingent claims must be dismissed.**

As we mentioned above, the Complaint contains only two causes of action against Torres: (1) A direct cause of action for individual liability for purported age discrimination under Law No. 100 for Plaintiff Lastra's demotion and/or termination, and (2) Plaintiff Huertas' damages claim under Puerto Rico's general tort statute. The latter, however, and pursuant to Puerto Rico law as recognized by the Court of Appeals for the First Circuit, is contingent upon Plaintiff Lastra's discrimination claim, her husband. See Gonzalez Figueroa v. J.C. Penney P.R., Inc., 568 F.3d 313 (1st Cir. 2009). That is, when a relative files a derivative action premised on the discriminatory acts experienced by the main Plaintiff, said derivative action depends on the validity of the main causes of action. The Court of Appeals for the First Circuit explained the above as follows:

> In that configuration, a relative's cause of action is 'contingent' in the sense that, when and if the principal plaintiff's claim fails, so too does the relative's derivative claim. This makes perfect sense; in a joint suit, the failure of the principal plaintiff to prove a discriminatory act necessarily estops the relative from proving the 'wrongful conduct' element of her derivative action. . . . Federal courts in this circuit have charted a similar course, dismissing relatives' simultaneously filed derivative claims as an inevitable concomitant of the merits-based dismissal of the principal plaintiff's discrimination claim.

Gonzalez Figueroa, 568 F.3d at 320. Therefore, if the principal plaintiff's claim fails, as does Lastra's claim here, so too does co-plaintiff's contingent and derivative claim, just as Huerta's contingent claim.

**D.  Plaintiffs' Claims Against Co-defendant Torres Should be Dismissed for Failure to State a Claim upon which Relief can be Granted.**

The Complaint's allegations regarding discriminatory conduct are not factual allegations, but only conclusory statements. That is, there is no specific discriminatory conduct alleged in the Complaint beyond a conclusory statement. Moreover, the few allegations regarding adverse employment actions are Plaintiff Lastra's purported demotion and termination, both of which were

because of his age. Based on Puerto Rico case law under Law No. 100, however, discriminatory conduct does not lead to individual liability attaching to any of the employer's agents/supervisors, but only the employer themselves. Accordingly, the Complaint fails to state a claim upon which relief can be granted in favor of Plaintiff Lastra and against Torres.

Similarly, Huertas' contingent claim is also unfounded in law. Plaintiff Lastra's claim fails as a matter of law. Since Torres cannot be responsible for the alleged discriminatory acts suffered by Lastra, his wife, Plaintiff Huertas, may not then establish that Torres was responsible for her alleged damages. Therefore, Plaintiff Huertas' contingent claim under Puerto Rico's general tort statute also fails as a matter of law.

## III.    CONCLUSION

From the Complaint's scant factual averments, one thing is clear: They have pled themselves out-of-court as to co-defendant Torres. The Complaint's alleged adverse employment actions, demotion and termination, can only be executed by the actual entity that employs that person. A supervisor cannot be held personally liable for terminations and/or demotions because, when it comes to said actions, the locus of authority lies with the entity that employs them and not the individual person. On the other hand, if the principal claim from a plaintiff fails, so too does the derivative and contingent claim filed by family members under tort. Therefore, this Honorable Court should dismiss Plaintiffs claims against Torres with prejudice.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court dismiss Plaintiffs' claims against co-defendant Torres.

Respectfully submitted.

In San Juan, Puerto Rico, this 23rd day of November 2022.

WE HEREBY CERTIFY that on, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties through the CM/ECF system. Parties may access this filing through the Court's system.

**SCHUSTER LLC**
Attorneys for Defendants
PO Box 363128
San Juan, Puerto Rico 00936-3128
Telephone: (787) 765-4646
Telefax: (787) 765-4611

s/Anabel Rodríguez-Alonso
Anabel Rodríguez-Alonso
USDC PR No. 212509
arodriguez@salawpr.com


s/Daniel Limés-Rodriguez
Daniel Limés-Rodríguez
USDC PR No. 307505
dlimes@salawpr.com