**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **LUIS A. LASTRA CALDERÓN and YANIRA ROSARIO HUERTAS**<br><br>Plaintiffs<br><br>v.<br><br>**PRIMEFLIGHT AVIATION SERVICES INC.; FRONTIER AIRLINES, INC.; RODRIGO CALAPAQUI; PAOLA TORES; ASEGURADORAS ABC and XYZ**<br><br>Defendants | **CIVIL NO**. 22-cv-01559<br><br>**RE**: Unjustified dismissal, age discrimination, retaliation damages |

## ANSWER TO THE COMPLAINT

**TO THE HONORABLE COURT**:

**COMES NOW** Frontier Airlines, Inc. ("Frontier" or the "Company") and Paola Torres ("Torres") (collectively, the "Defendants"), through its undersigned counsel, and very respectfully answer the Complaint as follows:

## I. THE PARTIES

1. Paragraph 1 of the Complaint is denied for lack of information sufficient to form a belief as to the truth of the matters alleged therein. Defendants affirmatively allege that Plaintiff Luis A. Lastra Calderón ("Plaintiff Lastra") was never employed by Frontier nor was he ever supervised by Frontier personnel, including Torres. Accordingly, Defendants do not have access to the information alleged in Paragraph 1 as to Plaintiff Lastra.

2. Paragraph 2 of the Complaint is denied for lack of information sufficient to form a belief as to the truth of the matters alleged therein. The factual averments and affirmative defenses of Paragraph 1of this Answer to the Complaint are hereby incorporated by reference.

3. Paragraph 3 of the Complaint is denied for lack of information sufficient to form a belief as to the truth of the matters alleged therein. Defendants affirmatively allege that Plaintiff Yanira Rosario Huertas ("Plaintiff Huertas") was never employed by Frontier nor was she ever supervised by Frontier personnel, including Torres. Accordingly, Defendants do not have access to the information alleged in Paragraph 3 as to Plaintiff Huertas.

4. Paragraph 4 of the Complaint is admitted based on the information available through Puerto Rico's State Department.

5. Paragraph 5 of the Complaint is denied for lack of information sufficient to form a belief as to the truth of the matters alleged therein. Defendants affirmatively allege that co-defendant Rodrigo Calapaqui ("Calapaqui") was never employed by Frontier nor was he ever supervised by Frontier personnel, including Torres. Accordingly, Defendants do not have access to the information alleged in Paragraph 5 as to co-defendant Calapaqui.

6. Paragraph 6 of the Complaint is denied for lack of information sufficient to form a belief as to the truth of the matters alleged therein. Defendants affirmatively allege that, to the best of their knowledge, Calapaqui was Regional Vice-President of Primeflight, and Plaintiff Lastra reported directly to him before his termination.

7. As to Paragraph 7 of the Complaint, the same is not directed at Defendants, and its legal conclusions do not require a responsive pleading from Defendants. Should an answer be required, Defendants only admit that Plaintiff is invoking the statutes named therein. Defendants deny the rest of Paragraph 7 of the Complaint and deny the imputations therein.

8. Paragraph 8 of the Complaint is admitted. It is affirmatively alleged that Frontier's principal place of business is located in Denver, Colorado. It is affirmatively averred that

notwithstanding plaintiffs' knowledge of the identity of Frontier's resident agent, process was not served through said entity.

9. From Paragraph 9 of the Complaint Defendants admit Torres' telephone number. The remainder of Paragraph 9 of the Complaint is denied as drafted. It is affirmatively alleged that Torres is currently twenty-five (25) years old, her physical address is 7 Calle Venecia, San Juan, Puerto Rico, 00917. Additionally, it is affirmatively alleged that Torres began working as General Manager at Frontier in February of 2021.

10. As to Paragraph 10 of the Complaint, its legal conclusions do not require a responsive pleading from Defendants. Should an answer be required, Paragraph 10 is denied.

11. As to Paragraph 11 of the Complaint, its legal conclusions do not require a responsive pleading from Defendants. Should an answer be required, Paragraph 11 is denied.

