# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS A. LASTRA CALDERÓN and YANIRA ROSARIO HUERTAS<br><br>Plaintiffs<br><br>v.<br><br>PRIMEFLIGHT AVIATION SERVICES, INC.; FRONTIER AIRLINES, INC.; RODRIGO CALAPAQUI; PAOLA TORRES; ASEGURADORAS ABC and XYZ<br><br>Defendants | CIVIL NO. 22-01559 (SCC) |

## OPPOSITION TO CODEFENDANT PAOLA TORRES' "MOTION TO DISMISS" (DOCKET #2) AND REQUEST FOR REMAND WITH IMPOSITION OF COSTS AND ATTORNEY'S FEES

**TO THE HONORABLE COURT:**

COME NOW Plaintiffs through the undersigned attorney, and very respectfully state and pray:

### I. PRELIMINARY STATEMENT

The undersigned is a seasoned attorney who litigates frequently before this Honorable District Court and is very aware of its jurisdictional requirements. As such, the instant case ("Querella") was correctly filed by the undersigned before the Puerto Rico Court of First Instance of San Juan ("TPI") because from its inception we knew there was no federal jurisdiction - neither diversity nor federal question - that would open the gates to this very guarded forum. Notwithstanding, codefendants Frontier Airlines, Inc. ("Frontier") and Paola Torres ("Torres"), with the consent of codefendants Primeflight Aviation Services, Inc. and Rodrigo Calapaqui, frivolously removed the Querella alleging "fraudulent joinder" and "forum shopping" from our

end. In reality, codefendants are the ones performing the undesirable forum shopping in an attempt to run away from their fault of not appearing within the timeframe mandated by Puerto Rico law and for which Superior Judge Hon. Iris Cancio correctly enter default against them on November 15, 2022.

Now, to avoid the fatal consequences of their inactions before the local court, Frontier and Torres - with the frivolous request for removal - also maneuvered to file a motion to dismiss Plaintiffs' causes of action against codefendant Torres (Docket No. 2). Obviously, codefendants must - early in the game - move to draw out codefendant Torres because she is a resident of Puerto Rico. Failing to do so will substantiate their meritless removal and "fraudulent joinder" nonsense. Although we would gladly welcome the opportunity to litigate this case in the Federal District Court of Puerto Rico, we cannot simply adopt an ostrich approach to codefendants' removal and validate their unsporting tactics. As herein discussed, codefendant Torres' motion to dismiss should be denied and the instant case remanded to the Court of First Instance, San Juan Superior Court, Civil No. SJ2022CV09136, with the imposition of "just costs and any actual, expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c); see also *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

## II. DISCUSSION

**A. Plaintiffs' Querella is well-pleaded and alleges enforceable local employment discrimination and torts claims against codefendant Torres, thus defeating her request to dismiss pursuant to Rule 12 (b)(6).**

A cursory review of the Querella shows that Plaintiffs included sufficient facts to suggest, at the pleading stage, that plaintiff Luis Lastra's ("Lastra") termination of employment was discriminatory for reason of age in violation of Law No. 100, 29 P.R. Laws Ann. §§ 146, et seq. ("Law 100"). The Querella also includes sufficient facts to suggest that co-defendant Torres is liable in her personal capacity for discriminating against Lastra inasmuch it follows from the allegations contained therewith that she was Frontier's General Manager in Puerto Rico, Lastra's

indirect supervisor and one of the decision makers involved in Lastra's termination of employment. Moreover, Plaintiffs were able to identify in the Querella that codefendant Torres along with codefendant Calapaqui colluded to demote and terminate Lastra's employment to replace him with 25-year-old Nicole Torres, who had zero experience in his functions and was codefendant Torres' sister. It is also well pleaded that Primeflight and Frontier are joint employers and are jointly liable to the Plaintiffs. To illustrate this Honorable Court we cite *in extenso* from the translation of the Querella submitted by codefendants with the removal (Docket No. 1, Exhibit 1):

