IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS A. LASTRA CALDERÓN and YANIRA ROSARIO HUERTAS<br><br>Plaintiffs<br><br>v.<br><br>PRIMEFLIGHT AVIATION SERVICES INC.; FRONTIER AIRLINES, INC.; RODRIGO CALAPAQUI; PAOLA TORES; ASEGURADORAS ABC and XYZ<br><br>Defendants | CIVIL NO. 22-cv-01559<br><br>RE: Unjustified dismissal, age discrimination, retaliation damages |

**REPLY TO PLAINTIFFS' OPPOSITION OF MOTION TO DISMISS**

**TO THE HONORABLE COURT**:

**COMES NOW** Frontier Airlines, Inc. ("Frontier" or the "Company") and Paola Torres ("Torres") (collectively, the "Defendants"), by and through the undersigned counsel, without waiving any defenses, and respectfully state, allege and pray as follows:

On December 26, 2022, Plaintiffs filed their "Opposition to Codefendant Paola Torres' 'Motion to Dismiss' (Docket #2) and Request for Remand with Imposition of Costs and Attorney's Fees" (the "Opposition"). See Dkt. No. 16. Therein, Plaintiffs' request that this Court engage in unprecedented time travel. Time travel to a pre-Twombly/Iqbal era before the Supreme Court set forth the more exigent plausibility standard which, in turn, the various Circuits of the Federal Judicial system have developed for more than a decade. If that were not enough, time travel to when the Supreme Court of Puerto Rico had not yet espoused the contours of individual liability under State employment law, and sister courts within this district had yet to adopt said contours.

But, as far as Defendants know, no time machine exists as of yet, and Plaintiffs' Complaint simply cannot live in the past.

The inescapable reality is that Plaintiffs' conclusory statements reciting elements of the joint employer doctrine and/or the alleged causes of action are wholly insufficient to establish a valid claim under the applicable plausibility standard. Simply stating that Torres engaged in "discriminatory acts" is not enough. Moreover, Plaintiffs mischaracterize Defendants' argument as asserting a total ban on individual liability under Law 100,[1] when Defendants have clearly argued that the conduct alleged in the Complaint, even though not well-pled, **still does not give rise to individual liability**. Specifically, case law from the Supreme Court of Puerto Rico establishes that individual liability attaches depending on the alleged adverse employment actions, that is, whether there was conduct that only an employer could perform, such as a demotion, or whether there were actions that no one should perform, such as sexual harassment. That is, even if taking the Complaint's conclusory statements as true and moving on to the second step in the requisite analysis, Torres' alleged adverse employment acts all revolve around Plaintiff Lastra's demotion and termination, **conduct which is not actionable against the individual but only the employer**. Failure to address these issues is fatal to Plaintiffs' Opposition and, consequently, the Complaint. Therefore, and based on the applicable standards of law, Plaintiffs' claims against Torres should be dismissed with prejudice.

**A. Under the applicable plausibility standard, Plaintiffs have failed to state a valid claim for relief against Torres.**

Notably, Plaintiffs Opposition omits any reference to the heightened pleading standard established by the Supreme Court of the United States. Instead, Plaintiffs argue that "the only requirement that an employment discrimination complaint must contain is a 'short and plain

---

[1] Law No. 100 of June 30, 2959, as amended, P.R. Laws Ann. tit. 29, §§ 149 *et seq.* ("Law 100").

statement of the claim showing that the pleader is entitled to relief'" and quote Swierkiewicz v. Sorema, 534 U.S. 506 (2002). There is no mention to First Circuit binding precedent discussing "the two-step process under the current context-based 'plausibility' standard established by the Supreme Court." Rivera v. Marriott International, Inc., Civil No. 19-1894 (GAG), 2020 WL 1933968, at *2 (D.P.R. April 22, 2020) (citing Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir.2012) (internal citations omitted). Nor is there any mention to the fact that, at the first step, the Court must "'isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements.'" Id. (quoting Schatz, 669 F.3d at 55). Although a complaint need not necessarily provide detailed factual allegations, "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009)). Defendants argue that the Complaint fails to state a valid claim against Torres, in part, **because no factual allegations survive this first step**.

  In their Opposition, Plaintiffs cite *in extenso* to the Complaint, see Opposition at 3-4, but the allegations cited only highlight the insufficiency of their pleadings. Of the twelve (12) paragraphs quoted, at least five (5) are legal discussions and/or conclusions reciting the elements of the "joint employer doctrine", see id. at ¶¶ 17-21 which are totally irrelevant to Torres as an individual defendant. The remainder fare no better with conclusory allegations that Torres engaged in "discriminatory acts", "discriminatory treatment" and "discriminatory animus", see id. at ¶¶10, 25, 30. More importantly, Plaintiffs cannot use a conclusory allegation of the applicability of the joint employer doctrine to bootstrap factual allegations regarding Torres' role in Lastra's employment with PrimeFlight. This is evidenced by Plaintiffs' argument:

> As **alleged**, Primeflight and Frontier are joint employers. **As such**, Torres being Frontier's General Manager in Puerto Rico and an indirect supervisor of Lastra she

>exercised significant influence over Primeflight's operations at Puerto Rico and over Lastra. Torres along with Calapaqui were the ultimate decision makers in the termination of employment of Lastra.

*Opposition* at 6. Plaintiffs' allegations present a typical example of self-referential bootstrapping if there ever was one: Frontier and PrimeFlight are joint employers, therefore Torres exercised control over Lastra and, since she exercised control over Lastra, they are joint employers. Defendants submit that none of these allegations survive the first step of the requisite analysis under First Circuit binding precedent. In any event, even if some of the conclusory statements are considered well-pled factual allegations and are assumed true, the Complaint still fails to state a valid claim of individual liability under Law 100.

