⚠ Caution
As of: December 29, 2022 8:28 PM Z

# *Rosario Toledo v. Distribuidora Kikuet, Inc.*

Supreme Court of Puerto Rico

June 29, 2000, Decided

No. CC-98-388

**Reporter**
2000 TSPR 107; 151 D.P.R. 634; 2000 PR Sup. LEXIS 102

Keyla Rosario Toledo et al., Plaintiffs and respondents v. Distribuidora Kikuet, Inc. et al., Defendants and petitioners

**Notice:** OFFICIAL TRANSLATION

**Disposition:** Therefore, the judgment of the Circuit Court of Appeals is modified for the purpose of reversing the part that denied dismissal of the complaint filed in this case against the Conjugal Partnership constituted by the Mangual spouses and, consequently, judgment is rendered to dismiss the complaint filed against said Partnership. Thus modified, the judgment below is affirmed. The case is remanded to the Court of First Instance for further proceedings consistent with this decision.

## Core Terms

partnership, conjugal, sexual harassment, spouse, cause of action, employees, benefits, includes, gender discrimination

**Judges:** CHIEF JUSTICE ANDRÉU GARCÍA delivered the opinion of the Court.

**Opinion by:** ANDREU GARCÍA

## Opinion

CHIEF JUSTICE ANDRÉU GARCÍA delivered the opinion of the Court.

San Juan, Puerto Rico, June 29, 2000

Does the definition of "employer" contained in labor laws that prohibit discrimination in employment,[1] sexual harassment,[2] and gender discrimination[3] extend to a company president and supervisor of an alleged victim of sexual harassment when he was directly engaged in the conduct charged against him?

I

On February 27, 1996, Keyla Rosario Toledo and Javier Vázquez filed a sexual harassment, pregnancy discrimination, sex discrimination, wrongful discharge, and wage claim action against Distribuidora Kikuet, Distribuidora Kikuet II, Enrique Mangual Flores, his wife Olga Mangual, and the conjugal partnership constituted by both, alleging that Mangual Flores had engaged in sexually harassing conduct toward Rosario [Toledo], the alleged victim. As stated in the complaint, Mangual Flores is the president and/or majority stockholder and/or chief owner of the corporation or business (Kikuet) for which Rosario Toledo worked at the time of the events alleged in the complaint.

In their answer, the Mangual spouses alleged, as an affirmative defense, that the complainants had no cause of action against them in their personal capacity or against the conjugal partnership constituted by them because they were never Rosario Toledo's employers. On those grounds, they sought summary dismissal of the complaint.

Rosario Toledo and Vázquez acquiesced to the dismissal of the causes of action under the laws that govern wrongful discharge, wage claims and pregnancy discrimination, and filed an opposition to the dismissal of the causes of action based on gender discrimination

---

[1] Act No. 100 of June 30, 1959.

[2] Act No. 17 of April 22, 1988.

[3] Act No. 69 of July 6, 1985.

and sexual harassment; that is, the causes of action governed by the *cited* Acts Nos. 17, 100, and 69.[4]

On April 29, 1997, the Court of First Instance rendered Partial Summary Judgment dismissing the causes of action raised against respondents for wrongful discharge, wage claim and pregnancy discrimination. Said court did not pass judgment on the dismissal of the causes of action for *gender discrimination and sexual harassment*.

On June 10, 1997, the Mangual spouses and the conjugal partnership constituted by both reiterated their request with regard to said causes of action. However, the trial court denied dismissal because it had doubts about the causal nexus between Mangual Flores's acts and the damage suffered by the complainants, and held that summary dismissal did not lie because there were issues of fact still to be decided.

Aggrieved, the Mangual spouses resorted to the Circuit Court of Appeals, which affirmed the trial court's decision. They timely sought reconsideration, arguing that the controversy raised was an issue of law and that for the purpose of resolving this particular incident, they accepted the allegations in the complaint as true. The Court of Appeals denied reconsideration. On motion of the Mangual spouses, we gave the claimants time to show cause why we should not reverse. They appeared and acquiesced to the dismissal with regard to Olga Mangual, thus limiting the controversy to the existence of a cause of action under the mentioned statutes against Mangual Flores and against the conjugal partnership.

With the benefit of the parties' briefs, we are ready to decide.

II

There is no doubt that the laws on which the complaint is grounded imposes civil liability on the "employer" for sex discrimination in employment and for sexual harassment. The issue here is whether the term "employer" includes its agents, officers, administrators and supervisors, among other persons that are part of the company, when it is alleged—as in this case—and subsequently shown that they engaged in conduct banned by the mentioned statutes.

