CERTIFIED TRANSLATION

200 D.P.R. 120, 2018 WL 2107928 (P.R.), 2018 TSPR 65

GRETCHEN **CABALLER** RIVERA, Petitioner,
v.
NIDEA CORPORATION d/b/a **ADRIEL** TOYOTA, NELSON IRIZARRY, HÉCTOR RUBERT, NICOLÁS AMARO and JOHN DOE, Defendants.

At the Supreme Court of Puerto Rico.
*Number:* CC-2015-0888
Decided*:* April 19, 2018
April 19, 2018.

. . .

**Synopsis**
*CERTIORARI* of a JUDGMENT of *Troadio González Vargas, Sol de Borinquen Cintrón Cintrón* and *Mirinda Y. Vicenty Nazario,* Judge of the Court of Appeals, which upholds the partial judgment issued by the Court of First Instance which determined that the allegations of the claim do not demonstrate that Ms. Gretchen Caballer Rivera has the right to any remedy against Mr. Hector Rubert and Mr. Nicolás Amaro. *The determination of the Court of Appeal is upheld. The Court of Appeals acted correctly in ruling that there is no personal cause of action against an employer's agents and supervisors for acts of retaliation under Laws 69 of July 6, 1985 and 17 of April 22, 1988. According to the provisions against retaliation in these statutes, the employer and not its agents and supervisors are liable in their personal capacity. The case is remanded to the Court of First Instance for further proceedings as set forth herein.*

*Rafael A. Ortiz-Mendoza and José J. Nazario de la Rosa, counsel for the petitioner; Victor M. Rivera Torres, of the law firm Rivera Colón, Rivera Torres & Ríos Berly, counsel for Nivea Corporation, respondent.*

ASSOCIATE JUSTICE MARTINEZ TORRES issued the opinion of the Court.

It is for us to determine whether the agents and supervisors of an employer are personally liable for acts of retaliation under Laws No. 69 and No. 17. For the reasons set forth below, we rule that our legal system does not provide for such.

I

Ms. Gretchen Caballer Rivera was employed by Nidea Corporation d/b/a Adriel Toyota (Nidea) from June 18, 2012 to January 8, 2014. On May 23, 2014 she filed a complaint against Nidea and Nelson Irizarry, Hector Rubert and Nicolás Amaro for sexual harassment in employment, discrimination on the basis of sex, retaliation and wrongful dismissal. In the claim, Ms. Caballer Rivera argued that she had causes of action under Laws 115,. 69 and 17, among other legal provisions. She claimed that during 2013 she was sexually harassed by Mr. Irizarry, who was the dealership's financing manager. She stated that Mr. Irizarry imposed on her as a condition of employment that she submit to his sexual advances. She indicated that once ***124** she asked Mr. Irizarry to desist from these acts, he began a pattern of labor harassment and retaliation against her. She also argued that the co-defendant Héctor Rubert (general manager of "Adriel Auto" in Barranquitas) and Nicolás Amaro (owner of Nidea) retaliated against her once she complained about the behavior of sexual harassment Mr. Irizarry was engaging in. She also included Nidea, in her claim of retaliation, as her employer.

Following several procedural proceedings, on June 20, 2014, Mr. Rubert and Mr. Amaro filed a motion for dismissal alleging that they were not civilly liable because they did not engage in acts of sexual harassment. They argued that, even taking as certain the facts alleged by Ms. Caballer Rivera, the law, and in particular Law 115, does not provide for any cause of action for retaliation against the person who engages in such conduct, but rather only against the employer of the complaining employee.

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

On January 8, 2015, the Court of First Instance issued a partial judgment in which it found that the complaint's arguments do not demonstrate that Ms. Caballer Rivera has the right to remedy against Mr. Rubert and Mr. Amaro. It stated that in order for a supervisor, officer or agent of a company to be able to he held civilly liable in his personal capacity to an employee who had been victim of sexual harassment, he/she should have been the author of the harassing conduct, according to _Rosario v. Dist. Kikuet, Inc._, 151 DPR 634 (2000). On the other hand, it indicated that the Retaliation Act, Law 115, states that any cause of action would be filed against the employer. Since Ms. Caballer Rivera's argument against Mr. Rubert and Mr. Amaro was solely for acts of retaliation, the first Court of First Instance dismissed the complaint against them under Rule 6.1 of Civil Procedure, 32 P.R. Laws Ann. **125** Ap. V. Petitioner Caballer Rivera requested reconsideration of the decision. The court responded with a "denied."

As she did not agree, Ms. Caballer Rivera filed a petition for _certiorari_ before the Court of Appeals. She claimed that the Court of First Instance erroneously determined that she had no right to a remedy against Mr. Rubert and Mr. Amaro, not only under Law 115, but also under other labor laws, such as Acts No. 69 and No. 17.

The Court of Appeals reiterated the analysis of the Court of First Instance. It notified a judgment in which it upheld the Court of First Instance's partial judgment . Subsequently, it denied a motion for reconsideration filed by Ms. Caballer Rivera.

As she did not agree, on October 22, 2015, Ms. Caballer Rivera filed a request for _certiorari_ before us. She alleged that the Court of Appeal erred in determining that she had no right to a remedy against Mr. Rubert and Mr. Amaro under Acts No. 115, No. 69 and No. 17, as they did not engage in acts of sexual harassment.

Upon submission of the _certiorari_ petition, we issued an order for the defendant party to show cause for which we should not revoke the Court of Appeals. We've examined the submission, issued the _certiorari_, and decided.

**II**

**[1]** Law 69 of July 6, 1985, 29 P.R. Laws Ann. sec. 1321 _et seq._, was adopted in our laws to specifically prohibit discrimination in employment on the basis of sex. Article 3 of this Act, 29 P.R. Laws Ann. sec. 1323, prohibits an employer from making any adverse employment decision regarding a person because of their gender. **126**

**[2]** On the other hand, sexual harassment at work is prohibited by Law 17 of April 22, 1988, 29 P.R. Laws Ann. sec. 155 _et seq._. This statute was adopted to strengthen existing legislation on sexual harassment so that this particular aspect of sex discrimination was expressly prohibited and clearly established as a public policy. Joint Report of the Senate Bill. 1437, 10th Legislative Assembly, 4th Ordinary Session (March 23, 1988), p. 9. Article 3 of this measure, 29 P.R. Laws Ann. sec. 155(b), prohibits any unwanted sexual advances at work, requirements of sexual favors and any other verbal or physical conduct of a sexual nature that interferes with a person's work, constitutes an intimidating or offensive environment, or acceptance or rejection is used as a basis for employing a person or influencing their working conditions.

