IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS A. LASTRA CALDERÓN and YANIRA ROSARIO HUERTAS<br><br>　　　　Plaintiffs<br><br>　　　　v.<br><br>PRIMEFLIGHT AVIATION SERVICES INC.; FRONTIER AIRLINES, INC.; RODRIGO CALAPAQUI; PAOLA TORES; ASEGURADORAS ABC and XYZ<br><br>　　　　Defendants | **CIVIL NO.** 22-cv-01559<br><br>**RE**: Unjustified dismissal, age discrimination, retaliation damages |

**RESPONSE IN OPPOSITION TO PLAINTIFFS' REQUEST FOR REMAND AND IMPOSITION OF COSTS AND ATTORNEYS' FEES**

**TO THE HONORABLE COURT**:

**COMES NOW** Frontier Airlines, Inc. ("Frontier" or the "Company") and Paola Torres ("Torres") (collectively, the "Defendants"), by and through the undersigned counsel, without waiving any defenses, and respectfully state, allege and pray as follows:

On November 23, 2022, Defendants correctly removed the instant action from Puerto Rico State Court. See Dkt. No. 1. Plaintiffs now filed their "Opposition to Codefendant Paola Torres' 'Motion to Dismiss' (Docket #2) and Request for Remand with Imposition of Costs and Attorney's Fees" (the "Request for Remand") arguing therein that nothing from the face of the Complaint demonstrates that the non-diverse party, Torres, was fraudulently joined, that the Complaint states a valid claim against Torres and, accordingly, that this Court lacks subject matter jurisdiction. See Dkt. No. 16. Interestingly, Plaintiffs appear to be offended by our reference to the well-established doctrine of fraudulent joinder, yet then proceed to point fingers and assert that Defendants come

with "uncleaned hands", id. at 9, because they had fallen on a "procedural landmine," id. at 8. Of course, the procedural landmine was carefully placed by Plaintiffs, but that does not matter here. Moreover, Plaintiffs' counsel suggests they were willing to "open the gates to this very guarded forum" but assert that there was no federal jurisdiction, not even under federal question. *Request for Remand* at 1. This seems hard to grasp. Plaintiff could have easily asserted federal jurisdiction by including a claim under the Age Discrimination in Employment Act (ADEA), the federal equivalent of the age discrimination claim that they asserted in State Court under Law 100.[1] But all of this noise is inconsequential, and its only purpose is to serve as a distraction from the dispositive issue: Inexistence of a valid claim against Torres.

The Complaint fails to state a claim upon which relief can be granted against Torres because the alleged conduct does not give rise to individual liability under the invoked statute. See *Tendered Reply*, Dkt. No. 17-1. As such, Torres was fraudulently joined, and this Court may ignore her citizenship for purposes of exercising jurisdiction. As shown by Defendants' Answer to the Complaint, see Dkt. No. 3, there is clearly more than an objectively reasonable basis for seeking removal. Defendants know for a fact that Frontier is not a joint employer with PrimeFlight, that neither Frontier nor Torres had any direct role in supervising Lastra, and that neither Frontier nor Torres had any say in his demotion and/or termination, nor any other condition of employment, among several other facts fatal to the Complaint. Accordingly, this Honorable Court may exercise jurisdiction and the Request for Remand must be denied.

**A. Removal was appropriate under the doctrine of fraudulent joinder.**

Throughout their Request for Remand, Plaintiffs highlight the fact that the Puerto Rico State Court had entered a default judgment against Defendants under the Summary Proceedings of Act

---

[1] Law No. 100 of June 30, 2959, as amended, P.R. Laws Ann. tit. 29, §§ 149 *et seq.* ("Law 100").