12. As to Paragraph 12 of the Complaint, no responsive pleading is required since the same is not directed at Defendants. Should an answer be required, Defendants deny Paragraph 12 of the Complaint.

## II. MATERIAL FACTS

13. As to Paragraph 13 of the Complaint, its legal conclusions do not require a responsive pleading from Defendants. Should an answer be required, Paragraph 13 is denied. Defendants hereby incorporate all factual averments and affirmative defenses from paragraphs 1-12.

14. Paragraph 14 of the Complaint is denied for lack of information sufficient to form a belief as to the truth of the matters alleged therein. The factual averments and affirmative defenses of Paragraph 1of this Answer to the Complaint are hereby incorporated by reference. Defendants affirmatively allege that, between 2021 and 2022, Primeflight was not performing their

contractual duties at Frontier's operations to their client's satisfaction, which Frontier let Primeflight know on several occasions.

15. Paragraph 15 of the Complaint is denied for lack of information sufficient to form a belief as to the truth of the matters alleged therein. The factual averments and affirmative defenses of Paragraph 1of this Answer to the Complaint are hereby incorporated by reference.

16. Paragraph 16 of the Complaint is denied for lack of information sufficient to form a belief as to the truth of the matters alleged therein. The factual averments and affirmative defenses of Paragraph 1of this Answer to the Complaint are hereby incorporated by reference. Additionally, it is affirmatively alleged that Plaintiff Lastra began servicing Frontier's contract at or about 2017.

17. Paragraph 17 of the Complaint is denied. It is affirmatively alleged that Frontier and Primeflight are not joint employers. That is, none of the relevant factors espoused by the case law are satisfied, and the relationship between the parties is that of independent contractors dealing at arm's length.

18. As to Paragraph 18 of the Complaint, its legal conclusions do not require a responsive pleading from Defendants. Should an answer be required, Paragraph 18 is denied.

19. As to Paragraph 19 of the Complaint, its legal conclusions do not require a responsive pleading from Defendants. Should an answer be required, Paragraph 19 is denied.

20. Paragraph 20 of the Complaint is denied. The factual averments and affirmative defenses of Paragraph 17 of this Answer to the Complaint are hereby incorporated by reference.

21. Paragraph 21 of the Complaint is denied. Defendants affirmatively alleged that Primeflight is contractually tasked to provide the requisite service employees to satisfy the needs of Frontier's operations which, necessarily will vary depending on number of flights and/or flight

schedule. Additionally, Defendants affirmatively allege that Frontier employees did not give instructions and/or orders to Primeflight employees, and Frontier has not role whatsoever over the terms and conditions of employment of Primeflight employees, including wages, payroll, demotions and/or terminations. Finally, Defendants affirmatively allege that Frontier does not interview Primeflight candidates, and that, except under special circumstances, no conference calls with/to Primeflight were conducted at Frontier's office, although sometimes Frontier employees would participate in conference calls or would work from Primeflight's leased space.

22. Paragraph 22 of the Complaint is denied as drafted. The factual averments and affirmative defenses of Paragraph 9 of this Answer to the Complaint are hereby incorporated by reference.

23. Paragraph 23 of the Complaint is denied. It is affirmatively alleged that Torres worked at Primeflight as a customer service representative from around May 2017 until July 2018 and that Plaintiff Lastra was General Manager at Primeflight during that time.

24. Paragraph 24 of the Complaint is denied for lack of information sufficient to form a belief as to the truth of the matters alleged therein. The factual averments and affirmative defenses of Paragraph 5 of this Answer to the Complaint are hereby incorporated by reference. Defendants affirmatively allege that, based on belief and the information available, Calapaqui was and is working as Regional Vice-President for Primeflight.