> *"10.     Ms. Torres responds to Plaintiffs in her personal capacity under Article 1802 (now Article 1536 of the new Civil Code of Puerto Rico) and Law No. 100 of June 30, 1959, as amended, and its interpretative case-law for her discriminatory acts and for colluding with codefendant Mr. Calapaqui to demote and subsequently fire Mr. Lastra by reason of his age and replace him with another employee, her sister Nicole Torres who is approximately 25 years old and has zero experience in the tasks carried out by Mr. Lastra.*
> *(…)*
>
> *17.     At all relevant times, Primeflight and Frontier are a single employer ("joint employer"). In essence, Primeflight supplies personnel (staffing/manpower) to Frontier at Luis Muñoz Marín International Airport in San Juan, Puerto Rico ("SJU") and other airports nationwide.*
>
> *18.     The unique employer or single employer doctrine, recognized by our Supreme Court, was developed jurisprudentially by the federal courts and the National Labor Relations Board to protect the rights of the workers. Rodriguez Roman v. Government Development Bank, 151 DPR 383 (2000). This doctrine is generally relevant when dealing with companies that coexist. The aforementioned doctrine applies when two or more employers meet the following criteria: (1) interrelated operations; (2) centralized control of the labor relations; (3) common management, and (4) common property. Junta v. Asoc. Playa Azul I, 117 DPR 20 (1986). Although none of these four criteria is by itself only determinant, it is not necessary that all of them concur.*
>
> *19.     The analysis of whether both employers, or only one, will respond for a particular employment claim depends on several factors. Ocasio, 163 DPR at p. 678; see also Medina v. Adecco, 561 F. Supp. 2d 162 (2008). For example, it is pertinent to consider the degree of control exercised by each entity over the employee in the execution of his/her work. Depending on the particular circumstances of each case, it may happen that more than one company responds as employer simultaneously.*

*20.     As a Primeflight customer company, Frontier exercises a degree significant amount of control – both direct and indirect – over daily operations of Primeflight and the performance of the tasks and functions of its employees including Mr. Lastra.*

*21.     So, for example, Frontier's schedule dictates staffing or personnel levels and the shifts assigned to Primeflight employees; Primeflight adjusts the personnel based on Frontier's needs and requirements; Frontier can give day-to-day instructions to Primeflight's employees in the course of the performance of their jobs; even Frontier can have control over employment decisions over Primeflight' [employees]; Frontier interviews and selects employees for Primeflight at its offices; Primeflight conference calls were made from Frontier's office.*

*22.     Co-defendant Paola Torres is Frontier's General Manager in Puerto Rico and is substantially younger than plaintiff Mr. Lastra. By information and belief Mrs. Torres is 27 years old.*

*23. Before becoming Frontier's General Manager in Puerto Rico, Torres worked at Primeflight under the leadership of Mr. Lastra. He trained her and shared his vast experience with Torres.*

*(…)*

*25.     Mr. Lastra began to notice discriminatory treatment against him from Calapaqui and Torres which consisted on leaving him out of the operational discussions that always took place between Frontier and Primeflight; a suspicious interest on the part of Torres to accommodate in Primeflight's and Frontier's operation, her younger sister Nicole Torres, of approximately 25 years old and with zero experience in the industry; collusion so that Mr. Lastra looked bad when, for example, he required additional personnel or operational equipment (known in English as "GSE") from Calapaqui to meet the requests demanded by Torres and Calapqui denied the same, and then he went behind the scenes and approved it directly to Torres.*

*26.     On May 8, 2022, Ms. Torres and Mr. Calapaqui demoted Mr. Lastra by surprisingly removing him from his functions with Frontier so that Torres' younger sister – Nicole Torres who worked under Lastra's leadership, would replace him.*
*(…)*
*29. On July 7, 2022, Mr. Lastra was terminated from his employment and replaced by Torres' sister – Nicole Torres – who is approximately 25 years old and has zero experience in Mr. Lastra's position.*

*30. Mr. Lastra's discriminatory termination was due to interference and discriminatory animus of co-defendants Torres and Calapaqui who jointly engineered the discriminatory decision to terminate Mr. Lastra to accommodate Torres' younger sister – Nicole Torres – who replaced him since Lastra was demoted from his duties with Frontier."*

In spite of the well pleaded allegations in the Querella, codefendant Torres alleges that they are insufficient because she is under the wrong impression that there is no individual liability under

4

Law 100 in age discrimination cases. However, Torres' legal ideas rely on nonbinding authorities. That is, she does not cite any pertinent case law to support her contention. Moreover, Torres conveniently failed to cite recent case law also from sister courts in this district that resolved and allowed claims against individuals under law 100 to move forward. (*See*, Opinion and Order issued in *Ceballos-Germosen v. SAL*, 2020 WL 5985838.) The fact of the matter is that Law 100 allows for individual liability and neither the Supreme Court of Puerto Rico nor the Legislature of Puerto Rico have acted or ruled otherwise. See, *Rosario v. Dist. Kikuet, Inc.,* 151 D.P.R. 634 (2000).