**B. The alleged conduct does not create individual liability: Only the employer can demote or terminate an employee, not an individual person.**

To be clear, Defendants do not argue that Law 100 bars all individual liability under all circumstances. That is not the case. However, the Supreme Court of Puerto Rico has consistently limited individual liability in employment-discrimination claims to very specific conduct, excluding from individual liability those acts that only an employer, as a separate entity, could perform. Specifically, and most recently, the Supreme Court of Puerto Rico distinguished previous case law, which found individual liability against the sexual harasser, from other types of prohibited conduct that can only be performed by the employer, such as demotions and terminations, which do not lead to individual liability attaching to any of the employer's agents/supervisors, but only to the employer themselves. This is so because the latter are significantly more in line with "prohibitions 'refer[ring] to duties that correspond to the employer or to acts that can only be committed by him.'" Villamia v. MVP Auto Corp., 433 F. Supp. 3d 261, 272 (D.P.R. 2020) (quoting Caballer-Rivera v. Adriel Toyota, 200 D.P.R. 120 (2018), official translation at p. 5). That is, a person, in their *individual capacity*, cannot terminate an employee

4

who also works for the same employer, only the *employer* can even though the supervisor might be delivering the news. But that person can, in fact, sexually harass another employee in their *individual capacity*.

Puerto Rico's Supreme Court's reasoning is on solid ground, and sister courts within this district have followed suit and explained in detail the judicial development of the individual liability doctrine. See Villamia v. MVP Auto Corp., 433 F. Supp. 3d 261, 269-270 (D.P.R. 2020); González-Santiago v. Baxter Healthcare S.A., No. 16-2929 (PAD), 2021 U.S. Dist. LEXIS 61512 (D.P.R. Mar. 29, 2021).[2] Plaintiffs' attempt at defeating this point is two-fold: first, mischaracterizing Defendants argument and, second, erroneously insinuating that individual liability always attaches under Law 100. See *Opposition* at 5. As explained, defendants never argued that no individual liability could attach under Law 100 in age discrimination cases (although we are unaware of any case law affirmatively holding so). Our position is much more specific (and stronger): The discriminatory acts alleged in the Complaint do not give rise to individual liability. Plaintiffs simply failed to establish how Torres' alleged conduct[3] can give rise to individual liability, and their claims should be dismissed accordingly.

Nonetheless, Plaintiffs assert we "conveniently" failed to cite another recent case from a sister court within this district which allowed sexual discrimination claims under Law 100, Law 69 and Law 17 to continue against individual defendants. See *Opposition* at 5. However, the operative Complaint here **does not include these types of claims**, but only of discrimination on the basis of age, and the cases cited by Torres show the correct analysis because they did not

---

[2] We have included as exhibits the official translations of relevant case law from the Supreme Court of Puerto Rico, one of which was taken from Villamía's court docket: Rosario Toledo v. Distribuidora Kikuet, 151 D.P.R. 634 (2000) (**Exhibit 1**); Santiago Nieves v. Braulio Agosto Motors, Inc., 197 D.P.R. 369 (2017) (**Exhibit 2**); Caballer Rivera v. Nidea Corporation, 200 D.P.R. 120 (2018) (**Exhibit 3**).

[3] These could be summarized as follows: Torres' role in Lastra's demotion/termination; along with Calapaqui they excluded Lastra from certain discussions; having an interest in her sister working for PrimeFlight; that co-defendant Calapaqui approved Torres' requests. See *Opposition* at 3-4 ¶¶ 10, 25-26, 30.

5

include discussions pertaining to claims of sexual discrimination or harassment. More to the point, Torres is not individually liable because the alleged conduct is not harassment, sexual or otherwise, but centers on Lastra's demotions and termination. Additionally, in said case the district court made no mention of the recent developments from the Puerto Rico Supreme Court in 2017 and 2018, possibly because the parties did not brief the Court on these points. Therefore, it cannot be held to interpret applicable standard since it did not address it. We reiterate, Plaintiffs have failed to allege sufficient conduct on behalf of Torres to establish a valid claim of individual liability for alleged age discrimination and, accordingly, Plaintiff Rosario's contingent claims must also be dismissed.

## CONCLUSION

The Complaint lacks sufficient factual allegations to survive the plausibility standard: A well-pled complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). But those are, essentially, the allegations of the Complaint. Even worse, the few allegations regarding Torres, conclusory as they may be, do not establish individual liability under Law 100. Plaintiffs' Opposition deflects these pressing matters, seemingly returning to a different era when a different legal standard applied. Unfortunately for them, it does not, and the Complaint fails to set forth a claim upon which relief can be granted against Torres in her individual capacity.

**WHEREFORE**, Defendants respectfully requests that this Honorable Court dismiss Plaintiffs' claims against co-defendant Torres.

Respectfully submitted.

In San Juan, Puerto Rico, this 30th day of December 2022.

WE HEREBY CERTIFY that on, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties through the CM/ECF system. Parties may access this filing through the Court's system.

**SCHUSTER LLC**
Attorneys for Defendants
PO Box 363128
San Juan, Puerto Rico 00936-3128
Telephone: (787) 765-4646
Telefax: (787) 765-4611

s/Anabel Rodríguez-Alonso
Anabel Rodríguez-Alonso
USDC PR No. 212509
arodriguez@salawpr.com


s/Daniel Limés-Rodriguez
Daniel Limés-Rodríguez
USDC PR No. 307505
dlimes@salawpr.com