[**1**] Section 2(2) of Act No. 17 of April 22, 1988 (*29 L.P.R.A. § 155a*) (sexual harassment in employment), provides:

> (2) *Employer*. - Any natural or juridical person of any kind, the Government of the Commonwealth of Puerto Rico, including each of its three Branches and its instrumentalities or public corporations, municipal governments and any of its municipal instrumentalities or corporations which employ persons for any kind of compensation, for profit or non-profit purposes, *and their agents and supervisors*. It also includes labor unions and other organizations, groups or associations in which employees participate for the purpose of negotiating the terms and conditions of their employment with the employers, as well as employment agencies. [Emphasis added.]

[**2**] In turn, sec. 2(2) of Act No. 69 of July 6, 1985 (*29 L.P.R.A. § 1322(2)*) (gender discrimination), provides:

> (2) *Employer*. - Includes any natural or juridical person that employs laborers, workers or employees, *and the chief agent, official, manager, officer, managing partner, administrator, superintendent, foreman, overseer or representative of said natural or [juridical] person*. [Emphasis added.]

[**3**] Likewise, sec. 6(2) of Act No. 100 of June 30, 1959 (*29 L.P.R.A. § 151(2)*) (discrimination in employment), provides:

> (2) *Employer*. — Includes any natural or [juridical] person employing laborers, workers or employees, *and the chief official, manager, officer, managing partner, administrator, superintendent, foreman, overseer, agent or representative of such natural or artificial person*. It shall include all such agencies or instrumentalities of the Government of Puerto Rico as may be operating as private businesses or enterprises. [Emphasis added.]

On their face, these provisions clearly show that this case presents a pure question of law, whose adjudication does not require an evidentiary hearing.

Thus clarified, we notice that Mangual Flores's main argument is that the Legislative Assembly did not intend to make company agents or supervisors liable for their discriminatory acts under Acts Nos. 17, 69, and 100. He contends: "The doctrine adopted [by the Legislative Assembly] was that the employer is [exclusively] liable for the discriminatory acts of its employees, agents, and supervisors," for which reason they are not liable for

---

[4] See nn. 1-3.

such acts *even if they actually committed them*. Petition for Certiorari at 6. His conclusion is grounded on the recommendations made by the Women's Affairs Committee on the bill that became Act No. 17,[5] and on sec. 5 of that same statute.[6] However, he makes absolutely no reference to the statutory definitions of "employer."

The complainants, in turn, contend that all that Mangual Flores has been able to show is that under Acts Nos. 17, 69, and 100, the employer is liable for the acts of his or her agents, officials, administrators, and supervisors. On the other hand, they contend that the wording of the statutory definitions of "employer" expressly includes the employer's agents, officials, administrators and supervisors among the natural persons who are civilly liable for acts of gender discrimination and sexual harassment, when they directly or indirectly engage in conduct banned by these acts.

III

[4] Discovering and implementing the true aims of the Legislative Power is a guiding principle of hermeneutics. 1 R. Elfrén Bernier and José A. Cuevas Segarra, *Aprobación e interpretación de las leyes en Puerto Rico* 241-242, San Juan, Pubs. J.T.S. (2d ed. 1987); To fulfill this purpose, courts must first heed the letter of the statutory provision at issue; when it is clear and free from all ambiguity, the letter of the law should not be disregarded under the pretext of fulfilling its spirit. Civil Code *sec. 14* (*31 L.P.R.A. § 14*).

[5] Such is the situation under our consideration: the text of the cited legal provisions is clear and free from ambiguities. Acts Nos. 17, 69, and 100 prohibit sexual harassment and discrimination in employment and impose liability and penalties on the employer. Their definitions of "employer" include the employer's supervisors, officials, administrators and agents, and invoke the unequivocal intention of the Legislative Assembly to make them liable for workplace sexual harassment acts when committed by them.

[6] In view of such clarity and lack of ambiguity, there is no need to look beyond the letter of the law in search of the legislative intent. When the law is clear, it is not subject to interpretations. See *Vázquez v. A.R.P.E., 128 D.P.R. 513 [28 P.R. Offic. Trans. ___ ] (1991)*; *Rodríguez v. Méndez & Co., 147 D.P.R. 734 [47 P.R. Offic. Trans. ___ ] (1999)*.

[7] Mangual Flores invokes caselaw from the United States District Court for the District of Puerto Rico as grounds for his conclusion that despite the clarity of the cited statutory provisions, the employer's supervisors and agents are not civilly liable for sexual harassment acts. The cases he cites are limited to construing the scope of the definition contained in Title VII, *42 U.S.C. § 2000e*, regarding the application of the federal statute, which certainly prohibits, among other things, sexual harassment in employment. Said statute defines the term "employer" as follows:

> The term "employer" means a person engaged in an industry affecting commerce who has *fifteen or more* employees ... and any agent of such a person .... [Emphasis added.]