These laws of a compensatory nature are part of a legislative scheme aimed at implementing the State's public policy against sexual discrimination. _Suárez Ruiz v. Figueroa Colón_, 145 DPR 142, 148–149 (1998). To ensure their effectiveness, both laws impose affirmative duties on the employer. They also contain specific provisions prohibiting retaliation. Prohibitions against retaliation serve to lend effectiveness the statutes and ensure that the employer cannot use coercion, intimidation or financial need of the victim of sexual discrimination or harassment to prevent action against it.

**[3]** Article 20 of Law 69, 29 P.R. Laws Ann. sec. 1340, provides that



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

> [i]t shall be an unfair labor practice for an employer, labor union or joint labor-management committee that controls apprenticeship, training or retraining programs, including on-the-job training programs, to dismiss or discriminate against any employee or participant **\*127** who files a complaint or charge, or is opposed to discriminatory practices, or participates in an investigation or suit for discriminatory practices against the employer, labor union or joint labor-management committee.

[4] To establish civil liability for violating the provisions of Law 69, Article 21, <u>29 P.R. Laws Ann. sec. 1341</u>, states that

> [a]ny person, employer and labor organization, as they are defined herein, who is guilty of anything prohibited by this chapter:
>
> (a) Shall incur civil liability. [...]

[5] Moreover, Article 9 of Law 17, <u>29 P.R. Laws Ann. sec. 155(h)</u>, provides:

> An employer shall be held liable pursuant to the provisions of secs. 155-155m of this title when he carries out any action that results in adversely affecting the opportunities, terms and working conditions of any person who has rejected the employer's practices that are in conflict with the provisions of secs. 155-155m of this title or who has filed a complaint or suit, given testimony, collaborated or participated in any other manner in an investigation, procedure or hearing that is initiated under secs. 155-155m of this title.

[6] Then, in order to establish civil liability for violating the provisions of this measure, Article 11 of Law 17, <u>29 P.R. Laws Ann. sec. 155(j)</u> states that "[a]ny person liable for sexual harassment in employment, as defined by secs. 155 to 155m of this title, shall incur civil liability".

### III

The controversy in this case requires us to know whether the legislator intended to hold the agents and supervisors of an employer accountable in their personal capacity for acts of retaliation under Laws No. 69 and No. 17. Therefore, with respect to the **\*128** provisions about retaliation included in these statutes, we must determine whether the concept "employer" should be interpreted in a way that includes agents, officers and supervisors, among other persons who are part of the company.

[7] Law 69 defines "employer" as "any natural or juridical person that employs laborers, workers or employees, and the chief, agent, official, manager, officer, managing partner, administrator, superintendent, foreman, overseer or representative of said natural or legal person." Law 69, <u>29 P.R. Laws Ann. sec. 1322</u>.

This definition is broad. However, as Article 2 of this law states, the definitions apply "for the purposes of this chapter and except where they are clearly incompatible with the purpose of this chapter". <u>29 P.R. Laws Ann. sec. 1322</u>. Therefore, when the law mentions "employer" it will not always refer to the same thing. In each article that mentions "employer", the nature of the liability or prohibition imposed should be assessed in order to know which components of that broad definition the liability or prohibition applies to.

[8] On the other hand, paragraph (2) of Article 2 of Law 17, <u>29 P.R. Laws Ann. sec. 155(a)(2)</u>, defines "employer" as

> [...] any natural or legal person of any kind, the Government of the Commonwealth of Puerto Rico, including each of its three Branches and its instrumentalities or public corporations, municipal governments and any of its instrumentalities or municipal corporations, whether for profit or not for profit, employ

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

individuals through any kind of compensation and their agents and supervisors. It also includes workers' organizations and other organizations, groups or associations in which employees participate for the purpose of negotiate with employers on the terms and conditions of employment, as well as employment agencies.

**[9]** Like Law 69, Law 17 contains provisions in which "employer" must be interpreted in a limited manner. For example, through Art. 6, **\*129** 29 P.R. Laws Ann. sec. 155(e), this statute imposes liability on the employer "for any acts of sexual harassment towards the employees in the workplace, if the employer or its agents or its supervisors knew or should have been aware of such conduct unless the employer proves that it took immediate and appropriate action to correct the situation." Likewise, Art. 10, 29 P.R. Laws Ann. sec. 155(i), imposes on the employer the duty to maintain the workplace free from sexual harassment and intimidation, as well as to give adequate publicity to its policy against harassment in the workplace, and to establish appropriate and effective internal procedures to address harassment claims.

Clearly, sometimes the legislature used "employer" to refer only to the employer as an employment entity. In these contexts, agents and supervisors are excluded, as the law refers to duties that belong to the employer or acts that can only be committed by the employer. Thus, the liable subject varies depending on the proscribed behavior. This difference is crucial when looking at retaliatory provisions.

In *Rosario v. Dist. Kikuet, Inc.*, *supra*, the controversy was whether under Laws 69, 17 and 100 of June 30, 1959, 29 P.R. Laws Ann. sec. 146 *et seq.*, the owner and supervisor of a company may be held liable in their personal capacity for the acts of sexual harassment that he allegedly committed. There we resolved that a supervisor was an "employer" and that, therefore, there was a personal cause of action against him for his own acts of sexual harassment. That conclusion was based, in part, on an extensive interpretation of language in Article 11 of Law 17, *supra*. This provision states that "[a]ny person liable for sexual harassment in **\*130** employment as defined by secs. 155 to 155m of this title, shall incur civil liability". Id.

The Court also based its determination on the intent to prevent, on the one hand, the actual employer — this is, the owner of the company — from being solely liable for the acts of sexual harassment carried out by his supervisors, officers, administrators and agents, and on the other hand, give them immunity despite being the direct perpetrators of the damage. *Rosario v. Dist. Kikuet, Inc.*, supra, pp. 644–645.