2 prior to Defendants filing the Notice of Removal.[2] The reasons why Defendants decided to seek the neutral and uniform forum of the federal Courts through the avenues provided by statute and the doctrinal development of the courts is of no significance to the matter at hand; in fact, the reasons proposed by Plaintiffs emphasize, precisely, the strong public policy concerns underlying diversity of citizenship jurisdiction and the fraudulent joinder doctrine. It is important to note that Defendants, and codefendants as well, have asserted that neither Frontier nor Torres are proper defendants in this case, and neither should be subject to the Summary Proceedings of Act 2 since they are not employers under the statute. See Dkt. No. 1-3. As explained in greater detail elsewhere, see Dkt. Nos. 1, 17-1, the claims asserted against Torres are not supported by law nor fact, and her citizenship should be ignored for purposes of federal jurisdiction. Plaintiffs' Request for Remand should be denied.

**B. In the alternative, this Court should allow jurisdictional discovery before remanding.**

In some legal fields, it is fairly common for federal courts to allow discovery before remand, see, e.g., King v. Great Am. Chicken Corp., 903 F.3d 875, 881 (9th Cir. 2018), and in other fields and procedural backgrounds, it is not uncommon for the federal courts to grant limited jurisdictional discovery to the party asserting federal jurisdiction. See Negron-Torres v. Verizon Communs., Inc., 478 F.3d 19, 27 (1st Cir. 2007). Defendants were not Plaintiffs' employer and are not in possession of vital information regarding his employment; this Court very well knows that "as a practical matter it is never easy to prove a negative." Elkins v. United States, 364 U.S. 206, 218 (1960) (quoted in Hernandez-Lara v. Lyons, 10 F.4th 19, 31 (1st Cir. 2021)). Accordingly, and in the unlikely event that this Court is inclined to hold that remand is warranted, Defendants respectfully request leave to conduct limited jurisdictional discovery on Plaintiffs and

---

[2] Defendants incorporate by reference their extensive analysis and discussion on the basis for removal from the Notice of Removal filed before this Court. See Dkt. No. 1.

PrimeFlight in order to establish the existence of federal jurisdiction. It is important to note that Defendants' Motion to Dismiss is based exclusively on the Complaint's insufficient pleadings. Defendants have little doubt that the evidence they currently have available, such as Torres' own testimony, and documents and/or testimony detailing the true nature of the relationship between PrimeFlight and Frontier, in conjunction with discovery, will inevitably lead to summary dismissal of the claims against Torres *and* Frontier; an opportunity they will no longer have in State Court because of the "procedural landmine" manufactured by Plaintiffs.

**C. Defendants had and still have more than a reasonable basis to remove the case.**

In addition to seeking remand to State Court, Plaintiffs request the imposition of costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c) arguing that the removal was frivolous because Defendants "'lacked an objectively reasonable basis for seeking removal.'" See *Opposition* at 8 (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)). It stands to reason that, if there was an objectively reasonable basis, then fees should be denied. See id. As alleged elsewhere, see *Answer to the Complaint*, Dkt. No. 3, Defendants have *more* than and objectively reasonable factual basis for asserting that no individual liability exists as to Torres, and binding case law from Puerto Rico Supreme Court and persuasive holdings from sister courts within this district to support said proposition. Therefore, the imposition of costs and attorneys' fees should be denied.

**WHEREFORE**, Defendants respectfully requests that this Honorable Court deny Plaintiffs Request for Remand and the imposition of costs and attorneys' fees and, in the alternative, that it grant Defendants leave to conduct limited jurisdictional discovery.

Respectfully submitted.

In San Juan, Puerto Rico, this 30th day of December 2022.

WE HEREBY CERTIFY that on, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties through the CM/ECF system. Parties may access this filing through the Court's system.

**SCHUSTER LLC**
Attorneys for Defendants
PO Box 363128
San Juan, Puerto Rico 00936-3128
Telephone: (787) 765-4646
Telefax: (787) 765-4611

s/Anabel Rodríguez-Alonso
Anabel Rodríguez-Alonso
USDC PR No. 212509
arodriguez@salawpr.com


s/Daniel Limés-Rodriguez
Daniel Limés-Rodríguez
USDC PR No. 307505
dlimes@salawpr.com