25. Paragraph 25 of the Complaint is denied. The factual averments and affirmative defenses of Paragraph 1 of this Answer to the Complaint are hereby incorporated by reference. Defendants affirmatively allege that Plaintiff Lastra did not participate in various operational meetings, and other meetings, because he was consistently not present at the work area and/or would not show up to the scheduled meetings. Defendants also affirmatively allege that Torres did

not participate in any of Primeflight's hiring processes, and when asked to provide her feedback on selected candidates, she would, except when asked to provide comments regarding Nicole Torres when Torres immediately informed Primeflight they were family. Further, Defendants affirmatively allege that it is our understanding that Plaintiff Lastra was the recruiter who hired Nicole Torres and that Torres was not involved in the decision. Lastly, it is affirmatively alleged that, under Plaintiff Lastra's leadership, Frontier's operations were being severely impacted, which required that Torres escalate said issues to Frontier/Primeflight. However, it is affirmatively alleged that Torres never colluded with Calapaqui to the detriment of Plaintiff.

26. Paragraph 26 of the Complaint is denied. The factual averments and affirmative defenses of Paragraphs 1, 21 and 25 of this Answer to the Complaint are hereby incorporated by reference.

27. Paragraph 26 of the Complaint is denied. The factual averments and affirmative defenses of Paragraphs 1, 21 and 25 of this Answer to the Complaint are hereby incorporated by reference. Defendants affirmatively allege that Plaintiff Lastra's office was located at Primeflight's leased office space and, based on belief and the information available, Primeflight divided Plaintiff's single office into two, placing him and his assistant at one of these offices, and three account managers, including Nicole Torres, at the other office. Neither Frontier nor Torres had any participation in this decision.

28. Paragraph 28 of the Complaint is denied for lack of information sufficient to form a belief as to the truth of the matters alleged therein. Defendants affirmatively allege that they had no knowledge of any complaint filed by Plaintiff Lastra, nor would they normally have any knowledge since Plaintiff Lastra was not an employee of Frontier.

29. Paragraph 29 of the Complaint is denied for lack of information sufficient to form a belief as to the truth of the matters alleged therein. The factual averments and affirmative defenses of Paragraphs 1, 21, 25 and 27 of this Answer to the Complaint are hereby incorporated by reference. It is affirmatively averred that the position of General Manager is now occupied by Jose Aponte and not Nicole Torres.

30. Paragraph 30 is denied.

Causes of Action

First cause of action: Age discrimination

31. As to Paragraph 31 of the Complaint, its legal conclusions do not require a responsive pleading from Defendants. Should an answer be required, Paragraph 31 is denied. All previous factual averments and affirmative defenses of this Answer to the Complaint are hereby incorporated by reference herein and in the following paragraphs.

32. Paragraph 32 of the Complaint is denied.

33. As to Paragraph 33 of the Complaint, its legal conclusions do not require a responsive pleading from Defendants. Should an answer be required, Paragraph 33 is denied.

34. As to Paragraph 34 of the Complaint, its legal conclusions do not require a responsive pleading from Defendants. Should an answer be required, Paragraph 34 is denied.

35. As to Paragraph 35 of the Complaint, its legal conclusions do not require a responsive pleading from Defendants. Should an answer be required, Paragraph 35 is denied.

36. Paragraph 36 of the Complaint is denied.

Second Cause of Action: Retaliation

37. As to Paragraph 37 of the Complaint, its legal conclusions do not require a responsive pleading from Defendants. Should an answer be required, Paragraph 37 is denied. All

previous factual averments and affirmative defenses of this Answer to the Complaint are hereby incorporated by reference herein and in the following paragraphs.

38. Paragraph 38 of the Complaint is denied.

39. As to Paragraph 39 of the Complaint, its legal conclusions do not require a responsive pleading from Defendants. Should an answer be required, Paragraph 39 is denied. It is affirmatively averred that neither Frontier nor Torres had any knowledge of Lastra's alleged internal complaint.

40. Paragraph 40 of the Complaint is denied.

Third Cause of Action: Unjustified Dismissal

41. As to Paragraph 41 of the Complaint, its legal conclusions do not require a responsive pleading from Defendants. Should an answer be required, Paragraph 41 is denied. All previous factual averments and affirmative defenses of this Answer to the Complaint are hereby incorporated by reference herein and in the following paragraphs.

42. Paragraph 42 of the Complaint is denied.

43. As to Paragraph 43 of the Complaint, its legal conclusions do not require a responsive pleading from Defendants. Should an answer be required, Paragraph 43 is denied.