Thus, the relevant question for this Honorable Court in assessing Plaintiffs' Querella as to plausibility is not whether it makes any particular factual allegations, but whether "the complaint warrant[s] dismissal because it failed <u>in toto</u> to render plaintiffs' entitlement to relief plausible." "There need not be a one-to-one relationship between any single allegation and a necessary element of the cause of action. **What counts is the "cumulative effect of the [complaint's] factual allegations**.'" See, *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49 (1st Cir. 2013), citing *Ocasio Hernández v. Fortuño-Burset*, 640 F.3d 1, 8 (1st Cir. 2011). (Our emphasis).

In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter that on its face and if accepted as true states a plausible claim to relief. The court must keep in mind that "the general rules of pleading require a short and plain statement of the claim that the pleader is entitled to relief…This short and plain statement need only give defendant fair notice of what the… claim is and the grounds upon which it rests. <u>Gargano v. Liberty Intern. Underwriters, Inc.</u>, 572 F. 3d 45, 48 (1st Cir. 2009) (internal citations and quotation marks omitted). Moreover, at the pleading stage, courts "… do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." See, *Ocasio-Hernández*, supra.

Besides, direct evidence of discrimination is not a sine qua non, see, *Rodriguez-Reyes*, supra, citing, *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012), (explaining that "smoking gun' proof of discrimination is rarely available, especially at the pleading stage"). For pleading purposes, circumstantial evidence often suffices to clarify "protean issues such as an actor's motive or intent." Id. That is so because when preparing the complaint, plaintiffs will rarely know the employer's intent in taking the challenged adverse action.

To that extent, the only requirement that an employment discrimination complaint must contain is a "short and plain statement of the claim showing that the pleader is entitled to relief." See, *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002), citing, Fed. Rule Civ. Proc. 8(a)(2). Thus, notice to the defendant that a particular challenged employment decision is both adverse and motivated by an identified discrimination such as age is sufficient.

Plaintiffs' submit to this Honorable Court that the array of circumstances described in their Querella suffices to support a notice to the codefendants that a particular challenged employment decision, i.e., Lastra's termination of employment, is both adverse and motivated by an identified discrimination, i.e., age.

In the present case, Plaintiffs' Querella gives details as to the reasons for which Torres is individually liable to them. As alleged, Primeflight and Frontier are joint employers. As such, Torres being Frontier's General Manager in Puerto Rico and an indirect supervisor of Lastra she exercised significant influence over Primeflight's operations at Puerto Rico and over Lastra. Torres along with Calapaqui were the ultimate decision makers in the termination of employment of Lastra. As alleged, said termination was discriminatory because of Lastra's age and to replace him with 24-year-old Nicole Torres, her sister. It simply follows at this stage that Torres is potentially liable to Lastra under Act 100 in her individual capacity. Thus, her motion to dismiss fails.

Same conclusion should be reached as to Torres' request for dismissal of plaintiff Yanira Rosario's ("Rosario") tort claim against her as Lastra's wife. Inasmuch, plaintiff Lastra's cause of action under Law 100 is well pleaded and codefendant Torres could be liable in her personal capacity, plaintiff Rosario's tort claim against Torres should remain in this legal action. The Supreme Court of Puerto Rico, in the case of *Santini Rivera v. Service Air, Inc.*, 137 D.P.R. 1 (1994), determined that the relatives of an employee who has been the victim of discriminatory treatment by his employer under Law No. 100, have their own cause of action under Article 1802 (now Article 1536 of the New Civil Code of Puerto Rico, 31 L.P.R.A. sec. 10801), to get compensation for the damages that they themselves have suffered as a result of the aforementioned labor discrimination.

**B. Codefendants frivolously and improperly removed the instant action from state court and thus, should be remanded to the Court of First Instance of Puerto Rico, San Juan Superior Part.**

As discussed earlier, it comes as no surprise that codefendants Frontier and Torres removed to federal court the captioned case shortly after Superior Court Judge Iris Cancio entered default against them for not appearing before her court within the statutory mandated deadline provided under the summary proceeding of Law No. 2 – October 17, 1961. And although we may be sympathetic with the idea of litigating before this Honorable Court, 'a court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte.'" In re *Plaza Martínez*, 747 F.3d 10, 12 (1st Cir. 2014) (quoting *Spooner v. EEN, Inc.*, 644 F.3d 62, 67 (1st Cir. 2011)). "When a civil action is originally filed in state court, removal to federal court is proper only if the action could have initially been brought in federal court." *Ortiz Bonilla v. Federación de Ajedrez de P.R., Inc.*, 734 F.3d 28, 34 (1st Cir. 2013) (citing 28 17 U.S.C. § 1441(a)). "Where it applies, diversity jurisdiction requires 'complete diversity of citizenship as between all plaintiffs and all defendants,'" meaning "diversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant." *Alvarez-Torres v. Ryder Mem'l Hosp.*, 582 F.3d 47, 53-54 (1st Cir.