We thus see that the mentioned federal statute only applies to employers who have fifteen or more employees. It is within the context of this limitation that the United States District Court for the District of Puerto Rico and other district courts have concluded that *it would be incomprehensible to attach Title VII liability to a company's agents when the very text of the law reveals that the lawmaker's intent was not to hold liable those employers who had less than fifteen employees*. Our statute—which is the one at issue here—has a much wider scope than the mentioned federal statute, since it includes all kinds of employers, regardless of the

---

[5] [The Report of the Senate Committee on Women's Affairs on S.B. 1437] stated:

> "A statute that effectively protects employees from sexual harassment in the workplace must require the employer's affirmative and concrete participation. It is the employer—as the one who exerts the greatest control over the workers and the workplace and who receives the fruits of their collective labor—who has the greatest responsibility to guarantee a work environment in which there is respect and dignity for all workers. Reality has shown that the best way to guarantee employer commitment in this regard is to adopt measures such as establishing absolute employer liability and imposing economic sanctions, as well as making the employer responsible for taking preventive measures in the workplace."

Petition for certiorari at [7]. (Emphasis suppressed.)

[6] Section 5 of Act No. 17 (**29 L.P.R.A. § 155d**) provides:

> "An employer shall be guilty of sexual harassment in employment *based on his actions* and those of his agents or supervisors, regardless of whether or not the specific acts being disputed were authorized or prohibited by the employer and regardless of whether the employer knew or should have known about said behavior." [Emphasis added.]

number of employees they may have, as well as their supervisors, officials, administrators, and agents. Therefore, those decisions are not applicable to this case.

[**8**] The purpose of labor laws is eminently social and remedial in nature. *Acevedo v. P.R. Sun Oil Co., 145 D.P.R. 752 [45 P.R. Offic. Trans. —] (1998)*. These laws are the tools used to protect the working class from workplace sexual harassment and discrimination acts committed by the employer, and it is imperative to construe them liberally in favor of those who they seek to protect. See: *Acevedo v. P.R. Sun Oil Co., 145 D.P.R. at 768 [45 P.R. Offic. Trans. at __]*; *Torres v. Star Kist Caribe, Inc., 134 D.P.R. 1024 [34 P.R. Offic. Trans. __] (1994)*; *Agosto Serrano v. F.S.E., 132 D.P.R. 866 [32 P.R. Offic. Trans. __] (1993)*.

[**9**] In sum, we hold that Mangual Flores is an "employer" under Acts Nos. 17, 69, and 100, and, as such, he is personally liable for his own sexual harassment acts. Said conclusion is further supported by the fact that a glaring contradiction would arise from an interpretation that, on the one hand, holds the real employer—that is, the owner of the company—solely liable for the sexual harassment acts committed by his or her supervisors, officials, administrators and agents, and, on the other hand, grants them immunity even though they are the direct tortfeasors. By holding the owner of the company liable for the sexually harassing conduct of these supervisors, officials, administrators and agents, the lawmaker intended to encourage the employer's affirmative and concrete participation in order to guarantee an environment of respect and dignity for all workers. (See n. 5). For that reason, we cannot believe that the lawmaker intended at the same time to encourage the conduct prohibited by the statute by granting immunity to those supervisors, officials, administrators and agents so that they may engage in such conduct with impunity. That is why the lawmaker provided in sec. 11 of Act No. 17: "*Any person responsible for sexual harassment in employment, as defined by [secs. 1 to 13 of] this Act, shall incur civil liability ....*" 1988 P.R. Laws at 81. It is evident that said provision is not limited to the real employer or company owner, but extends to any person liable for the conduct in question, without distinctions of any kind. The error assigned was not committed.

IV

Now then, is respondent Mangual Flores's conjugal partnership solidarily liable for his own sexual harassment acts?

[**10**] Petitioners contend that there is no cause of action against the conjugal partnership in this case because it is not and never has been Rosario [Toledo]'s employer. Civil Code sec. 1310 (*31 L.P.R.A. § 3663*) provides:

> The payment of debts contracted by the husband or by the wife, before marriage, shall not be borne by the partnership.
>
> *Neither shall it bear the payment of fines or of pecuniary condemnations which may be imposed on either of them.*
>
> However, the payment of debts contracted by the husband or by the wife, prior to the marriage, and that of fines and condemnations imposed on either of them, may be claimed against the partnership property, after covering the expenses, mentioned in *section 3661* of this title, if the debtor spouse should have no private capital, or were it insufficient; but at the time of the liquidation of the partnership the payments, made for the specified causes, shall be charged to said spouse. [Emphasis added.]