On that occasion, it was not necessary for us to conduct an analysis on the other prohibitions set forth in various articles of Law 17, since the particular facts of *Rosario v. Dist. Kikuet, Inc.*, supra, were exclusively about sexually harassing behavior. Thus, it was not established that such an extensive interpretation of Article 11 applied in the same way to the retaliation provision in Law 17. Therefore, for the purposes of applying the precedent of *Rosario v. Dist. Kikuet, Inc.*, supra, in the present case, we must distinguish between acts of sexual harassment and acts of retaliation.

**[10]** In sexual harassment, the perpetrator is always the one who carries out the acts. The personal action against the harasser is due to the harasser committing the acts, and the action against the employer is because it knew or should have known about the situation and did not take steps to correct it.

**[11]** On the other hand, acts of retaliation always constitute actions committed by the employer as an employment entity (actual employer). When it comes to retaliation, a supervisor, officer, administrator or agent performs actions under the power of the actual employer. The actual employer is the only perpetrator, since the acts of retaliation are its own, regardless of who performs them in its name or following its instructions. It could not be otherwise since, different from sexual harassment, the individual motives or interests of the agent do not alter the analysis. What is relevant **\*131** is that the agent is exercising the power that the employer delegated to him. The latter is liable because "ultimately it is the employer who has the power to decide the employment status of an employee". *Santiago Nieves v. Braulio Agosto Motors*, 197 DPR 369, 380 (2017).

**[12]** Our reasoning finds support in the Joint Report of Law 17, which provides that

> [...] the agent is the person with such absolute authority to make decisions on behalf of the employer who is an alter ego of the latter and for all practical purposes equals to an action of the employer itself. [...] [I]t is

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

necessary a degree of control or authority of the nature set forth above in order for him to be considered an agent. (Our Emphasis). Joint Report of S.P. 1437, above, p. 13.

**[13]** It is that "degree of control or authority" that gives an agent the power to take actions that are adverse to an employee because, in order to carry them out, he/she must necessarily have power over the aggrieved employee. Discriminatory actions from one person without control over the employment of another could constitute acts constituting harassment or discrimination. On the other hand, those same acts performed against a subordinate, after that subordinate has filed a complaint, may constitute retaliation. In that sense, the power relationship is crucial. That power always comes from the actual employer, even if an agent or supervisor has full freedom to exercise it.

Different is the case of sexual harassment. Anyone could sexually harass another within the work environment, regardless of the degree of control or authority they hold.

**[14]** In *Santiago Nieves v. Braulio Agosto Motors*, supra, we answered the question of whether Law 115 of December 20, 1991, [29 P.R. Laws Ann. secs. 194 *et seq.*](), allows a personal cause of action against the owner of a company and its president, for committing acts of **\*132** retaliation against an employee. No reasonable analysis of what is decided in that case would lead us to conclude that the imposition of civil liability on "every person" in Acts No. 69 and No. 17 extends to provisions against retaliation in these same laws. The main distinction we made in *Santiago Nieves v. Braulio Agosto Motors,* supra, between Law 17 and Law 115 to differentiate it from the resolved in *Rosario v. Dist. Kikuet, Inc.*, supra, was not limited to the textual matter of "every person" or "every employer". The essential factor is, deep down, who has the capacity to commit the outlawed act. This interpretation "ensures that the responsibility contemplated lies with the entity with the true capacity to retaliate." *Santiago Nieves v. Braulio Agosto Motors*, supra, p. 383. Thus, "the employer, as a subject with full control over the employment situation of the employee, will be liable according to the law for the conduct of his agents". Id.
In this case, Nidea is the employer of Ms. Caballer Rivera for the purpose of initiating a civil complaint for retaliation under Laws No. 69 and No. 17. Since Mr. Rubert and Mr. Amaro are agents of Nidea, there are no claims for retaliation against them.

**V**

On the grounds set out above, *the determination of the Court of Appeal is confirmed. The Court of Appeals acted correctly in ruling that there is no personal cause action against an employer's agents and supervisors for acts of retaliation under Acts No. 69 and No. 17. According to the provisions against retaliation in these statutes, the employer responds and not its agents and supervisors in their personal capacity. The case is returned to the Court of First Instance for further proceedings as set out herein.* **\*133**

Chief Justice Oronoz Rodríguez issued a dissenting opinion, which was joined by Associate Justice Ms.Rodríguez Rodríguez. Associate Justice Rivera Garcia issued a dissenting opinion. Associate Justice. Estrella Martínez does not intervene.

--O--

Dissenting opinion issued by Chief Justice Oronoz Rodríguez, joined by Associate Ms.Justice Rodríguez Rodríguez.

A majority of this Court rules that it is prohibited to file a claim under Laws 69 of July 6, 1985 and 17 of April 22, 1988 against the agent of an employer, in his personal capacity, when he engages in acts of retaliation. In ruling in this way, it ignores the letter of the law and its interpretative jurisprudence. It also supports with civil impunity the perpetrator of the retaliation. Based on the grounds laid out below, I dissent.

**I**



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

Ms. Gretchen Caballer Rivera complained against Nidea Corporation and Nelson Irizarry, Hector Rubert and Mr. Nicolás Amaro. She claimed that, after working for several years for Nidea Corporation, she was wrongly dismissed and that during the years she worked there she was the object of sexual harassment, sex discrimination and retaliation by the defendants. In essence, she claimed that, while working as Sales Executive for the "Adriel Auto" vehicle dealership in Barranquitas, she was sexually harassed by the co-defendant Nelson Irizarry (finance manager). In addition, she argued that the co-defendants Héctor Rubert (general manager of "Adriel Auto" in Barranquitas) and Nicolás Amaro *134 (owner of Nidea Corporation) retaliated against her when she complained about Mr. Irizarry's sexually harassing behavior.

The co-defendants Rubert and Amaro requested the dismissal of the claims filed against them. According to them, even taking the facts alleged by the plaintiff as true, the law does not allow action against the person who commits acts of retaliation, but rather only against the actual employer of the complainant employee. Moreover, they argued that, if there is no claim for sexual harassment against them, the complaint should be dismissed.