44. As to Paragraph 44 of the Complaint, its legal conclusions do not require a responsive pleading from Defendants. Should an answer be required, Paragraph 44 of the Complaint is denied for lack of information sufficient to form a belief as to the truth of the matters alleged therein.

Fourth Cause of Action: Tort

45. As to Paragraph 45 of the Complaint, its legal conclusions do not require a responsive pleading from Defendants. Should an answer be required, Paragraph 41 is denied. All

previous factual averments and affirmative defenses of this Answer to the Complaint are hereby incorporated by reference herein and in the following paragraphs.

46. Paragraph 46 of the Complaint is denied.

47. As to Paragraph 47 of the Complaint, its legal conclusions do not require a responsive pleading from Defendants. Should an answer be required, Paragraph 47 is denied.

48. Paragraph 48 of the Complaint is denied for lack of information sufficient to form a belief as to the truth of the matters alleged therein.

49. Paragraph 49 of the Complaint is denied.

50. Paragraph 50 of the Complaint is denied.

51. Paragraph 51 of the Complaint is denied.

52. Paragraph 52 of the Complaint is denied.

53. As to Paragraph 53 of the Complaint, its legal conclusions do not require a responsive pleading from Defendants. Should an answer be required, Paragraph 53 is denied. All previous factual averments and affirmative defenses of this Answer to the Complaint are hereby incorporated by reference herein. It is affirmatively averred that Lastra is not entitled to bring claims under Act No. 2 of October 17, 1961, against neither Frontier nor Torres.

The prayer for relief is denied.

## Affirmative Defenses

A. All previous factual averments and affirmative defenses of this Answer to the Complaint are hereby incorporated by reference herein and in the following paragraphs.

B. Plaintiffs fail to state a claim upon which relief can be granted.

C. Plaintiffs were never employed by Frontier.

D. Frontier and Primeflight are independent contractors that entered into a Standard Ground Handling Agreement ("SGHA") whereby Primeflight provides customer services and other services for Frontier at the Luis Muñoz Marín Airport ("SJU"), among other locations. The contract requires that Primeflight provide sufficient staff and General Service Equipment ("GSE") to fulfill Frontiers operations at SJU.

From 2017 onward, Plaintiff Lastra was a General Manager from Primeflight providing services at Frontier's operations at SJU under the SGHA. In addition to Frontier, Primeflight had similar contracts with SouthWest Airlines and American Airlines.

On or around 2017, co-defendant Paola Torres began working for Primeflight providing customer services at SJU under the same contract. Torres began working for Frontier as a *Stations Regional Supervisor* in July of 2018. By February 21, 2021, Torres began working as Frontier's General Manager at SJU under the SGHA and interacting with her counterpart at Primeflight, Plaintiff Lastra.

By the end of 2021, Frontier had documented multiple contract failures attributable to Primeflight being short-staffed. After several months, by April of 2022, the contract failures continued and also included serious issues with lack of GSE. Essentially, the volume of Frontier's operations at SJU was being underserved by Primeflight. All of this, despite Torres' attempts to resolve the matter locally with her counterpart, Plaintiff Lastra. In light of Plaintiff Lastra's repeated failure to address the issues, Torres escalated the matter within Frontier in early April. This led, in turn, to Rodrigo Calapaqui paying a visit to the SJU station in early May of 2022. Calapaqui is Primeflight's Regional Manager and Lastra's boss.

After said visit, Calapaqui essentially validated the multiple contract failures Torres' reported, in addition to negative feedback from Primeflight employees regarding Plaintiff Lastra's

lack of leadership and involvement, as well as disrespectful behavior. On May 8, 2022, Torres requested that Lastra and another supervisor from Primeflight, Hector Rodriguez, be removed from Frontier's operation, and Calapaqui then informed Torres that he would be her point of contact from then on, and on May 10 Torres was informed that Lastra was removed by Primeflight from Frontier's operations. Calapaqui would again visit the SJU operations at some point between late May and early June. The SJU station had improved significantly under the new leadership, which did not include Lastra. Torres formalized her request to have Plaintiff Lastra removed from Frontier's operations completely by late June of 2022.