2009) (quoting *ConnectU LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008)); see also 28 U.S.C. § 1332(a).

"[T]he removing party bears the burden of persuasion vis-à-vis the existence of federal jurisdiction." *López-Muñoz v. Triple-S Salud, Inc.*, 754 F.3d 1, 9 (1st Cir. 2014) (quoting *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am.*, 132 F.3d 824, 831 (1st Cir. 1997)). In particular, the party's notice of removal "must show that the . . . jurisdictional prerequisites for federal jurisdiction are met." *Romulus v. CVS Pharm., Inc.*, 770 F.3d 67, 80 (1st Cir. 8 2014). If "the removing party lacked an objectively reasonable basis for seeking removal," the court may require the party to pay just costs and any actual expenses, including attorney fees, incurred as a result of the removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 11 141 (2005) (construing 28 U.S.C. § 1447(c)).

In removing the action to this court, codefendants Frontier and Torres did so running away from the procedural landmine they had fallen in when the Superior Judge entered default against them for their failure to appear as mandated under local law. Notwithstanding, codefendants claim that Torres should be dismissed or ignored under the *fraudulent joinder doctrine* because they argue that only Lastra's employer can be held liable under Puerto Rico law for his termination of employment.

"[U]nder the doctrine of fraudulent joinder, removal is not defeated by the joinder of a non-diverse defendant where there is no reasonable possibility that the state's highest court would find that the complaint states a cause of action upon which relief may be granted against the non-diverse defendant." *Universal Truck & Equip. Co. v. Southworth-Milton, Inc.*, 765 F.3d 103, 108 (1st Cir. 2014). To invoke diversity jurisdiction by this means, the fraudulent joinder must be "apparent from the face of the original complaint." Id. at 108.

Nothing on the face of the Querella demonstrates that Torres has been fraudulently joined to the action. Plaintiffs reject codefendants' tone and manner in accusing us from fraudulently joining immaterial parties merely to defeat and avoid removal. As cited above, Plaintiffs sufficiently allege that Lastra was an employee of the defendants, who was wrongfully fired by co-defendant Torres, Frontier's General Manager under circumstances that show that defendants may not have had a reason to fire him other than a discriminatory desire to replace Lastra, with Torres' younger sister 24-year-old Nicole Torres. As such, codefendants have failed to prove that Torres has been fraudulently joined to the action. In fact, it is clear from the circumstances surrounding the removal that codefendants Frontier and Torres have done it with uncleaned hands to avoid facing the San Juan Superior Court.

### III. CONCLUSION

As shown above, codefendants Frontier and Torres lacked an objectively reasonable basis for seeking removal under diversity jurisdiction; except that it was done to escape from their responsibilities before the San Juan Superior Court. All that the removal will accomplish is unnecessary delay and needless litigation and expenses that will only affect the weaker side - Plaintiffs. Furthermore, Torres' request for dismissal is meritless inasmuch she cannot establish that the rule of law that provides for individual liability under Act No. 100 has changed. As such, codefendant Torres' motion to dismiss should be denied and the instant case remanded to the Court of First Instance, San Juan Superior Court, Civil No. SJ2022CV09136, with the imposition of just costs and any actual, expenses, including attorney fees, incurred as a result of the frivolous removal. 28 U.S.C. §1447(c); see also *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

**WHEREFORE**, Plaintiffs respectfully request from this Honorable Court to:

1) <u>deny</u> codefendant Torres' *Motion to Dismiss* (Docket No. 2);

2) <u>remand</u> the action to the Court of First Instance, San Juan Superior Court, Civil No. SJ2022CV09136; and

3) <u>order</u> codefendants to pay Plaintiffs' costs, expenses and attorney's fees pursuant 28 U.S.C. §1447(c).

RESPECTFULLY SUBMITTED.

I hereby certify that today I have electronically filed this motion with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all attorneys of record.

In San Juan, Puerto Rico, this 26th day of December, 2022.

*<u>s/ Jessica A. Figueroa Arce</u>*
Jessica A. Figueroa-Arce
USDC-PR No. 225206
jessica@figueroalc.com
300 Ave. La Sierra #135
San Juan PR 00926
T: (787) 630-9687