Respondents, in turn, invoke the cited section to contend that the conjugal partnership being sued is an indispensable party to this case "because it shall be liable to plaintiffs-respondents if [Mangual Flores]'s assets are insufficient to satisfy the judgment that may be rendered in due time against him." Motion in Compliance with Court Order at 6. We do not agree.

Pursuant to the clear provisions of above-copied Civil Code sec. 1310, when one of the spouses has no assets of his or her own to provide indemnification, or when these assets are insufficient, suit may be brought against the assets of the conjugal partnership only after the separate assets of the legally liable spouse are exhausted. *Quiñones López v. Manzano Pozas, 141 D.P.R. 139 [41 P.R. Offic. Trans. __] (1996)*. In these cases, the liability of the conjugal partnership is subsidiary. Civil Code sec. 1310.

[**11**] As a rule, the payment of fines and money judgments imposed on one of the spouses is not charged to the conjugal partnership. However, in *Lugo Montalvo v. González Mañón, 104 D.P.R. 372, 378 [4 P.R. Offic. Trans. 517, 524] (1975)*, we set forth an exception to said general rule:

> *It seems evident, then, that the doctrine understands, quite rightfully in our opinion, that when the fine or penalty is produced by the commission of an offense, as a general rule ... the liability is something personal of the spouse who*

*committed it;* but in the case of [noncontractual or tort] liability, the liability shall be personal or of the community according to the facts which gave rise to it. *It is generally recognized that if the husband's action or enterprise produces financial benefits to the bulk of the community property, the liability shall also fall upon said property.* As Scaevola states, "he who expects profits, should also expect losses," [a] principle [that] in his opinion has been governing in matters of partnership from time immemorial. [Emphasis added.]

[**12**] In that case, we held that the conjugal partnership was liable for the damage caused by an alleged medical malpractice, since defendant González Mañón's professional economical endeavor benefited the bulk of the community property. *Id.* at 379 [4 P.R. Offic. Trans. at 525-526]. Likewise, in *Albaladejo v. Vilella Suau, 106 D.P.R. 331 [6 P.R. Offic. Trans. 472] (1977)*, we imposed liability on the conjugal partnership for the damage caused in an automobile accident in which defendant Vilella Suau was driving the vehicle involved in the accident in the course of his employment, inasmuch as a spouse's employment benefits the conjugal partnership.

[**13**] However, in *Orta v. Padilla Ayala, 131 D.P.R. 227 [31 P.R. Offic. Trans. __] (1992)*, we held that a mayor's conjugal partnership was not solidarily liable for the *intentional* damage caused by him in the discharge of his official duties simply because the conjugal partnership benefits economically from said officer's income. This is the same conclusion we must reach in the instant case.

[**14**] Here it was alleged that Mangual Flores sexually harassed Rosario Toledo while he was president of the company and her supervisor. Although the alleged acts were committed by Mangual Flores while he held a position in the company of which petitioner Rosario Toledo was an employee, in the workplace, during working hours, and since his employment benefits the conjugal partnership, clearly his *intentional act* of sexually harassing an employee in no manner benefits the conjugal partnership or advances the purposes of marriage; therefore, the financial consequences should not be borne by the entire community property. Any liability that may attach to the conjugal partnership shall be *subsidiary* after exhausting the separate property of the liable spouse, as required by Civil Code sec. 1310, and in any case, after the judgment rendered against said spouse becomes final and unappealable. It is at the execution of judgment stage that the innocent spouse may have the right to be included in the motion for execution, to be summoned or subpoenaed therewith, and to be heard, in order to protect his or her rights and those of the conjugal partnership prior to the indispensable court determination that the guilty spouse has no assets to satisfy the judgment or that such assets are insufficient to satisfy the totality of said judgment, and that the conjugal partnership had enough assets to satisfy the debts and obligations set forth in Civil Code sec. 1308 (*31 L.P.R.A. § 3661*). See *Cruz Viera v. Registrador, 118 D.P.R. 911, 915-916 [18 P.R. Offic. Trans. 1046, 1052] (1987)*.

V

[**15-16**] For the foregoing reasons, this Court holds that a company agent, official, administrator or supervisor incurs personal civil liability under Acts Nos. 17, 69, and 100, in addition to the real employer, for the sexual harassment acts committed by him or her against a worker or employee of said employer. The Court also holds that the conjugal partnership is not liable for the damage caused by the sexual harassment acts committed by one of the spouses.

**End of Document**