The Court of First Instance accepted the request and rejected the claim with regards to the movants Rubert and Amaro. It concluded that Laws No. 115-1991 and 17-1988 impose only civil liability on the employer, and not on the agents or officials of the employer in their personal capacity. It further mentioned that, as an exception, this Court in *Rosario v. Dist. Kikuet, Inc.*, 151 DPR 634 (2000), imposed civil liability on the owner of a company for his own acts of sexual harassment. According to this legislation, the Court of First Instance concluded that the only scenario in which co-defendants Rubert and Amaro could be liable would be if they had been the authors of harassment. Since Ms. Caballer Rivera only accused the co-defendants of acts of retaliation in their personal capacity, the Court of First Instance dismissed the complaint against them.

In disagreement, Ms. Caballer Rivera appealed the judgment. It noted that the Court of First Instance erred in determining that she was not entitled to any remedy against Rubert and Amaro under Law 115-1991, or other labor laws, such as Laws 69 of July 6, 1985 and 17 of April 22, 1988. However, the Court of Appeal upheld the opinion of the Court of First Instance.

Still in disagreement, Ms. Caballer Rivera brought an action for *certiorari* before this Court. Upon consideration of her request, we issued an order for the moved party *135 to show cause for which we should not revoke the Court of Appeals.

II

The Constitution of Puerto Rico recognizes human dignity as an inviolable right. From that essential guarantee derives particular rights such as the protections for private life and the anti-discrimination clauses enshrined in our Bill of Rights. Article II, Secs. 1 and 8, Const. ELA (Commonwealth Constitution), P.R. Laws Ann., Volume 1. See also *Albino v. Ángel Martínez, Inc.*, 171 DPR 457, 470 (2007). In compliance with its ministerial duty to protect these constitutional guarantees, the Legislative Assembly adopted a legal scheme of a compensatory nature in the area of labor. *Suárez Ruiz v. Figueroa Colón*, 145 DPR 142, 148–149 (1998). This scheme seeks to implement the State's public policy against discrimination and other undesirable practices by establishing civil liability and sanctions. Id.

In line with the foregoing, Laws 69 of July 6, 1985 (29 P.R. Laws Ann. sec. 1321 *et seq.* and 17 of April 22, 1988 (29 P.R. Laws Ann. sec. 155 *et seq.* prohibit, respectively, sexual discrimination and sexual harassment in the workplace.[1] These laws specifically define what constitutes proscribed substantive conduct, either because it occurs in the workplace or because it is associated with the working environment or working conditions. For this purpose, Article 3 of Law 69 prohibits making an adverse employment decision against a person on the basis of his or her sex. 29 P.R. Laws Ann. sec. 1323. Moreover, Article 3 of Law 17 prohibits sexual advances in the workplace that interfere with a person's work, constitute an intimidating or offensive *136 environment, or the acceptance or

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

rejection of which is used as a basis for employing or influencing a person's working conditions. 29 P.R. Laws Ann. sec. 155b.

In addition, these laws establish additional prohibitions, as well as preventive and affirmative duties, to feasible eradicate proscribed substantive conduct and thus effectively protect the rights involved.[2] Hence, for example, both laws prevent an employer from retaliating against an employee who: (1) makes a complaint or (2) initiates or participates in any investigation against the employer for discriminatory or harrassing practices. Article 20 of Law 69, above, 29 P.R. Laws Ann. sec. 1340; Article 9 of Law 17, above, 29 P.R. Laws Ann. sec. 155h. See also *Cintrón v. Ritz Carlton*, 162 DPR 32 (2004) (where Law 69 was recognized as providing a cause of action for retaliation).

Thus, the Retaliation Act, Law 115-1991 29 P.R. Laws Ann. sec. 194 *et seq.*, is not the only statute that supports employees against acts of retaliation. Acts No. 69 and No. 17 also provide similar causes of action to the extent that the impeached substantive conduct is regulated by these laws. *S.L.G. Rivera Carrasquillo v. A.A.A.*, 177 DPR 345, 365 (2009) ("In Puerto Rico, in addition to Law 115 and Law 80, there are other local laws that protect workers from retaliation by their employers"). See also C. Zeno Santiago **137** and V.M. Bermúdez Pérez, *Treaty on Labor Law*, San Juan, Pubs. JTS, T.I., 2003, p. 361. Through those provisions, the legislature covered with effectiveness the rights and protections provided in these labor laws.[3] This, since without such vigorous protection, the party harmed by circumstances of discrimination on the basis of sex or sexual harassment would not be in a position to actually enforce its rights.

### III

A. The Court has previously faced the question of whether, in outlawing certain conduct in the labor field, the agents of an employer who engage in such conduct respond in their personal capacity. This controversy arises mostly for two reasons. First, because of the comprehensive way in which labor laws often define the concept *employer*, thus including its agents and supervisors,[4] and second, by the particular language that **138** is used when imposing civil liability, since in some occasions is imposed on "every person", while in others it is imposed on the "employer".

In particular, this Court has expressed itself on two occasions in regard to this dispute. The first occasion was in *Rosario v. Dist. Kikuet, Inc.*, supra, which addressed the question whether, under Laws 17, 69 and 100 of June 30, 1959, an owner and a company supervisor responded in his personal capacity for sexually harassing an employee. The second occasion occurred recently, in *Santiago Nieves v. Braulio Agosto Motors*, 197 DPR 369 (2017), where the disjunction was whether, to the pallium of Law 115-1991, a company owner responded in his personal capacity for his own acts of retaliation.

In *Rosario v. Dist. Kikuet, Inc.*, supra, the responding party questioned the feasibility of a personal action. Argued that "´[t]he doctrine adopted [by the Legislative Assembly] was that the employer is [exclusively] liable for the discriminatory acts committed by its employees, agents and supervisors´, so that they are not liable for such acts even if they are committed by themselves." (Brackets in the original and emphasis suppressed). Id., pp. 641–642.