Neither Torres nor Frontier had any authority to request that Plaintiff Lastra be terminated from employment with Primeflight, and they never made such a request. However, based on information and belief, Frontier was not the first nor only carrier to request that Plaintiff Lastra be removed from servicing their contract. To be clear, Frontier and Primeflight are not joint employers. See Rivera-Vega v. ConAgra, Inc., 70 F.3d 153, 163 (1st Cir. 1995) (listing relevant factors for joint employer analysis); Fortunato v. Capitol Sec. Police, Inc., No. 05-1861 (GAG), 2007 U.S. Dist. LEXIS 66889 (D.P.R. Sep. 10, 2007). Frontier employees do not supervise Primeflight employees, and neither did Torres, much less supervise Plaintiff Lastra. Frontier has no authority to hire, fire, or discipline employees, nor any authority to promulgate work rules, conditions of employment, and work assignments applicable to Primeflight employees. And Plaintiff Lastra is not part of a collective bargaining agreement, nor does Frontier participate in any possible negotiations between Primeflight and a collective bargaining unit, if they exist. Therefore, Primeflight and Frontier are not joint employers.

E. The Plaintiffs failed to state a claim upon which relief may be granted and they cease to state facts that justify the granting of a remedy in law in favor of the Plaintiffs and against the Defendants and therefore must be dismissed.

F. Plaintiffs' claims are time-barred, in whole or in part, by the applicable statutes of limitations.

G. Plaintiffs did not exhaust the requisite administrative remedies.

H. All and any amounts owed to Plaintiffs under applicable law have been paid.

I. Any and all decisions regarding Plaintiff Lastra's poor performance and/or communications with Primeflight were taken for good and just cause and legitimate business reasons and were not motivated by any discriminatory and/or retaliatory animus.

J. Defendants have acted consistently, responsibly, and diligently, and in accordance with established laws, regulations and policies.

K. Neither Frontier nor its employees or agents, such as Torres, acted arbitrarily or capriciously.

L. All actions and decisions with respect to Plaintiffs' employment were justified and motivated and taken for legitimate business reasons, always ensuring the proper and normal functioning of the business.

M. The Claimant does not have a valid claim on the basis of age discrimination under Law No. 100 of June 30, 1959, as amended, retaliation under Law No. 115 of December 20, 1991, nor under any other local or federal statute prohibiting discrimination and/or retaliation.

N. Respondent did not discriminate against Plaintiffs on the basis of age nor any other protected category under the law.

O. Neither Frontier nor its employees or agents made discriminatory comments or acts constituting unequal treatment, nor imposed more onerous conditions on the Plaintiff on the basis of his age, or for any other reason prohibited by law.

P. Even if there had been a discriminatory intent, which is denied, Frontier would have still required specific performance of their contract with Primeflight in light of the continued contract failures attributed to Plaintiff Lastra.

Q. Neither Frontier, nor its employees or agents acted negligently, discriminatorily, at fault, willfully, or intentionally in connection with the Plaintiffs' terms and conditions of employment with Primeflight. Nor did they act negligently, arbitrarily or capriciously.

R. Although Plaintiff Lastra was not a Frontier employee, Frontier has a policy that prohibits discrimination in employment. However, Frontier was never informed that Plaintiff Lastra filed any complaints with his employer, Primeflight.

S. The Plaintiffs have not established a prima facie case of discrimination on the grounds of age nor retaliation.

T. Frontier and Torres had legitimate, non-discriminatory, and non-retaliatory reasons for all of its complaints regarding Plaintiff Lastra's employment and Plaintiffs have no evidence of a pretext.

U. Neither Frontier nor Torres engaged in negligent or intentional conduct towards the Plaintiffs.

V. The conduct alleged in the Complaint did not constitute discrimination on the basis of age under any law.

W. Torres is not individually liable for the alleged age discrimination, nor any other claim.

X. Frontier did not engage in retaliation under Law No. 115 of December 20, 1991, as amended, or any other applicable law or regulation. In fact, since Frontier was not Plaintiff Lastra's employer, and pursuant to Puerto Rico law, Frontier nor Torres can be held liable for retaliation.