However, this Court used as a basis the comprehensive definition of *employer* in Laws 69, 17 and 100 to rule otherwise. Thus, it determined **139** that, to the extent that civil liability for proscribed conduct under these laws fall upon the employer, and that in turn the definition of employer encompassed supervisors, administrators and agents, the latter were accountable in their personal capacity for the acts of sexual harassment committed by them.[5]

Apart from finding that the definition of employer supplemented the "unequivocal intention" of the Legislative Assembly to hold accountable persons who engage in sexual harassment in their personal capacity, this Court also considered other criteria. *Rosario v. Dist. Kikuet, Inc.*, supra, pp. 643–645. Among these, it commented that it would be a contradiction to interpret that the legislature only wanted to hold the actual employer accountable for acts of discrimination or sexual harassment, giving immunity to the direct authors from the damage caused. The Court also stated that Law 17 not only encompasses the term employer, but also provides that "[a]ny person liable for sexual harassment in employment [...] will incur liability." (Brackets and emphasis on the original). Id., p. 645.

In *Santiago Nieves v. Braulio Agosto Motors*, above, the background controversy was virtually identical, but the conduct in question and the legal basis alluded varied. This Court then had to examine whether Law 115-1991

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

allowed a personal cause of action against the owner of a company and its president, who allegedly retaliate against the employee. In interpreting Law 115-1991, this Court did not resort to the definition of employer, as it did in *Rosario v. Dist. Kikuet, Inc*., supra, to determine whether personal liability should be imposed. A Majority of this Court then opined that according to a structural analysis of Law 115-1991, it should be understood that the **\*140** broad definition of employer only implies that the actual employer is *vicariously* accountable for the actions of its agents. *Santiago Nieves v. Braulio Agosto Motors*, supra, pp. 378–379. Thus, this Court ruled differently than it had ruled in *Rosario v. Dist. Kikuet, Inc*., supra.6

From that understanding, *Santiago Nieves v. Braulio Agosto Motors*, supra, ruled that Law 115-1991 does not provide a personal cause of action for acts of retaliation. However, at the same time, recognized the possibility of holding the agents of an employer personally liable under other labor laws. Thus, taking part of the analysis in *Rosario v. Dist. Kikuet, Inc*., supra, in *Santiago Nieves v. Braulio Agosto Motors*, above, a Majority of this Court compared the specific articles of labor laws that establish the compensation scheme of civil liability. In this way, it distinguished those laws that impose civil liability on "every person" vis a vis those that merely hold the "employer". *Santiago Nieves v. Braulio Agosto Motors*, supra, pp. 379–380. It did not rule out that under the protection of the first group any person who engaged in proscribed conduct was held liable in his personal capacity, but found that Law 115-1991 was in the second group for lack of homologous disposition. Id.

B. In interpreting existing labor laws, this Court should provide greater coherence between them, rather than dissonance. *Santiago Nieves v. Braulio Agosto Motors*, above, p. 388 (opinion of conformity in part and dissident in part of Judge President Oronoz Rodríguez).

With the above in mind, it should be noted that Laws 69 and 17 share a similar broadly composed structure of four areas: (1) public policy **\*141** declaration;7 (2) definition of concepts; (3) prohibitions and duties, and (4) setting of liability and sanctions. It may also be noted that these laws share three specific elements for the purposes of this case.

First, both laws provide an all-encompassing definition of the employer concept, so its provisions are extended to acts incurred by officials, supervisors and other agents of the employer. Second, both laws prohibit an employer, as defined, from retaliating against an employee who initiates a proceeding or complaint under what the laws themselves outlaw. And third, both laws provide that any person who engages in the proscribed conduct in them shall be civilly liable.

1. Section 2 of Law 69 states that the concept *employer* includes "any natural or juridical person that employs laborers, workers or employees, and the chief, agent, official, manager, officer, managing partner, administrator, superintendent, foreman, overseer or representative of said natural or legal person." (Emphasis Added). 29 P.R. Laws Ann. sec. 1322(2).

Then, as part of the series of prohibitions and proscribed practices, Article 20 provides:

> It shall be an unfair labor practice for an employer, labor union or joint labor-management committee that controls apprenticeship, training or retraining programs, including on-the-job training programs, to dismiss or discriminate against any employee or participant who files a complaint or charge, or is opposed to discriminatory practices, or participates in an investigation or suit for discriminatory practices against the employer, labor union or joint labor-management committee. 29 P.R. Laws Ann. sec. 1340.

Finally, Article 21 establishes the civil liability that comes with violating the prohibitions in the law **\*142** as follows: "*Any person, employer* and labor union, *as they are defined herein, who is guilty of anything prohibited by this chapter (a) [s]hall incur civil liability*." (Emphasis Added). 29 P.R. Laws Ann. sec. 1341.

2. Article 2 of Law 17 provides that the employer concept includes the following:

> Any natural or juridical person of any kind, the Government of the Commonwealth of Puerto Rico, including each of its three Branches and its instrumentalities or public corporations, municipal governments and any of its municipal instrumentalities or corporations which employ persons for any kind of compensation, for profit or non-profit purposes, and their agents and supervisors. It also includes labor unions and other organizations, groups or associations in which employees participate for the purpose of

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

> negotiating the terms and conditions of their employment with the employers, as well as employment agencies. (Emphasis Added). 29 P.R. Laws Ann. sec. 155a(2).

In turn, this law establishes prohibitions and duties, including in its Art. 9 the following:

> An employer shall be held liable pursuant to the provisions of secs. 155 to 155m of this title whenever it carries out any action that results in adversely affecting the opportunities, terms and working conditions of any person who has rejected the employer's practices that are in conflict with the provisions of secs. 155 to 155m of this title or who has filed a complaint or suit, given testimony, collaborated or participated in any other manner in an investigation, procedure or hearing that is initiated under secs. 155 to 155m of this title. 29 P.R. Laws Ann. sec. 155h,

Lastly, Article 11 lays down the civil liability that proceeds as follows: "*Any person* liable for sexual harassment in employment, *as defined by* secs. 155 *to 155m of this title, shall incur civil liability*". (Emphasis Added). 29 P.R. Laws Ann. 29 P.R. Laws Ann. sec. 155j.

C. As the applicable state of law is exposed, it is necessary to examine whether Laws 69 and 17 allow any action against **\*143** an agent of an employer, in their personal capacity, for their own acts of retaliation.