Y. In the alternative, even assuming the existence of a retaliatory animus, which we deny, Frontier and Torres would still have made the same complaints with respect to Plaintiff Lastra's poor performance.

Z. The conduct alleged in the Complaint did not occur. In the alternative, the conduct does not lead to retaliation.

AA. Plaintiffs did not engage in protected activity under Law No. 115.

BB. The alleged incidents, even taken as true, were isolated or genuinely trivial and/or the alleged conduct was not severe or repeated enough to constitute discrimination and/or retaliation against Plaintiff Lastra.

CC. Although Plaintiff Lastra was not a Frontier employee, at all relevant times Frontier had a policy prohibiting retaliation in employment.

DD. Although Plaintiff Lastra was not a Frontier employee, at all relevant times, Frontier exercised care to prevent and promptly correct any retaliation conduct.

EE. Plaintiff Lastra has not established a prima facie case of retaliation.

FF. There is no causal relationship between the alleged protected activity and the alleged adverse action.

GG. Under the evidentiary scheme of Law 115, Plaintiff Lastra cannot establish a claim of retaliation.

HH. Frontier and Torres had legitimate, non-retaliatory, reasons for all their actions regarding the any and all communications regarding their contract with Primeflight, which was

serviced by Plaintiff Lastra. Nor can Plaintiff Lastra establish that the reasons outlined by Frontier and Torres were pretexts, and that the actual reasons were based on retaliation and/or discrimination.

II. The damages alleged in the Complaint are speculative, nonexistent and/or grossly exaggerated.

JJ. There is no causal relationship between the damages allegedly suffered by Plaintiff Lastra and any action and/or omission that can be imputed to Frontier and/or Torres. Similarly, there is no causal relationship between the damages allegedly suffered by Plaintiff Huertas and any action and/or omission that can be imputed to Frontier and/or Torres.

KK. The Plaintiffs are not entitled to any damages.

LL. If Plaintiffs have suffered some damages, which Defendants deny, they were caused in whole or in part by the actions and/or omissions of the Plaintiffs or of third parties, for which neither Frontier nor Torres are legally liable.

MM. In the alternative and notwithstanding the foregoing, Plaintiff is solely responsible for the alleged damages.

NN. In the alternative and notwithstanding the foregoing, Plaintiff engaged in contributory negligence, and her alleged damages, if any, should be reduced in direct proportion with her negligence.

OO. Plaintiffs have a duty to mitigate the damages alleged in the Complaint, and the same should be denied or reduced to the extent that they have failed to comply with this duty.

PP. By failing to mitigate damages, Plaintiffs seek unjust enrichment.

QQ. Plaintiffs are not entitled to all, or part of the amounts claimed.

  RR. The filing of the Complaint constitutes recklessness, so Defendants have the right to recover the attorney's fees incurred in its defense.

SS. Plaintiffs' claims are barred by the doctrine of laches.

TT. Plaintiffs' claims are barred by the doctrine of waiver and/or estoppel.

UU. Employer immunity for accidents or employment-related conditions under the applicable statute.

VV. Any statement not specifically admitted is hereby denied.

WW. Plaintiffs are not entitled to costs or attorneys' fees.

XX. Defendants reserves the right to raise additional defenses or amend those already included on the basis of further discovery conducted in this case.

WHEREFORE, Defendants request this Honorable Court to take notice of the above and find Defendants free of any liability in connection to Plaintiffs' claims.

Respectfully submitted.

In San Juan, Puerto Rico, this 23rd day of November 2022.

WE HEREBY CERTIFY that on, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties through the CM/ECF system. Parties may access this filing through the Court's system.

**SCHUSTER LLC**
Attorneys for Defendants
PO Box 363128
San Juan, Puerto Rico 00936-3128
Telephone: (787) 765-4646
Telefax: (787) 765-4611

s/Anabel Rodríguez-Alonso
Anabel Rodríguez-Alonso
USDC PR No. 212509
arodriguez@salawpr.com

s/Daniel Limés-Rodriguez
Daniel Limés-Rodríguez
USDC PR No. 307505
dlimes@salawpr.com