In *Rosario v. Dist. Kikuet, Inc.*, supra, this Court ruled that the definition of employer under Acts No. 17 and No. 69 was "clea[r] and free of ambiguity", so there was "no need to look beyond the letter in search of legislative intent". Id., p. 643. On the basis of the circumstances of this case, it was held that the "definitions of 'employer' include the supervisors, officers, administrators and agents of the latter, and invoke the unequivocal intention of the Legislative Assembly to hold them accountable for acts of sexual harassment in employment when such acts are committed by them." Id.[8]

The analysis in this case should be analogous, considering that it deals with the same laws and, therefore, the same definitions of the concept employer. On one hand, Law 69 includes in its definition of employer the "chief, agent, official, manager, officer, managing partner, administrator, superintendent, foreman, overseer or representative". 29 P.R. Laws Ann. sec. 1322(2). On the other hand, Law 17 provides that its definition of employer includes "its agents and supervisors". 29 P.R. Laws Ann. sec. 155a(2). Furthermore, both laws prohibit that this employer, as previously defined, engage in acts of retaliation, subject to civil liability.

In this sense, a consistent analysis with *Rosario v. Dist. Kikuet, Inc*., supra, leads me to conclude that the same legislative intention found there, by virtue of the clear and broad letter of the law— meaning, that of personally holding accountable any person who is included in the definition of employer — applies to the present case. **\*144**

However, in *Santiago Nieves v. Braulio Agosto Motors*, supra, it was auscultated in another place the legislative intention to find liable an agent of an employer in their personal capacity under another labor law. It was suggested that what was decisive was the language used in the articles that specifically impose civil liability, but not the definition of the employer concept.[9] Thus, Law 115-1991 was contrasted, which holds the employer liable for the conduct outlawed there, with Acts No. 69 and No. 17, which impose civil liability on any person.[10]

If, as in *Santiago Nieves v. Braulio Agosto Motors*, supra, a Majority of this Court resorts on this occasion to the Arts. in Laws 69 and 17 imposing civil liability, it reinforces the conclusion that the agents of an employer must be held accountable in their personal capacity. This is because both laws provide that *any person* who engages in outlawed conduct will be civilly liable. For this reason, even as a corollary to what was solved in *Santiago Nieves v. Braulio Agosto Motors*, supra, Laws 69 and 17 constitute "labor laws in which the legislator created a cause of action against any person who engages in the conduct proscribed and not just against the employer." Id., p.e 380.

Such personal liability of civil responsibility would apply against an agent who engages in acts of retaliation, since such conduct is prohibited by Laws 69 and 17. Thus, since the scope of civil liability of these laws, with all their personal scope reach, is not limited to the substantive proscribed conduct, but extends **\*145** to the prohibitions and duties established therein. It is logical that this is the case, since in these labor laws the legislature did not impose merely a number of social aspirations, but established prohibitions and binding duties with their respective sanctions.[11]

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

The legislator also stated that civil liability would proceed for any violation of those laws. To this end, note that Law 69 imposes civil liability on the person who incurs in "any of the prohibitions" provided for therein. 29 P.R. Laws Ann. sec. 1341. Moreover, Law 17 imposes civil liability on any person who engages in sexual harassment, "as defined in the secs. 155 to 155m of that title", thus covering the entire environment of conduct which the legislature considered to constitute or promote sexual harassment in the workplace. 29 P.R. Laws Ann. sec. 155j.

It is therefore necessary to forcefully conclude that the encompassing definitions of *employers*, as interpreted in *Rosario v. Dist. Kikuet, Inc.*, supra, as well as the breadth of articles imposing civil liability, according to the very logic of a Majority in *Santiago Nieves v. Braulio Agosto Motors*, supra, makes personally liable to those who violate the provisions of Acts No. 69 and No. 17.

D. Finally, two core issues should be pointed out and underlined with regard to the majority view.

First, as a Majority of this Court points out,12 Article 2 of Law 69-1985 could limit the extension of the definition of the term "employer" in certain ***146** circumstances since it provides that the definition established will apply "except where the definition is *manifestly incompatibl*[*e*] with the purposes [of the statute]." 29 P.R. Laws Ann. sec. 1322. However, the majority opinion does not advance any argument to demonstrate why the application of the statutory definition would be *manifestly incompatible* in this case of retaliation.

Instead, our Legislative Assembly ruled and declared in Law 69 that "*the values of equality and freedom expressed in the Constitution* of the Commonwealth of Puerto Rico *constitute the cornerstone of Puerto Rican society*". (Emphasis added). 29 P.R. Laws Ann. sec. 1321. This law outlaws sex discrimination in employment, and its north is "to ensure strict compliance with the constitutional guarantee that all persons have so that they are not discriminated against on the basis of their sex". Id. Article 20 of that law, on the other hand, prohibits retaliation against a person who opposes discriminatory practices by seeking help by filing a grievance or complaint, or for their participation in an investigation or proceeding against the employer. 29 P.R. Laws Ann. sec. 1340. Finally, Article 21 imposes civil liability not only on the employer, as defined, but also on "*every person*". (Emphasis added).29 P.R. Laws Ann. sec. 1341.13 I therefore consider that it is not manifestly incompatible with the purposes of Law 69 to impose civil liability on an agent of the employer, who violated the rights of the employee, as established by the Legislative Assembly. Therefore, Article 2 of Law 69 should not circumscribe the statutory definition of "employer" in this case. **147**

In addition, in Law 17, the Legislative Assembly ruled and declared as a public policy that "sexual harassment in employment is a form of discrimination on the basis of sex and as such *constitutes an illegal and undesirable practice that violates the principle established that the dignity of the human being is inviolable.*" (Emphasis added). 29 P.R. Laws Ann. sec. 155. It should be noted that, unlike Law 69, the application of the definition of "employer" in Law 17 is not conditional on it not being "manifestly incompatible". That said, Law 17 also includes the agents of the employer in its definition of "employer" and also imposes civil liability on "everyone".

Thus, and secondly, the majority opinion suggests that the analysis of this case should not be analogous to that of *Rosario v. Dist. Kikuet, Inc.*, supra, because these are the same laws and definitions, but not the same behavior. To support this position, it distinguishes "between acts of sexual harassment and acts of retaliation".14 Reason that, in the case of sexual harassment, "the author is always the one who carries out the acts", while in the case of retaliation "[t]he actual employer is the author, for the acts of retaliation are its own, regardless of who carries them out in its name or following its instructions."15

I disagree. Even if the final decision of whether or not to dismiss an employee may be from the actual employer, the ordinary agent has authority to carry out multiple acts affecting the terms and conditions of that employee, thus constituting acts of retaliation. The agent may, for example: (1) alter the conditions of employment; (2) change the employee's shift to disfavor him; (3) modify the tasks to the detriment of the employee; (4) hinder promotion opportunities, and (5) recommend that the employer terminate him. The employer's agent therefore plays **148** an active role in decision-making against the employee for retaliation. Thus, by characterizing the agent as an *alter ego*, the legislator's intention was to extend civil liability beyond the actual employer. According to the broad text of the law, the legislator held the agent personally accountable for being an instrumental actor in violating the employee's rights. To conclude otherwise would be to presume that the legislature included redundant language.16 However, the legislature broadly defined the term "employer" and imposed civil liability on both the "employer" and "every

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

person" under the two laws at issue in this case. This, together with statutory public policy, must mean something. If there is any doubt, it is a repeated principle of hermeneutics of this Court that,

> [t]he Puerto Rico's labor legislation is aimed at promoting working-class social justice, ensuring greater protection of its labor rights. Its essence is remedial or restorative. Therefore, *its judicial interpretation must be liberal and broad, so that the objectives that gave rise to it can be achieved. In this interpretative process, any doubt as to the application of a legal employment provision must be resolved in favor of the employee*. (Omitted scholium and emphasis added). Orsini García v. Srio. de Hacienda, 177 DPR 596, 614–615 (2009). See also: Figueroa Rivera v. El Telar, Inc., 178 DPR 701, 723–724 (2010) (Law 80); S.L.G. Rivera Carrasquillo v. A.A.A., above, p. 363 (Law 115); *Cintron v. Ritz Carlton*, above, p. 39 (2004) (Law 60).

### IV

In the present case, the Court of Appeal upheld a judgment of the Court of First Instance dismissing the action on the grounds that our legal system does not provide a personal cause of action for retaliation. It determined that there was no claim for retaliation against **\*149** Mr. Rubert and Mr. Amaro and that, for that reason, the Court of First Instance acted correctly in dismissing Ms. Caballer Rivera's action.

The forum under appeal reached that conclusion after considering several labor laws invoked by Ms. Caballer Rivera. With regard to Law 115-1991, that forum concluded that it does not contain any provision imposing personal liability on the agents of an employer for acts of retaliation. This determination is consistent with the logic of *Santiago Nieves v. Braulio Agosto Motors*, supra.

However, the forum under appeal also ruled out that other labor laws—such as Laws 69 and 17—provide a personal cause of action for acts of retaliation. In so doing, the Court of Appeal interpreted on a limited basis the ruling in *Rosario v. Dist. Kikuet, Inc.*, supra, and reiterated that in that case this Court only granted that the direct perpetrator of sexual harassment acts could respond personally under those laws.

As discussed, a comprehensive and consistent reading of Laws 69 and 17, as well as our expressions in *Rosario v. Dist. Kikuet, Inc.*, supra, and *Santiago Nieves v. Braulio Agosto Motors*, supra, leads me to conclude that the Court of Appeals erred. Thus, I conclude that Laws 69 and 17 permit an action against an agent of the employer in their personal nature when he/she commits acts of retaliation and perpetuates the harm inflicted on the victim of sexual harassment and discrimination on the basis of sex. Consequently, Ms. Caballer Rivera must be able to bring an action against Mr. Rubert and Mr. Amaro under those laws and deserves her day in court to prove her claims. Since a Majority has decided to the contrary, I dissent. **\*150**

--O--

Dissenting opinion issued by Associate Justice Rivera García.

I disagree with the decision of the majority of the members of this Court because, as I pointed out in *Santiago Nieves v. Braulio Agosto Motors*, 197 DPR 369 (2017), after analyzing the provisions of Law 115-1991, the objectives of the laws of this nature did not allow to reach to this outcome. We have repeatedly recognized that labor laws, such as those we had to interpret on this occasion, "are remedial in nature and have an eminently social and remedial purpose." *Santiago Nieves v. Braulio Agosto Motors*, supra, p. 398 (dissenting and concurrent opinion of Associate Judge Mr Rivera García), referring to *Cordero Jiménez v. UPR*, 188 DPR 129, 139 (2013), and *Acevedo v.*

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

*PR Sun Oil Co.*, 145 DPR 752, 768 (1998). In that regard, we are obliged to make a liberal interpretation, in accordance with the principles on which those statutes are governed.

From *Rosario v. Dist. Kikuet, Inc., 151 DPR 634 (2000)*, before the reference to "employer", provided in several statutes related to labor laws, recognized that the definition of "employer" extended to the actual employer as to the direct author of the impeached conduct. Therefore, even though the law referred only to "employer", we argued that supervisors, officers, administrators and agents of the actual employer would also be liable. In other words, they were all immersed in the concept of 'employer' for the purpose of actions such as those in the present case. In fact, among other provisions, at that time we analyzed the definition of "employer" established in Law 69 of July 6, 1985, as amended, and Law 17 of April 22, 1988, as amended, to reach such a conclusion. **\*151**

## II

In light of the foregoing, I cannot agree with the decision issued by this Court. The truth is that it is a contradiction that the court's interpretation since its inception of the term "employer", as defined in Law 69 and Law 17, applicable in this case, includes the above-mentioned range of subjects, but subsequently limited liability by a restrictive interpretation that is contrary to the legislative intention clearly laid down in these statutes. I am convinced that the above-mentioned laws establish a cause of action, not only against the actual employer, but against supervisors, officers, administrators and agents of the actual employer on occasions when, as alleged in the present case, they engage in retaliatory acts when the employee complains about having been a victim of sexual harassment.

Consequently, I disagree and would have reversed the opinion under appeal.

| Footnotes | |
|---|---|
| | [1] Law 69 of July 6, 1985 (*29 P.R. Laws Ann. sec. 1321 et seq.*), known as the Law on Sex Discrimination in employment; Law 17 of April 22, 1988, *29 P.R. Laws Ann. sec. 155 et seq.*, known as the Law on Sexual Harassment in employment. |
| | [2] As far as affirmative duties are concerned, Law 69 imposes on the employer the duty to keep files for periods of two years in order to determine whether the employer has engaged in unlawful practice under the law. *29 P.R. Laws Ann. sec. 1335*. Law 69 also requires the employer to publish a compendium of the law itself on a visible site of the establishment. *29 P.R. Laws Ann. sec. 1339*. On the other hand, Law 17 imposes on the employer the duty to set out a policy against sexual harassment in employment, giving it sufficient publicity and establishing adequate and effective internal procedures to deal with claims of harassment. *29 P.R. Laws Ann. sec. 155i*. For a case imposing civil liability for non-compliance with these duties in the context of Law 17, see *Albino v. Ángel Martínez, Inc., 171 DPR 457 (2007)*. See also *Rosa Maisonet v. ASEM, 192 DPR 368, 382–383 (2015)* (discussing the affirmative duties provided for in Law 17). |

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

| | | |
|---|---|---|
| | [3] | See Joint Report of the S. B. 1437, 10th Legislative Assembly, 4th Ordinary Session (March 23, 1988), pp. 16–17 (referring to the cause of action for retaliation as a vital aspect to "lend effectiveness to [Law 17-1988] and ensure that the employer may not use coercion, intimidation or the financial need of the victim of sexual harassment, a witness or the person who tried to protect the victim to prevent action against the employer"). |
| | [4] | Law 69 defines *employer* as: "any natural or juridical person that employs laborers, workers or employees, and the chief, agent, official, manager, officer, managing partner, administrator, superintendent, foreman, overseer or representative of said natural or juridical person." (Emphasis added). 29 P.R. Laws Ann. sec. 1322(2). Law 17 defines the employer as "Any natural or legal person of any kind, the Government of the Commonwealth of Puerto Rico, including each of its three Branches and its instrumentalities or public corporations, municipal governments and any of its municipal instrumentalities or corporations which employ persons for any kind of compensation, for profit or non-profit purposes, and their agents and supervisors. It also includes labor unions and other organizations, groups or associations in which employees participate for the purpose of negotiating the terms and conditions of their employment with the employers, as well as employment agencies." (Emphasis added). 29 P.R. Laws Ann. sec. 155a(2). Law 115-1991, as amended, defines as "all employers alike, whether they are public or private employers, public corporations or any other denomination of employer that exists in the present or is created in the future, *any natural or legal person* of any kind, including the Government of the Commonwealth of Puerto Rico, its three Branches and their instrumentalities or public corporations, municipal governments and any of their municipal instrumentalities or corporations, which use people through any kind of compensation and their agents and supervisors. It also includes labor organizations and other private organizations, groups or associations in which employees participate for the purpose of negotiate with employers on terms and conditions of employment, as well as employment agencies". (Emphasis added). 29 P.R. Laws Ann. sec. 194(b). Law 100 of June 30, 1959 defines the *employer* as "*any natural or juridical] person employing la borers, workers or employees, and the chief, official, manager, officer, managing partner, administrator, superintendent, foreman, overseer, agent or representative of such natural or juridical] person. It shall include all such agencies or instrumentalities of the Government of Puerto Rico as may be operating as private businesses or enterprises*". (Emphasis added). 29 P.R. Laws Ann. sec. 151(2). |
| | [5] | See D.M. Helfeld, Labor Law, 70 (No. 2) Rev. Jur. UPR 447, 455 (2001) (discussing *Rosario v. Dist. Kikuet, Inc.*, 151 DPR 634 (2000)). |
| | [6] | See *Santiago Nieves v. Braulio Agosto Motors*, 197 DPR 369, 390 esc. 5 (2017) (assenting opinion in part and dissenting in part of Chief Justice Oronoz Rodríguez). |
| | [7] | The declaration of public policy in Law 69 refers to the importance of equality as the fundamental value of our society and its protection in the context of employment. 29 P.R. Laws Ann. sec. 1321. For its part, the public policy declaration of Law 17 classifies sexual harassment as a form of discrimination on the basis of sex that violates human dignity. 29 P.R. Laws Ann. sec. 155. |

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

| | | |
|---|---|---|
| | [8] | See, also, *Ortiz González v. Burger King de Puerto Rico et al.,* 189 DPR 1, 72 (2013) (Judgment), a conformity opinion of the Associate Judge Mr. Rivera García, who mentions that in *Rosario v. Dist. Kikuet, Inc.,* 151 DPR 634 (2000), it was decided that "the labor laws applicable to the dispute assigned employer responsibility, but did not exempt agents or supervisors from being personally liable for their actions". |
| | [9] | As I mentioned earlier, with regards to the comprehensive definition of the concept employer, it was interpreted that its purpose was to hold the employer to account vicariously for the actions of its agents. *Santiago Nieves v. Braulio Agosto Motors*, above, pg. 378–379. |
| | [10] | Id., 379–380 ("[T]he civil liability [in Law 17-1988] was not limited to the employer but extended to every person liable for the conduct in question"; "[T]he Art. 21 of Law 69 [...] expressly acknowledges that any person, employer or organization that violates its postulates will incur civil and criminal liability" [emphasis added]). |
| | [11] | See *Rosa Maisonet v. ASEM*, above, p. 383 (explaining that the public policy of Law 17 imposes a series of "necessary measures to fully comply with [legislative] mandate under penalty of sanctions"); *Cintrón v. Ritz Carlton,* 162 DPR 32, 37–38 (2004) (where it is interpreted that penalties under Law 69 extend to acts by retaliation, as said law, "like other labor laws, provides a compensation scheme for the employee when their employer incurs in any of the practices vetoed by it" [omitted scholium]). |
| | [12] | Majority opinion, p. 128. |
| | [13] | See *Santiago Nieves v. Braulio Agosto Motors*, above, p. 380 ("[T]he Art. 21 of Law 69 [...] expressly acknowledges that any person, employer or organization that violates its postulates will incur civil and criminal liability. This shows that when the Legislative Assembly has wished to extend civil liability beyond the employer it has expressly provided for such"). |
| | [14] | Majority opinion, p. 130. |
| | [15] | Id. |
| | [16] | R.E. Bernier Santiago and J.A. Cuevas Segarra, *Aprobación e interpretación de las leyes en Puerto Rico (Approval and Interpretation of Laws in Puerto Rico)*, 2nd ed., San Juan, Pubs. JTS, 1987, Vol. 1, p. 316. |

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.